# United States District Court

DISTRICT OF WESTERN MASSACHUSETTS

Karl W. Schenker,
Plaintiff

V.

Paula Merra, et. al.,
Defendant

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

CASE NUMBER: 04cv30243-KPN

I, Karl W. Schenker, declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant      ☐ other

in the above–entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC. §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?:   ☒ Yes   ☐ No   (If "No" go to Part 2)

   If "Yes" state the place of your incarceration: Mass. Corr. Inst. at Shirley, medium, Harvard Rd., P.O. Box 1218, Shirley, MA 01464

   Are you employed at the institution? NO   Do you receive any payment from the institution? NO

   Have the institution fill out the Certificate portion of this affidavit and attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?   ☐ Yes   ☒ No

   a. If the answer is "Yes" state the amount of your take–home salary or wages and pay period and give the name and address of your employer.

   b. If the answer is "No" state the date of your last employment, the amount of your take–home salary or wages and pay period and the name and address of your last employer.
   Delaney House Restaurant, 413, 532-1800; 3 Country Club Rd., Holyoke, MA 01040
   Contact: Sue Boylston - Treasurer   Dates employed: June, 2002 - April, 2004

3. In the past 12 twelve months have your received any money from any of the following sources?

   a. Business, profession or other self-employment   ☐ Yes   ☒ No
   b. Rent payments, interest or dividends            ☐ Yes   ☒ No
   c. Pensions, annuities or life insurance payments  ☐ Yes   ☒ No
   d. Disability or workers compensation payments     ☐ Yes   ☒ No
   e. Gifts or inheritances                           ☒ Yes   ☐ No
   f. Any other sources                               ☐ Yes   ☒ No

   If the answer to any of the above is "Yes" describe each source of money and state the amount received and what you expect you will continue to receive. money from family. $15.00, $20.00, once every month or two. Contact at: 413-536-4646. Schenker residence.

4. Do you have **any** cash or checking or savings accounts?    ☐ Yes    ☒ No

   If "Yes" state the total amount. _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other valuable property?    ☐ Yes    ☒ No

   If "Yes" describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

   O , N/A

I declare under penalty of perjury that the above information is true and correct.

19, NOV, 2004
DATE

_____
SIGNATURE OF APPLICANT

## CERTIFICATE

(Incarcerated applicants only)
(To be completed by the institution of incarceration)

I certify that the applicant named herein has the sum of $ 5.06 _____ on account to his/her credit at (name of institution) MCI SHIRLEY _____ . I further certify that the applicant has the following securities to his/her credit: N/A _____

_____ . I further certify that during the past six months the applicant's average balance was $ VARIES _____ .

11-22-04
DATE

_____
SIGNATURE OF AUTHORIZED OFFICER

76 + 77

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MASSACHUSETTS



Civil Action No. 04-30243-KPN

```
*******************************
*                             *
* Karl W. Schenker,           *
* Plaintiff,                  *
*         Vs.                 *    CIVIL ACTION COMPLAINT,
*                             *    WITH DEMAND FOR TRIAL
* Paula Merra, et. al.,       *    BY COURT.
* Michael Carney,             *
* Defendants.                 *
*******************************
```

## JURISDICTION

01.  Wherefore, this Honorable Court does have jurisdiction over this Civil matter, Pursuant **TITLE 42 U.S.C. Section 1983.**

## PARTIES

02.  The Plaintiff Karl W. Schenker, ("herein after: plaintiff"), is lawfully committed prisoner of Mass. Dept. of Corr., in lawful care and custody of Massachusetts Correctional Institution at Shirley, Medium. Located at Harvard Road, P.O. Box 1218, in Town of Shirley, County of Middlesex, Commonwealth of Massachusetts 01464.

01.

03. The Defendant Paula Merra, ("herein after: defendant Merra"), et. al., os state actor as Chief law officer at Springfield, Massachusetts Police Department. Who does have an office located at 130 Pearl Street, in City ofSpringfield, County of Hampden, Commonwealth of Massachusetts 01104. The defendant Merra, is hereby sued in her individual and official capacity.

04. The Defendant Michael Carney, ("herein after: defendant Carney"), is state actor, as gay-liason/ Detective at Springfield, Massachusetts Police Department. Who does have an office located at 130  Pearl Street, in City of Springfield, County of Hampden, Commonwealth of Massachusetts 01104.

