FILED
IN CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT FOR  -8  P 2: 37
THE WESTERN DISTRICT OF MASSACHUSETTS

U.S. DISTRICT COURT
DISTRICT OF MASS

Civil Action Number: 04-30243-KPN


Karl W. Schenker,
Plaintiff,

Vs.

Paula Merra, et. al.,
Defendants.

---

## PLAINTIFF'S BRIEF, IN SUPPORT OF HIS CIVIL COMPLAINT

### CERTIFICATE OF INTERESTED PARTIES

---

The parties herein are the Plaintiff Karl W. Schenker, a lawfully committed prisoner of Massachusetts Dept. of Correction; and the Defendant(s), Paula Merra, and Michael Carney, who are state actors, as law enforcement officials for City of Springfield, Massachusetts Police Department.

Respectfully submitted by
the plaintiff,

Date: <u>01</u>, day, December, 2004.

Karl W. Schenker, Pro-Se
#W-83912
MCI-Shirley, Medium
Harvard Road
P. O. Box 1218
Shirley, MASS.
01464

TABLE OF CONTENTS

Page Number

01. CERTIFICATE OF INTERESTED PARTIES,.......... i.

02. TABLE OF CONTENTS,......................... ii.

03. TABLE OF AUTHORITIES,...................... iii., iv.

04. TABLE OF EXHIBITS,......................... v.

05. STATEMENT OF THE FACTS,.................... 1.

06. SUMMARY OF THE ARGUMENT,................... 4.

07. ARGUMENTS PRESENTED:

    I. Defense Libel's plaintiff in slanderous
       written remark in public forum, under,
       Landry Vs. Mier, 921 F. Supp. 880 (D.
       Mass. 1996),......................... 4.

08. VERIFICATION,.............................. 11.

09. SIGNATURE,................................. 11.

10. APPENDIX,.................................. vi.

    Appendix number - ONE:
        EXHIBIT-001, defendant Carney's
        remark, about plaintiff,............. vii.

    Appendix number - TWO:
        EXHIBIT-002, plaintiff's violation of
        probation hearing notice, in Com V.
        Schenker, No. 95-1415, Spfld. Sup.
        Ct. the Dept.,...................... viii.

    Appendix number - THREE:
        EXHIBIT - 003, plaintiff's past
        Massachusetts CRiminal record,........ ix.

    Appendix number - FOUR:
        EXHIBIT-004, plaintiff's letter of
        demand to Defendant(s) for retraction of
        their averrment upon plaintiff,....... x.

ii.

## TABLE OF AUTHORITIES

**CASE CITED**                                                    **PAGE NUMBER**

01. <u>Com. Vs. Schenker</u>, Docket No.(s) 95-1414/1415,
    Spfld., Sup. Ct. Dept.,..........................1,2,5.

02. <u>Mass. Gen. Law Ch. 266 Sec. 2</u>,..................2.

03. <u>Mass. Gen. Law Ch. 258 Section(s) 3,4,10</u>,........ii.

04. <u>Fed. R. Civ. P. Rule 39(b)</u>,......................ii.

05. <u>Title 42 U.S.C. Section 1983</u>,....................ii.

06. <u>Landry V. Mier</u>,
    921 F. Supp. 880 (D. Mass. 1996),...............4,6,9.

07. <u>Sullivan V. Choquette</u>,
    289 F. Supp. 780 (D. Mass. 1968 ),..............5.

08. <u>Shafir V. Steele</u>,
    727 N. E. 2d 1140, 431 Mass 365 (Mass. 2000),....5, 10.

09. <u>Ball V. Wal-Mart, Inc</u>,
    102 F. Supp. 2d 44 (D. Mass. 2000),.............5.

10. <u>Appleby V. Daily Hampshire Gazett</u>,
    478 N. E. 2d 721, 395 Mass. 32 (Mass. 1985),.....6.

