UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30243-KPN

| | |
|---|---|
| KARL W. SCHENKER )<br>Plaintiff )<br>)<br>v. )<br>)<br>PAULA MEARA and )<br>MICHAEL CARNEY )<br>Defendants ) | ANSWER OF DEFENDANTS PAULA MEARA and MICHAEL CARNEY |

Now come the Defendants **PAULA MEARA and MICHAEL CARNEY** and answer each and every allegation contained in the Plaintiff's Complaint as follows:

## JURISDICTION

1. The Defendants deny the allegations contained in paragraph 1 of the Complaint.

## PARTIES

2. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph 2 of the Complaint.

3. The Defendants admit the allegations that allege Defednat Meara is a "state actor" as "Chief" but have insufficient knowledge to either admit or deny the balance of the allegations contained in paragraph 3 of the Complaint.

4. The Defendants admit the allegations contained in paragraph 4 of the Complaint.

## Civil Action Complaint – Ground Number – One:

5. The Defendants states that the document referred to speaks for itself and no further answer is required.

6. The Defendants deny the allegations contained in paragraph 6 of the Complaint.

## Gound Number - Two

7. The defendants repeat, reallege and incorporate by reference their answers as set forth in paragraphs 1 through 6 above.

46517

8. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph 8 of the Complaint and state that the document referred to speaks for itself.

9. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph 9 of the Complaint and state that the document referred to speaks for itself.

10. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph 10 of the Complaint.

11. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph 11 of the Complaint.

12. The Defendants deny the allegations contained in paragraph 12 of the Complaint.

## Ground Number - Three

13. The defendants repeat, reallege and incorporate by reference their answers as set forth in paragraphs 1 through 12 above.

14. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph 14 of the Complaint and state that the document referred to speaks for itself.

15. The Defendants admit that Defendant Carney is a police officer and a gay man who has a residence in Springfield, but deny the balance of the allegation contained in paragraph 15.

16. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph 16 of the Complaint.

17. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph 14 of the Complaint and state that the document referred to speaks for itself.

18. The Defendants deny the allegations contained in paragraph 18 of the Complaint.

## CAUSE OF ACTION

19. The defendants repeat, reallege and incorporate by reference their answers as set forth in paragraphs 1 through 18 above.

46517

**WHEREFORE, Defendants respectfully:**

Deny that Plaintiff is entitled to any award of damages, and request that the relief sought be denied and the Complaint be dismissed.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of the Complaint.

### SECOND DEFENSE

The Plaintiff failed to comply with statutory requirements contained in G.L. c. 258.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief requested can be granted.

### FOURTH DEFENSE

The Defendants reserve the right to recover costs and attorneys fees in the event that the above action is found frivolous or in bad faith.

### FIFTH DEFENSE

The alleged actions of the Defendants were neither the proximate nor the actual cause of any damages suffered by the Plaintiff.

### SIXTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Defendants as no custom or official policy of the municipality caused a violation of the Plaintiff's civil rights.

### SEVENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the Defendants, as the conduct did not amount to a reckless disregard or deliberate

46517

indifference to the civil rights of inhabitants within the City.

**EIGHTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against the Defendants, as liability cannot be imposed on the grounds of *respondeat superior.*

**NINTH DEFENSE**

The Plaintiff cannot recover against the municipality, as the alleged actions of the public employees are exempt from the provisions of the Tort Claims Act under chapter 258 10.

**TENTH DEFENSE**

The Defendants answer that at all times they acted reasonably, within the scope of official discretion and with a good faith belief that the actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Complaint which bear on state or federal law question.

**ELEVENTH DEFENSE**

The Plaintiff is barred from recovery because this action has not been brought within the time specified by law.

**TWELVTH DEFENSE**

The Plaintiff is collaterally estopped from recovery.

**THIRTEENTH DEFENSE**

The Plaintiff is barred from recovery by *res judicata.*

**FOURTEENTH DEFENSE**

Based on information and belief, the Defendants' actions were objectively reasonable in light of the facts and circumstances and existing law without regard to underlying intent

46517

or motivation.

**FIFTEENTH DEFENSE**

The actions alleged in the Complaint, if found to be violative of any laws, were not taken pursuant to any policy or custom promulgated by the final policy making authority of the City of Springfield.

**SIXTEENTH DEFENSE**

The plaintiff has failed to exhaust administrative remedies.

**SEVENTEENTH DEFENSE**

The injury to plaintiff, if any, was caused by an act or omission of a third party other than a person for whom the Defendants are responsible.

**EIGHTEENTH DEFENSE**

The defendants were justified in their conduct and acts, and therefore not liable to the plaintiff as alleged in the complaint.

**NINETEENTH DEFENSE**

The claims are barred due to qualified, absolute, and or legislative or other immunity or privilege.

**TWENTIETH DEFENSE**

Any claim is based upon an act or omission for which liability does not attach under the provisions of G.L. c. 258, section 10 (a) through (j).

**TWENTY-FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. 1983 against the Defendant as the conduct alleged in the Complaint does not involve any particular right arising under the United States Constitution but merely seeks vindication

46517

for alleged violations of state law.

**TWENTY-SECOND DEFENSE**

The Complaint should be dismissed due to insufficiency of process and/or insufficiency of service of process.

**TWENTY-THIRD DEFENSE**

Any publication was fair comment, criticisms and discussions, made in good faith and without malice, upon matters of public interest and general concern, upon public officials, and upon the public and other conduct and acts of public officials in which the public had an interest, and, as such, said words were privileged.

**TWENTY-FOURTH DEFENSE**

Any statements made by the defendant were made by in furtherance of official duties and within the scope of authority, and said statements were made in good faith, without malice, and while the defendant was under a duty to make them.

**TWENTY-FIFTH DEFENSE**

Any written or spoken words were contained in a private correspondence or conversation, and the defendant denies that it in any way published the words, or any part thereof and if the words were published at all, such words were published by or through the plaintiff and not otherwise.

**TWENTY-SIXTH DEFENSE**

If any words were spoken or written and published as alleged, said words were true, and, therefore, justified, and were said in the bona fide performance of a duty owed to the person to whom they were spoken or written, and to a person having a proper interest in the subject matter thereof and in response to inquiries therefore, and as to the subject

46517

thereof by such person, and were privileged and constituted a privileged communication without malice.

**THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

THE DEFENDANTS
PAULA MEARA and
MICHAEL CARNEY

By, _____
Edward M. Pikula, Esq.
Associate City Solicitor
BBO# 399770
Law Department
36 Court Street
Springfield, MA 01103
(413) 787-6085
Fax: (413) 787-6173

## CERTIFICATE OF SERVICE

Karl W. Schenker
#W-82912
Massachusetts Correctional Institution at Shirley, Medium
Harvard Road
P.B. Box 1218
Shirley, MA 01464

I, Edward M. Pikula, hereby certify that I caused a copy of the foregoing document to be delivered to the above named, this 31st day of March, 2005.

_____
Edward M. Pikula, Esq.

46517