## CIVIL ACTION COMPLAINT

GROUND NUMBER - ONE:

05. On, 1, June, 2004, defendant Carney, in Mass. State Police Case/ Report, Number: 2004-109-0197, in Affidavit of Mark Garapollo, avers "Garapollo", about plaintiff:

> This detective told me that you need to get out of your apartment now. He told me that Karl, was perfectly capable of burning my house down while I slept. **SEE: EXHIBIT-001**, attached hereto and incorporated as reference as such herein.

02.

06.   Defendant Carney, impute's plaintiff to third party, "Garapollo", in public forum, of public bar. That plaintiff would act to commit hommicide upon Garapollo, while he slept.

GROUND NUMBER - TWO:

07.   The plaintiff reasserts and alleges paragraphs (1) through (6), above, herein Count Number One, to be true and correct, and are considered to be as set in full herein this Count.

08.   On, 7, July, 2004, in, Springfield, Superior Court Department, in, COM. Vs. Schenker, #: 95-1415. Plaintiff had violation of probation, "VOP" hearing. SEE: EXHIBIT-002, attached hereto and incorporated as reference as such herein.

09.   Plaintiff asserts his VOP hearing was for failure to report as directed and where abouts unknown.

10.   Plaintiff alleges, prior to his VOP hearing he was "limited purpose public figure". Due to criminal warrant for his arresst, was sought in County of Hampshire by South Hadley Mass., Police Department for crime of uttering, (M.G.L.A.c.267 ss.5).

03.

11. Plaintiff asserts, defendant Carney's remark, (exhibit-001), paragrapgh (5) herein. Was displayed orally in public forum in written averment, during his VOP , to numerous and respectable judicial officials, Probation personnel, and defense counsel.

12. Plaintiff alleges, that as result of defendant Carney's remark, made public in VOP, he was then viewed in scorn, and ridiculed contempt.

GROUND NUMBER - THREE:

13. The plaintiff reasserts and alleges paragraphs (1) through (12), in Count Number, One, & Two, are true and correct, and are considered to be as set forth as full herein this Count.

14. Plaintiff alleges, defendant Carney's remark, (exhibit-001). Was based on plaintiff's previous two criminal convictions in Springfield, Mass., for arson of two gay night clubs. SEE: EXHIBIT-003, attached hereto and incorporated as reference as such herein.

15. Defendant Carney, is a police officer and a gay man who does have residence in same city plaintiff committed arson to two gay night clubs, causing defendant Carney, to then possibily view plaintiff with ill will, scorn and contempt, hatred.

16. Plaintiff at no time during any and all times cited in his criminal record has he made attempt to commit homicide to another person as defendant Carney, otherwise slanders plaintiff with this remark.

17. Plaintiff asserts, on 15, October, 2004, via First Class U.S. Mail, he served defendant(s) Merra, and Carney with demand letter, requesting retraction of defendant Carney's averrment upon plaintiff. SEE: EXHIBIT 004, attached hereto and incorporated as reference as such herein.

18. Plaintiff asserts, as result of defendant Carney having made his remark about plaintiff in a gay bar room to Garapollo, and with other customer(s) around. He is then as also a gay man, perceived in loathment, ridiculed scorn. Causing plaintiff emotional duress.

## CAUSE OF ACTION

The plaintiff reasserts and alleges paragraphs (1) through (18) herein to be true and correct; and actions of named defendants herein violate, U.S. Const. Amend. 1,; Mass.Gen.L. Ch. 258 Section(s) 3,4,10.

## PRAYERS FOR RELIEF

Wherefore, plaintiff kindly prays this Honorable Court order relief against Defendants Merra, and Carney.

1. For, retraction of their defamatory remark upon plaintiff, and;

2. For, $75,000.00, each, for having caused emotional duress against plaintiff, since he will now be viewd with scorn, ridicule, hatred, and;

3. For, costs and fees of this Civil Action, and;

4. For any and all further relief this Court may deem just and proper.

## DEMAND FOR TRIAL BY COURT

The Plaintiff kindly demand Trial by Court against Defendants Merra, and Carney, on all issues so triable, pursuant, Fed. R. Civ. P. Rule 39(b).