11. <u>Sietins V. Joseph</u>,
    238 F. Supp. 2d 366 (D. Mass. 2003),............6,7, 10.

12. <u>Meany V. Dever</u>,
    170 F. Supp. 2d 46 (D. Mass. 2001),.............6.

13. <u>Flotech, Inc. V. E. I.  Du Ponte de Nemours & Co.</u>,
    814 F. 2d 775 C.A. ! (Mass.) 1987,..............6.

14. <u>Dorn V. Astra USA</u>,
    975 F. Supp. 2d 52 (D. Mass. 2002),.............7.

15. <u>Berad V. Town of Millville</u>,
    113 F. Supp. 2d 198 (D. Mass. 2000),............7,8,9.

16. <u>Scott V. Sulver Carbo Medics, Inc.</u>,
    141 F. Supp. 2d 159, 177 (D. Mass. 2001),........8.

17. <u>Rotkiewicz V. Sadowsky,</u>
    <u>730 N. E. 2d 283 (Mass. 2000),</u>.................. 8, 9.

18. <u>Martin V.  Roy,</u>
    <u>767 N. E. 2d 603, 54 Mass. App. Ct. 642,</u>
    (Mass. App. Ct. 2002),........................... 5, 9.

19. <u>Massachusetts School of Law at Andover V.</u>
    <u>American Bar Ass'n.,</u>
    <u>142 F. 3d 26 C. A. 1  (Mass.) 1998,</u>............... 10.

20. <u>United States Const. Amend. 1,</u>................... 10.

iv.

## TABLE OF EXHIBITS

<u>DESCRIPTION OF EXHIBIT</u>                              <u>PAGE NUMBER</u>

EXHIBIT-001:

    Defendant Carney's remark
    about plaintiff,......................1,3,4,5,6,8,9,10,
                                                   vii.

EXHIBIT-002:

    Plaintiff's Violation of Probation,
    "VOP", <u>Com. V. Schenker, 95-1415</u>,
    Spfld. Sup. Ct. Dept.,................1,6,8, viii.

EXHIBIT-003:

    Plaintiff's past criminal history,....2,3,5,7, ix.

EXHIBIT-004:

    Plaintiff's demand letter to
    defendant Carney,.....................3, x.

v.

## STATEMENT OF THE FACTS

01.    The Plaintiff Karl W. Schenker, is lawfully committed prisoner of Mass. Dept. of Corr., at Mass. Corr. Inst. at Shirley, Medium, in Shirley, Mass..

02.    The Defendant Paula Merra, is state actor, as Chief law officer at
        Spfld. Mass Police Department.

03.    The Defendant Michael Carney, is state actor as gay liason law officer at Spfld., Mass., Police Department.

04.    On, 1, June, 2004, in Mass. State Police Case/ Report No. 2004-109-0197, defendant Carney, in Affidavit of Mark Garapollo, affirms against plaintiff:

> "This detective told me that you need to get out of your apartment and you need to get out of there now. He told me that Karl, was perfectly capable of burning my house down while I slept."
>
> SEE: EXHIBIT-001, attached hereto
>
> in appendix.

05.    Affiant alleges, defendant Carney's remark, above, herein paragraph (4), implies  him in imputation of crime to commit attempted homicide on Garapollo.

06.    Affiant affirms, he was Mark Garapollo's former roomate at 2nd. Floor 450 Belmont Ave., Spfld., MA 01109.

07.    On, 7, July, 2004, in Spfld.Sup. Ct. Dept, in matter of, Com. V. Schenker, 95-1415, affiant had violation of probation hearing. SEE: EXHIBIT-002, attached hereto, in appendix.

08.    Affiant affirms his VOP
hearing was for whereabouts unknown
and failure to report as directed.


09.    In same matter on same day,
defendant Carney's remark, cited
above in paragraph (4) was orally
communicated to third party, from written
averrment in public forum to defense
counsel, judicial officials, probation
personnel.