## VERIFICATION

I, Karl W. Schenker, hereby verify statements made herein to be true and correct to best of my knowledge and belief, and any and all false statements of material fact shall be subjected to pains and penalties of perjury, this, 1 ,day, December, 2004.

Respectfully submitted by the Plaintiff,

Karl W. Schenker, Pro-Se
#W-83912
MCI-Shirley, Medium
Harvard Road
P.O. Box 1218
Shirley, MA 01464

06.

| Massachusetts State Police | | Franklin/Hampshire Detective Unit |
|---|---|---|
| Report of Investigation | UN... | Case Number: 2004-109-0197 |
| (continuation) | | Page 8 of 10 |
| Subject: Alleged Kidnapping | | |

I backed into my driveway like I always do. I remember thinking that the garage door doesn't lock and that If Karl was going to take my car, he was going to take my car. I also hoped that the car from CT next to mine might deter him.

I pushed the lock button and came upstairs. I debated if I should call the Springfield police or not. I was raised not to cry wolf unless your sure. I decided to let it be and didn't call. I ate, watched a little TV and went to bed. I was awake at 4:00 A.M. I looked out my window and the car was gone.

I know that the person was Karl's height, had Karl's walk, was wearing a red hat and mostly I recognized the duffle bag.

With the new Mayor in town they want to clear things up. There is a detective who is openly gay. He stopped in the Pub on Sunday and we were talking. He said you know...let me tell you something...what do you know about Karl. I told him that Karl was a relatively sober person who I have no reason to mistrust. This detective told me that you need to get out of your apartment and you need to get out of there now. He told me to believe him and that he knew extensively of Karl. He told me that Karl was using. He told me that Karl was perfectly capable of burning my house down while I slept.

On May 20th, Thursday, The detective who is in charge of the check thing

On May 20th Anthony called me between 11:00 and 12:00 noon. Apparently the previous night an officer Brooks from the NYC P.D. had called him and said that there was an Olan, Nolan, or Owen Mars who was injured while intoxicated and was in the St. Vincent Hospital. I bet Anthony that it was Karl.

The next day Anthony came into the Pub and I told him that there had been more than enough time for Karl to come back. I just had a premonition that it was going to get nasty.

I opened a brown folder that was Karl's. I found an electronic voucher or pay stub to someone who was named Sumner Stone who was apparently an employee or client of the Delaney House.

Karl never touched my second set of keys.

    Before leaving Mr. Garoppolo's residence I asked Mr. Garoppolo if he had ever seen Mr. Schenker with a blue/black type of mat. Mr. Garoppolo informed me that he knew what I was talking about. Mr. Garoppolo stated that he bought two blue/black mats recently for sunning himself. He had placed them in the trunk of his car. The description of the mats matched the one found where Mr. Schenker was allegedly tied up. Mr. Garoppolo stated that the only way Mr. Schenker could have gotten the mat was by going into his car trunk.

This Report is the Property of the Massachusetts State Police.
No part of this report may be distributed outside the agency to which it was provided.

EXHIBIT - 002

Probation Office | Commonwealth vs Karl Schenker (12/03/64)
Hampden Superior Court | Hampshire House of Correction
50 State Street | PO Box 7000, Northampton, MA 01061
Springfield, MA 01103

## NOTICE OF SURRENDER AND HEARING(S) FOR ALLEGED VIOLATION(S) OF PROBATION

You are hereby notified to appear in this Court at __9:30__ A.M. on __July 7, 2004__ for a hearing on a charge that you have violated the terms and conditions of your probation, imposed by this Court on __April 30, 1996__ on the following complaints (Docket Number(s) and Brief Description:

__#95-1415 Arson__

(Strike out (1) or (2) below, whichever is inapplicable).

~~(1) This hearing will be to determine whether there is probable cause to believe you have committed a violation of your probation. If the Court so finds, there will be a subsequent hearing on the issue of revocation and imposition of additional sanctions. If you wish, both hearings may be held at the same time. The same judge may not sit on both hearings unless you expressly agree thereto. In this particular case, you have a right to both hearings, but may waive the preliminary hearing if you wish.~~

(2) This hearing will be a **final hearing** on the issue of whether your probation shall be revoked and additional sanctions imposed.