10.    Defendant Carney, avers his
unsubstantiated remark, paragraph (4)
above. As result of affiant's previous
criminal convictions for burning two
City of Spfld., gay night clubs; in
same city same defendant is Police officer
and does hold residence as a  gay man.

11.    Affiant affirms, these criminal
matters  are of:

                a.) Com. V. Schenker, Docket No.
                    95-1414, Spfld. Sup. Ct.Dept.
                    arson, Mass.Gen.Law Ch.266
                    Sec.2; sentence imposed/
                    invoked: (5) yrs. &(1) day,
                    SEE: EXHIBIT-003, attached
                    hereto in appendix.

                    for arson of:
                    David's Night Club, 405
                    Dwight Street, Spfld., MA
                    01103.

                b.) Com. V. Schenker, Docket No.
                    95-1415, SPFLD.SUP.CT.DEPT.
                    arson, Mass.Gen.Law Ch.266
                    Sec.2; sentence imposed
                    (5) yrs. & (1) day susp. on
                    and after 95-1414. SEE: EXHIBIT
                    003, attached hereto in
                    appendix

                    for arson of:
                    Just FRiends Lounge
                    23 Hampden Street, Spfld.,
                    Mass. 01103.

12.    On, 15, October, 2004, via
First Class U.S. Mail, affiant served
defendants Paula Merra, and
Michael Carney, with demand letter
for retraction of their statement
against affiant. SEE: EXHIBIT-004,
attached hereto in appendix.

13.    Affiant affirms his criminal
record which he is not proud of.
Does cite nine previous criminal
convictions for offense of arson,
(EXHIBIT-003). AT NO TIME, during
any and all offense for arson or any
other criminal matter. He has never
caused, sought, injured, made attempt
to commit homicide, upon another
human being.

14.    Affint asserts, as result of
defendant Carney's remark, above herein
paragraph (4), he is seen in matter
of public scrutiny of scorn hatered
and contempt by the gay community
of Western Massachusetts.

15.    Affiant asserts, defendant Carney
when he  made remark to Mark Garapollo,
in public bar-room, above herein
paragraph (4), (Exhibit-001). Affiant
was slandered in a public forum, to
a third party.

03.

## SUMMARY OF THE ARGUMENT

Defendant Carney, a gay male, and Gay Liason to City
of Springfield, Mass., Police Department. Has libeled
plaintiff in slanderous written claim. In Massachusetts
State Police  Report case, (Exhibit-001). Upon which
impute's plaintiff in flase criminal construction in
offense of attempted homicide too plaintiff's former
roomate Mark Garapollo. In a public forum of plaintiff's
violation of probation, (VOP) hearing, (Exhibit-002),
for non related offense of arson, as Defendant Crney
would otherwise have a numerous and respectable class of
people view plaintiff with ridiculed contempt.

I. **DEFENSE LIBEL'S PLAINTIFF IN SLANDEROUS
WRITTEN PUBLICIZED CLAIM.**

01.    Under, **Landry  Vs. Mier**, 921 F. Supp. 880
**(D. Mass. 1996),** affirms:

> Common Law, conditional privilige from
> defamation claims for statements made by
> public officials while performing their
> official duties, may be abused either by
> unnecessary, and reasonable excessive
> publication of defamatory matter with
> actaul mailice.
> **(Exhibit-001),** published excessively
> during plaintiff's VOP hearing.

04.

Upon where defendant Carney, as gay liason to Springfield Police DEpt., in same city where plaintiff burned and later convicted for two gay night clubs. In criminal matters, of, **Com. Vs. Schenker**, Docket No. **95-1414/1415**, Springfield Superior Court Department would have an intent to cause malice towards plaintiff, **SEE: Martin Vs. Roy**, **767 N. E. 2d 603, 54 Mass. App. Ct. 642 (Mass. App. Ct. 2002):**

> Actaul malice is necessaryily proved, in
> defamation action, in terms of ill will,
> or hatred, but is proved rather by showing
> that the defamatory falsehood was published
> with knowledge that it was false, or with
> reckless disregard of whether it was false.