You have the following rights:

(1) A right to legal counsel, and if you are unable to afford counsel, the Court will appoint counsel for you.

(2) A right to be confronted by the person alleging you have violated the terms of your probation and to cross-examine that person as well as any other persons who testify against you.

(3) A right to insist that all testimony be under oath.

(4) A right to remain silent and not to be prejudiced thereby.

(5) A right to testify on your own behalf, to produce witnesses and other evidence to support your denial of the alleged violation(s), or in a final revocation hearing to support the explanation or mitigation of any violation.

The notice of the alleged violation(s) of probation is as follows:

| Alleged Violation(s) | Date | Place |
|---|---|---|
| 1. Failure to report as directed | | Hampden Superior Court Probation |
| 2. Leaving the Commonwealth of Massachusetts without the express permission of the Probation Department | | |
| 3. Whereabouts unknown | | |

Do not fail to appear in Court at the time and place ordered above. You may then request a continuance if additional time is required to protect your rights.

Date __July 2, 2004__    Signature __Laura Pereira__
Laura E. Pereira, Probation Officer

**Assent to Immediate Hearing**

I, _____, having received the foregoing notice, hereby assent to an immediate hearing,
this _____ day of _____.

_____
Offender

cc: Atty. James Hammerschmith
ADA Brett Vottero

r12-7A

EXHIBIT -003

```
PCF   ADULT   RECO   INFORMATION AS OF 08/04/200        PAGE   1 OF   2
PRIM NAME: SCHENKER, KARL WILLIAM           DOB: 12/03/1964 PCF#: 611921
                                                                      DNA
   SEX: M  SS #: 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  MOTHER: DOROTHY SULLIVAN
                              FATHER: WILLIAM
   HOME ADDR :450 BELMONT AVENUE, SPFLD, MA           POB: HOLYOKE
   ZIP CODE  : 01108-

   ETHNICITY: WHITE           HGT: 602  WGT: 180  HAIR: BROWN        EYES: BROWN

DT: 11/21/1995 SPR CRT:    HAMPDEN SUPERIOR( 79)          DKT#       951415
OFFENSE: ARSON(ARSON)
DISPOSITION: 4/30/96 PROB 8/31/06 DF WAR D/R 7/7/04 VOP 1-3YR   STATUS: CLOSED
     CMTD

DT: 10/13/1995 SOU CRT:    NORTHAMPTON DISTRICT( 45)      DKT#    9545CR1051A
OFFENSE: LARCENY(LAR)                                    FIREARM
DISPOSITION: C 11/7/95 G 2YR SPS 1YR CMTD BAL SS 11/3/98 TERM  STATUS: CLOSED

DT: 07/26/1995 SPR CRT:    HAMPDEN SUPERIOR( 79)          DKT#       951414
OFFENSE: ARSON(ARSON)                                    BLDG
DISPOSITION: WAR 11/21/95 WAR REC 4/30/96 5YRS-5YRS 1DA CMTD   STATUS: CLOSED

DT: 05/24/1994 SOU CRT:    NORTHAMPTON DISTRICT( 45)      DKT#    9445CR1822A
OFFENSE: B&E DT W/I COM FEL(B&E DT W/I FEL)
DISPOSITION: C 7/1/94 G 2YR SPS 1YR CMTD BAL SS 7/7/96 VWF     STATUS: CLOSED
     REMIT VOP DF 10/13/95 D/R C 11/7/95 FOUND 1YR CMTD

DT: 05/24/1994 SOU CRT:    NORTHAMPTON DISTRICT( 45)      DKT#    9445CR1822B
OFFENSE: LARCENY MORE(LAR MORE)
DISPOSITION: C 7/1/94 G 2YR SPS 1YR CMTD BAL SS 7/7/96 VWF     STATUS: CLOSED
     REMIT VOP DF 10/13/95 D/R C 11/7/95 FOUND 1YR CMTD

DT: 03/02/1992 SOU CRT:    NORTHAMPTON DISTRICT( 45)      DKT#    9245CR944A
OFFENSE: LARCENY OF A MV(LAR MV)
DISPOSITION: C 3/20/92 G 2 1/2YR CMTD                          STATUS: CLOSED

DT: 03/02/1992 SOU CRT:    NORTHAMPTON DISTRICT( 45)      DKT#    9245CR944B
OFFENSE: BURNING(BRN)                                    PERS PROP
DISPOSITION: C 3/20/92 G 1YR SS 3/17/98 VOP 7/1/94 FOUND 1YR   STATUS: CLOSED
     CMTD

DT: 02/13/1992     CRT:    NORTHAMPTON DISTRICT( 45)      DKT#    9245CR707A
OFFENSE: OPER UND INFL OF LIQ(111A)
DISPOSITION: C 3/20/92 G 90DA CMTD                             STATUS: CLOSED

DT: 11/01/1988     CRT:    HAMPDEN SUPERIOR( 79)          DKT#       885594
OFFENSE: ARSON(ARSON)
DISPOSITION: 6/29/89 4-6 YRS CMTD                              STATUS: CLOSED

DT: 09/23/1988     CRT:    CHICOPEE DISTRICT( 20)         DKT#    8820CR1803A
OFFENSE: BURNING BUILDING(BRN BLDG)
DISPOSITION: C 11/4/88 DISM                                    STATUS: CLOSED
```

```
PCF    ADULT    RECO.  INFORMATION AS OF 08/04/200       PAGE    2 OF    2
PRIM NAME: SCHENKER, KARL WILLIAM          DOB: 12/03/1964 PCF#: 611921
                                                              DNA

DT: 02/06/1987      CRT:   NORTHAMPTON DISTRICT( 45)      DKT#      87CR323A
OFFENSE: BURNING DWELLING HOUSE(BRN DWL HO)           DWELL HOUSE
DISPOSITION: C 4/21/88 NP
                                                              STATUS: CLOSED


DT: 02/06/1987      CRT:   NORTHAMPTON DISTRICT( 45)      DKT#      87CR323B
OFFENSE: BURNING(BRN)                                 PERS PROP
DISPOSITION: C 4/21/87 NP
                                                              STATUS: CLOSED


DT: 06/13/1986      CRT:   HAMPSHIRE SUPERIOR( 80)        DKT#         86041
OFFENSE: BURNING BUILDING(BRN BLDG)
DISPOSITION: 10/30/86 3-5 YRS SS PROB 5 YRS,6/21/89 VOP 3-5    STATUS: CLOSED
         YRS MCI CJ IMPOSED


DT: 05/06/1986      CRT:   NORTHAMPTON DISTRICT( 45)      DKT#      8645CR2636
OFFENSE: BURNING BUILDING(BRN BLDG)
DISPOSITION: C 6/16/86 DISM INDICT
                                                              STATUS: CLOSED
```