02.    Plaintiff avers, that when defendant Carney, made his remark, (Exhibit-001), against plaintiff. Same defendant, was in full knowledge that plaintiff was on probation, in, **Com. Vs. Schenker**, Docket No. **95-1415**, arson too gay night club, (exhibit-003). Thus giving an unfettered opinion, **SEE: Sullivan Vs. Choquette**, 289 F. Supp. 7ᴃ0 (D. Mass. 1968); plaintiff would act in construction of a crime to burn Garapollo out while he slept at night. **SEE: Shafir Vs. Steele**, 727 N. E. 2d 140, 431 Mass. 365 (Mass. 2000); also see: **Ball Vs. Wal-Mart, Inc.**, 102 F. Supp. 2d 44 (D. Mass. 2000):

05.

> Under Massachusetts Law, an actionable
> case of defamation is made out when a
> published communication about an
> individual, ridicules, or treats the
> plaintiff with contempt; words imputing
> a crime are defamatory per se, under
> Massachusetts Law.

**also see: Appleby Vs. Daily Hampshire Gazett**, 478

**N.E. 2d 721, 395 Mass. 32 (Mass. 1985)**

> generally republisher of statement in
> nature is subject to liability as if
> he had originally published it.

**also see: Flotech, Inc. Vs. E. I. Du  Ponte de Nemours**

**& Co.**, 814 F. 2d 775, C.A. 1 (Mass.) 1987

> publisher of statement may be liable for
> opinion  based on unstated or assumed facts

03.    Defendant Carney, as Springfiled Police, Gay

liason, in full knowledge that plaintiff was wanted

for VOPhearing, (Exhibit-002), in same jurisdiction,

as defendant was employed, **Landry V. Mier** 921 F. Supp.

880 (D. Mass. 1996); **also see: Sietins Vs. Joseph**,  238

F. Supp. 2d 366 (D. Mass. 2003), against plaintiff

knowing that his remark, (Exhibit-001). Presented to

third party of numerous and respectable class of

law  officials and judicial officila, **Meany Vs. Dever**,

170 F. Supp. 2d 46 (D. Mass. 2001).  Hence whom then

06.

would view plaintiff with ridiculed scorn as result of
defendant Crney being a law enforcement official to
influence same class of people, **SEE: <u>Dorn Vs. Astra</u>**
**<u>USA</u>, 975 F. Supp. 2d 52 (D. Mass. 2002)**

> To be published under Massachusetts Law,
> defamatory statement need only be heard by
> a third party; extrinsic facts must be
> aleged showing that a  third person other
> than the person libeled understood
> it to refer to him or her.

**04.**    Where upon same numerous and respecatble class
of people, plaintiff's probation officer, and defense
counsel, (i.e., third party). Very much aware of
plaintiff's past exstensive criminal history, (Exhibit-003)
**SEE: <u>Berad Vs. Town of Millville</u>, 113  F. Supp. 2d 198**
**(D. Mass. 2000),** thus same persons aware of plaintiff's
criminal record to have never included any and all acts
of bodily injury to another human being while in criminal
offense, **Mass.Gen. Law Ch. 266 Sec. 2**, arson, to a dwelling.
**SEE: <u>Sietins Vs. Joseph</u>, 238 F. Supp. 2d 366 (D. Mass. 2003)**

> Under Massachusetts Law, relation to
> defamation charges of a crime are slanderous
> and actionable per se with out proof of
> special damages.

07.