EXHIBIT-004

Karl W. Schenker, #W83912
Massachusetts Correctional Institution at Concord
965 Elm Street, Concord, MA 01742

15, October, 2004.

Ms. Paula Merra,
Chief of Police
Springfield Police Department
Pearl Street
Springfield
MA
01104

LEGAL EXHIBIT

004A

re: GAY LIASON, OFFICER- Michael Karney,
MASS. STATE POLICE REPORT NO. 2004-109-0197

Dear Chief Merra,

Your attention is kindly demanded, concerning biased/slanderous remark, by Mr. Karney. In above-entitled case number:

ON PAGE #6, of Case Number: 2004-109-0197, officer Karney, affirms:

"Karl, would not hesitate to burn the apartment down, while you slept. You need to get out of that apartment tonight."

One, month ago I made written querry to Officer Karney, in this matter to no avail.

At any and all times, past and present. I have never acted in manner too commit act of homicide. As officer Karney does so allege. His remarks are unfounded, and of unsupported fact.

Ms. Merra, all I am seeking is letter of apology in this matter. Within sixty days from above-date of mailing. Failure to aver such letter, shall result in, formal complaint filed in United States District Court for western District of Massachusetts, under, TITLE 42 U.S.C.A. SS. 1983; against City of Springfield, Springfield Police Report, and officer Karney.

I look forward to your rebutal, it is greatly welcomed.
Thank you for your time.

Respectfully,

[signature]

Case 3:04-cv-30243-KPN    Document 1    Filed 12/01/2004    Page 17 of 17