05.      Plaintiff avers,  the tort of libel is demonstrated
by the publication of defamatory  matter by printed or
written means, Such as plaintiff's criminal record, and
defendant Carney's averrment in his VOP hearing, (Exhibit-
001/002). **SEE: <u>Scott Vs. Sulzer Carbo Medics, Inc.</u>,**  141
**F. Supp. 2d 159 (D. Mass. 2001).** Which plaintiff demonstrates,
since he has never attempted to injure another human being
by attempt of homicide. Defendant Carney's remark, (Exhibit-001)
is only of assumed opinion. **SEE: <u>Berad Vs. Town of Millville</u>,**
**113 F. Supp. 2d 198 (D. Mass. 2000)**

> an opinion that is not based on disclosed or
> assumed facts and that therefore implies
> undisclosed facts on which the opinion is
> based is not a  'pure' opinion; such a mixed
> opinion is actionable under Massachusets
> Law, if it may reasonably be understood to
> imply underlying defamatory facts about the
> plaintiff.

**<u>also</u> <u>see</u>: <u>Rotkiewicz Vs. Sadowsky</u>, 730 N. E. 2d 283**
**(Mass. 2000); <u>also</u>  <u>see</u>: <u>Scott Vs. Sulzer Carbomedics, Inc</u>,**
**at 177:**

> to maintain an action for slander; one must
> prove that a false assertion of fact specifically
> identifying him was communicated to a third
> party **SEE:** Garapollo's affidavit, (Exhibit-001)

**06.**    Furthermore, Garapollo, as a gay man, and

plaintiff's former roomate prior too plazintiff's

current state of imprisonment, is profound conjecture

to defendant Carney's remark, (Exhibit-001), **Martin**

**Vs. Roy**, 767 N. E. 2d 603, 54 Mass App. Ct. 642 (Mass.

App. Ct. 2002), would cause bodily injury to Garapollo.

Even if defendant Carney made mistake is his remark,

(Exhibit-001), as assumed it later too be an opinuated

mistake, would still cause slander upon the plaintiff.

**SEE: Berad Vs. Town of Millville**, 113 F. Supp. 2d 198

**(D. Mass. 2003)**

> Police Chief's statement that dispatcher
> made a "mistake" could be viewed as
> giving rise to actionable  slander claim
> under Massachusetts Law; since statement
> could be interpreted to imply that the
> dispatcher failed to follow proper procedure
> while performing his job.

The same could be construde for defendant Carney's remark

(exhibit-001), as a police officer, **Landry Vs. Mier**, 921

**F. Supp. 880 (D. Mass. 1996)**, and liason to gay community

as a gay man. Same defendant even if he made mistake

could influence his assumed opinion about plaintiff

as result of his position in Springfield, Massachusetts

Police Department. **SEE: Rotkiewicz Vs. Sadowsky**, 730

N. E. 2d 283 (Mass. 2000)

a police officer is a public official.
who may not recover in defamation
action based on statement related to
his official conduct, absent showing that
statement was made with actual malice,
**U.S. Const. Amed. 1**, **U.S.C.A. 1.**


07.    Thus defendant Carney's remark, (Exhibit-001),
was made in manner too discredit plaintiff with false
imputation of a crime, **SEE:** **Massachusetts School of Law
at Andover, Inc. Vs. American Bar Ass'n**, 142 F. 3d 26
C.A.1 (Mass.) 1998; **also** **see:** **Sietins Vs. Joseph**, 238
F. Supp. 2d 366 (D. Mass. 2003); **Shafer Vs. Steele**, 727
N. E. 2d 1140, **(Mass. 2000).** Now that plaintiff is viewed
in ridiculed scorn, of contempt and hatred by gay
community at large and respectable and numerous class
of judicial officials  (i.e. plaintiff's Spfld. Sup. Ct.
Probation Officer).

10.

## VERIFICATION

I, Karl W. Schenker, hereby verify the statements made herein to be true and correct to best of my knowledge and belief, and any false statement of material fact shall be subjected to pains and penalties of perjury, this, _l_ ,day, December, 2004.

## SIGNATURE

Respectfully submitted by the Plaintiff,

Karl W. Schenker, Pro-Se
#W-83912
MCI-Shirley-Medium
Harvard Road
P.O. Box 1218
Shirley
Massachusetts
01464

11.

**APPENDIX**

vi.

Statement of Mark J. GAROPPOLO DOB 04-09-1958          *EXHIBIT - 001*
May 24th, 2004
Statements as told to and typed by Tpr. Michael C. Barrett, and Tpr. Dacyczyn

I pushed the lock button and came upstairs. I debated if I should call the Springfield police or not. I was raised not to cry wolf unless your sure. I decided to let it be and didn't call. I ate, watched a little TV and went to bed. I was awake at 4:00 A.M. I looked out my window and the car was gone.

I know that the person was Karl's height, had Karl's walk, was wearing a red hat and mostly I recognized the duffle bag.

With the new Mayor in town they want to clear things up. There is a detective who is openly gay. He stopped in the Pub on Sunday and we were talking. He said you know...let me tell you something...what do you know about Karl. I told him that Karl was a relatively sober person who I have no reason to mistrust. This detective told me that you need to get out of your apartment and you need to get out of there now. He told me to believe him and that he knew extensively of Karl. He told me that Karl was using. He told me that Karl was perfectly capable of burning my house down while I slept.

On May 20th, Thursday, The detective who is in charge of the check thing

On May 20th Anthony called me between 11:00 and 12:00 noon. Apparently the previous night an officer Brooks from the NYC P.D. had called him and said that there was an Olan, Nolan, or Owen Mars who was injured while intoxicated and was in the St. Vincent Hospital. I bet Anthony that it was Karl.

The next day Anthony came into the Pub and I told him that there had been more than enough time for Karl to come back. I just had a premonition that it was going to get nasty.

I opened a brown folder that was Karl's. I found an electronic voucher or pay stub to someone who was named Sumner Stone who was apparently an employee or client of the Delaney House.

Karl never touched my second set of keys.

THIS PROBATION FILE INCLUDES PERSONAL &
CONFIDENTIAL MATTER WHICH IF DISCLOSED TO
UNAUTHORIZED PERSONNEL WILL VIOLATE DEFENDANT
PRIVACY RIGHTS AND THAT OF A THIRD PARTY.

5/25/04

EXHIBIT-002

viii.

Probation Office
Hampden Superior Court
50 State Street
Springfield, MA 01103                                    COMMONWEALTH of Karl Fahrenholz (12/63/64)
                                                          Hampshire House of Correction
                                                          PO Box 7000, Northampton, MA 01061

## NOTICE OF SURRENDER AND HEARING(S) FOR ALLEGED VIOLATION(S) OF PROBATION

You are hereby notified to appear in this Court at __9:30__ A.M. on __July 7, 2004__ for a hearing on a charge that you have violated the terms and conditions of your probation, imposed by this Court on __April 30, 1996__ on the following complaints (Docket Number(s) and Brief Description:

__#95-1415 Arson__

(Strike out (1) or (2) below, whichever is inapplicable).

~~(1)  This hearing will be to determine whether there is probable cause to believe you have committed a violation of your probation.  If the Court so finds, there will be a subsequent hearing on the issue of revocation and imposition of additional sanctions.  If you wish, both hearings may be held at the same time.  The same judge may not sit on both hearings unless you expressly agree thereto.  In this particular case, you have a right to both hearings, but may waive the preliminary hearing if you wish.~~

(2)    This hearing will be a **final hearing** on the issue of whether your probation shall be revoked and additional sanctions imposed.

You have the following rights:

(1)    A right to legal counsel, and if you are unable to afford counsel, the Court will appoint counsel for you.

(2)    A right to be confronted by the person alleging you have violated the terms of your probation and to cross-examine that person as well as any other persons who testify against you.

(3)    A right to insist that all testimony be under oath .

(4)    A right to remain silent and not to be prejudiced thereby.

(5)    A right to testify on your own behalf, to produce witnesses and other evidence to support your denial of the alleged violation(s), or in a final revocation hearing to support the explanation or mitigation of any violation.

The notice of the alleged violation(s) of probation is as follows:

| Alleged Violation(s) | Date | Place |
|---|---|---|
| 1. **Failure to report as directed** | | Hampden Superior Court Probation |
| 2. **Leaving the Commonwealth of Massachusetts without the express permission of the Probation Department** | | |
| 3. **Whereabouts unknown** | | |

Do not fail to appear in Court at the time and place ordered above.  You may then request a continuance if additional time is required to protect your rights.

Date __July 2, 2004__                         Signature _Laura Pereira_
                                              Laura E. Pereira, Probation Officer

### Assent to Immediate Hearing

I, _____, having received the foregoing notice, hereby assent to an immediate hearing,
this _____ day of _____.

                                              _____
                                              Offender

cc: Atty. James Hammerschmith
    ADA Brett Vottero

P12-7A

**EXHIBIT-003**

iX.

PRIM NAME:. SCHENKER, KARL WILLIAM     DOB: 12/03/1964 PCF#: 611921

DNA

SEX: M  SS #: 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 MOTHER: DOROTHY SULLIVAN
                     FATHER: WILLIAM
HOME ADDR :450 BELMONT AVENUE, SPFLD, MA     POB: HOLYOKE
ZIP CODE : 01108-

ETHNICITY: WHITE        HGT: 602  WGT: 180  HAIR: BROWN        EYES: BROWN

DT: 11/21/1995 SPR CRT:  HAMPDEN SUPERIOR( 79)         DKT#      951415
OFFENSE: ARSON(ARSON)
DISPOSITION: 4/30/96 PROB 8/31/06 DF WAR D/R 7/7/04 VOP 1-3YR   STATUS: CLOSED
            CMTD

DT: 10/13/1995 SOU CRT:  NORTHAMPTON DISTRICT( 45)     DKT#  9545CR105.A
OFFENSE: LARCENY(LAR)                                  FIREARM
DISPOSITION: C 11/7/95 G 2YR SPS 1YR CMTD BAL SS 11/3/98 TERM   STATUS: CLOSED

DT: 07/26/1995 SPR CRT:  HAMPDEN SUPERIOR( 79)         DKT#      951414
OFFENSE: ARSON(ARSON)                                  BLDG
DISPOSITION: WAR 11/21/95 WAR REC 4/30/96 5YRS-5YRS 1DA CMTD   STATUS: CLOSED

DT: 05/24/1994 SOU CRT:  NORTHAMPTON DISTRICT( 45)     DKT#  9445CR1822A
OFFENSE: B&E DT W/I COM FEL(B&E DT W/I FEL)
DISPOSITION: C 7/1/94 G 2YR SPS 1YR CMTD BAL SS 7/7/96 VWF   STATUS: CLOSED
            REMIT VOP DF 10/13/95 D/R C 11/7/95 FOUND 1YR CMTD

DT: 05/24/1994 SOU CRT:  NORTHAMPTON DISTRICT( 45)     DKT#  9445CR1822B
OFFENSE: LARCENY MORE(LAR MORE)
DISPOSITION: C 7/1/94 G 2YR SPS 1YR CMTD BAL SS 7/7/96 VWF   STATUS: CLOSED
            REMIT VOP DF 10/13/95 D/R C 11/7/95 FOUND 1YR CMTD

DT: 03/02/1992 SOU CRT:  NORTHAMPTON DISTRICT( 45)     DKT#  9245CR944A
OFFENSE: LARCENY OF A MV(LAR MV)
DISPOSITION: C 3/20/92 G 2 1/2YR CMTD                  STATUS: CLOSED

DT: 03/02/1992 SOU CRT:  NORTHAMPTON DISTRICT( 45)     DKT#  9245CR944B
OFFENSE: BURNING(BRN)                                  PERS PROP
DISPOSITION: C 3/20/92 G 1YR SS 3/17/98 VOP 7/1/94 FOUND 1YR   STATUS: CLOSED
            CMTD

DT: 02/13/1992    CRT:  NORTHAMPTON DISTRICT( 45)     DKT#  9245CR707A
OFFENSE: OPER UND INFL OF LIQ(111A)
DISPOSITION: C 3/20/92 G 90DA CMTD                     STATUS: CLOSED

DT: 11/01/1988    CRT:  HAMPDEN SUPERIOR( 79)         DKT#      885594
OFFENSE: ARSON(ARSON)
DISPOSITION: 6/29/89 4-6 YRS CMTD                      STATUS: CLOSED

DT: 09/23/1988    CRT:  CHICOPEE DISTRICT( 20)        DKT#  8820CR1803A
OFFENSE: BURNING BUILDING(BRN BLDG)
DISPOSITION: C 11/4/88 DISM                            STATUS: CLOSED

PRIM NAME: SCHENKER, KARL WILLIAM      DOB: 12/03/1964 PCF#: 611921

DNA

DT: 02/06/1987     CRT:   NORTHAMPTON DISTRICT( 45)          DKT#        87CR323A
OFFENSE: BURNING DWELLING HOUSE(BRN DWL HO)               DWELL HOUSE
DISPOSITION: C 4/21/88 NP                                              STATUS: CLOSED


DT: 02/06/1987     CRT:   NORTHAMPTON DISTRICT( 45)          DKT#        87CR323B
OFFENSE: BURNING(BRN)                                        PERS PROP
DISPOSITION: C 4/21/87 NP                                              STATUS: CLOSED


DT: 06/13/1986     CRT:   HAMPSHIRE SUPERIOR( 80)           DKT#         86041
OFFENSE: BURNING BUILDING(BRN BLDG)
DISPOSITION: 10/30/86 3-5 YRS SS PROB 5 YRS,6/21/89 VOP 3-5   STATUS: CLOSED
         YRS MCI CJ IMPOSED

DT: 05/06/1986     CRT:   NORTHAMPTON DISTRICT( 45)          DKT#     8645CR2616
OFFENSE: BURNING BUILDING(BRN BLDG)
DISPOSITION: C 6/16/86 DISM INDICT                                    STATUS: CLOSED

EXHIBIT-004

K.

Karl W. Schenker, #W63912
Massachusetts Correctional Institution at Concord
965 Elm Street, Concord, MA 01742

<u>15</u>, October, 2004.

Ms Paula Merra,
Chief of Police
Springfield Police Department
Pearl Street
Springfield
MA
01104

<u>LEGAL EXHIBIT</u>

<u>004A</u>

re: GAY LIASON, OFFICER- Michael Karney,
MASS. STATE POLICE REPORT NO. <u>2004-109-0197</u>

Dear Chief Merra,

Your attention is kindly demanded, concerning biased/slanderous remark, by Mr. Karney. In above-entitled case number:

<u>ON PAGE #8</u>, of Case Number: 2004-109-0197, officer Karney, affirms:

"Karl, would not hesitate to burn the apartment down while you slept. You need to get out of that apartment tonight."

One, month ago I made written querry to officer Karney, in this matter to no avail.

At any and all times, past and present. I have never acted in manner too commit act of homicide. As officer Karney does so allege. His remarks are unfounded, and of unsupported fact.

Ms. Merra, all I am seeking is letter of apology in this matter. within sixty days from above-date of mailing. Failure to aver such letter, shall result in, formal complaint filed in United States District Court for western District of Massachusetts, under, <u>TITLE 42 U.S.C.A. SS. 1983</u>; against city of Springfield, Springfield Police Report, and officer Karney.

I look forward to your rebutal, it is greatly welcomed. Thank you for your time.

Respectfully,