&

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN SECTION OF MASSACHUSETTS

Civil No. 3:04-cv-30243-KPN.


Karl W. Schenker,
Plaintiff,


Vs.

Paula Merra, et. al.,
Defendants.

## PLAINTIFF'S OPPOSITION BRIEF, TO RESPONSE OF DEFENSE

### CERTIFICATE OF INTERESTED PARTIES


The parties herein are the Plaintiff Karl W. Schenker, and the Defendant(s) Paula Merra, and Michael Carney, state actors, as law enforcement officers for City of Springfield Mass. Police Department.


Respectfully submitted by the
Plaintiff,

Date: _23_, April, 2005

Karl W. Schenker, Pro-Se
W-83912
C. C. C.
1 Administration Road
Bridgewater, MA 02324

## TABLE OF CONTENTS

PAGE NUMBER

01. CERTIFICATE OF INTERESTED PARTIES,.... i.

02. TABLE OF CONTENTS,.................... ii.,iii.,iv.

03. TABLE OF AUTHORITIES,................. v, vi., vii.

04. TABLE OF EXHIBITS,.................... viii.

05. STATEMENT OF THE FACTS,............... 01.

06. PLAINTIFF'S OPPOSITION TO DEFENSE
    RESPONSE TO  HIS CIVIL COMPLAINT,
    WITH RENEWED DEMAND FOR TRIAL
    BY COURT,............................ 02.

07. SUMMARY OF THE ARGUMENT,............. 08.

08. ARGUMENTS PRESENTED:

    I. DEFENSE VIOLATES, U.S.C.A. CONST.
       AMEND. 1, IN COMMISSION OF
       LIBEL AGAINST PLAINTIFF,........... 08.

       A. Under, Libra V. City of
          Litchfield, Ill., 893 F.Supp.
          1370 (C.D.Ill. 1995), defense
          has no evidence to support its
          allegations against plaintiff,.. 08.

    II. DEFENSE LIBEL'S PLAINTIFF IN
        MALICOUS PROSECUTION,............. 14.

        A. Under, Arum V. Miller, 273
           F.Supp. 2d 230 (E.D.N.Y.
           2003), defense acts in
           malicous prosecution of
           plaintiff,...................... 14.

ii.

B. Under, <u>Time, Inc. V. Firestone</u>,
   96 S. Ct. 958, 960 (1976),
   DEFENSE ACTS IN  MALICE
   TOWARDS PLAINTIFF,............. 15.

C. Under, <u>Lohrenz V. Donnelly</u>,
   223 F. Supp. 2d 25,27,28 (D.D.
   C. 2002), plaintiff alleges he
   was limited purpose public
   figure when libeled by defense,. 18.

III. DEFENSE AS MATTER OF LAW IS NOT
     ENTITLED TO QUAILIFIED IMMUNITY
     UNDER FAIR REPORT  PRIVILIGE, &
     DEFAMTION CLAIM ACT,............... 25.

   A. Under, <u>Yohe V. Nugent</u>, 321 F.3d
      35 (1st. Cir. 2003), defense is
      not entitled to fair report
      privilige,...................... 25.

09. CONCLUSION,........................... 28.

10. PLAINTIFF'S AFFIDAVIT IN SUPPORT,..... 29.

11. VERIFICATION & SIGNATURE,............. 29.

12. <u>APPENDIX</u>:

   <u>I. EXHIBIT(s), CITED</u>:

      a.) <u>EXHIBIT-001</u>:
          Defendant Carney's false
          remark about plaintiff,..... iX.

b.)  EXHIBIT-002:
     Plaintiff's Violation of
     Probation,................... x.

c.)  EXHIBIT-003:
     Plaintiff's Mass. Criminal
     Record,..................... xi.

II. PLEADING(S), FILED & SERVED:

     a.)  Plaintiff's Civil Complaint,. xii.

     b.)  Defense Counsel for defendant(s)
          Merra, & Carney, response to
          plaintiff's complaint,....... xiii.

     c.) Proof of process,............. xiv.

     d.) Plaintiff's request for
         default, agianst defendant(s):

         i. Paula Merra,.............. xv.

         ii. MIchael Carney,.......... xv.

iv.

<u>TABLE OF AUTHORITIES</u>

<u>CASE CITED:</u>                           <u>PAGE NUMBER</u>

01. <u>U.S.C.A. CONST. AMEND. 1</u>,............ iii., v., 7, 8, 9, 10, 11, 12, 15, 28.

02. <u>Libra V. City of Litchfield, Ill.</u>, 893 F. Supp. 1370 (C.D.ILL. 1995),.... ii, v, 8, 11.

03. <u>Arum V. Miller</u>, 273 F. Supp. 2d 230 (E.D.N.Y.2003),... ii, v, 14.

04. <u>Time, Inc. V. Firestone</u>, 96 S. Ct. 958, 960 (1976),........... iii, v, 15.

05. <u>Lohrenz V. Donnelly</u>, 223 F. Supp. 2d 25,27,28 (D.D.C.2003), iii, v, 4, 15, 18, 19, 20, 21, 23.

06. <u>Yohe V. Nugent</u>, 321 F.3d 35 (1st. Cir. 2003),........ iii., v., 3, 25, 28.

07. <u>Dever V. Hentzen Coatings, Inc.</u>, 380 F.3d 1070 (8th Cir. 2004),........ v., 2.

08. <u>Johnson V. Outboard Marine Corp.</u>, 172 F. 3d 362 (8th Cir. 1999),........ v., 2.

09. <u>Fed.R.Civ.P. Rule 12(f)</u>,............. v., 3, 4, 5, 6, 7.

10. <u>Fed.R.Civ.P. Rule 12(b)(6)</u>,.......... v., 3, 4, 5, 6, 7.

11. <u>Fed.R.Civ.P. Rule 39(b)</u>,............. v., 7.

12. <u>Ball V. Walmart, Inc.</u>, 102 F. Supp. 2d 44 (D.Mass.2000),..... v., 3, 9, 14, 23, 27.

13. <u>Sietins V. Joseph</u>, 238 F. Supp.2d 366 (D.Mass.2003),..... v, 3, 9, 10, 14, 21, 23, 28.

14. <u>Hemphill V. New York</u>, 380 F. 3d 680 C.A.2 (N.Y.) 2004,...... v., 4.

15. Com. V. Schenker, No. 95-1415,
    Spfld.Sup.Ct. Dept.,................... vi., 5, 13, 19, 23.

16. Meany V. Dever,
    170 F. Supp. 2d 46 (D.Mass.2001),..... vi, 5, 13, 19, 24.

17. Allen V. College of William & Mary,
    245 F. Supp. 2d 777 (E.D.Va. 2003),... vi.,6.

18. Rotkiewcz V. Sadowsky,
    730 N.E. 2d 283 (Mass. 2000),........ vi., 7, 9, 10, 15, 25.

19. Chapin V. Knight Rider, Inc.,
    993 F. 2d 1087, 1088 C.A.4(Va.) 1993,. vi., 10, 15.

20. Berad V. Town of Millville,
    113 F. Supp. 2d 197, 198 (D.Mass. 2000), vi., 10, 15, 16, 17, 22,
                                             24, 25, 27.

21. Washington V. Smith,
    80 F.3d 555 (D.D.C. 1996),........... vi., 11.

22. Haynes V. Alfred Knopf, Inc.,
    8 F.3d 1222 (7th Cir. 1993),......... vi., 12.

23. Scott V. Sulzer Carbo Medics, Inc.,
    141 F. Supp. 2d 177 (D.Mass.2001),.... vi., 13, 17, 19, 27.

24. Landry V. Mier,
    921 F. Supp. 880 (D.Mass. 1996),...... vi, 17, 27.

25. TITLE 42 USC Section 1983,........... vi., 1.

26. Harte-Hanks Communications, Inc. V.
    Connaughton,
    109 S. Ct. 2679 (1989),.............. vi., 20.

27. Moore V. Equifax Information Services
    LLC,
    333 F. Supp.2d 1360, 1361 (N.D.Ga.2004), vi, 21, 26.

28. <u>Martin V. Roy</u>,
    767 N. E. 2d 603, 54 Mass. App. Ct.642
    (Mass. App. Ct. 2002),................ vii., 24.

29. <u>Lawson V. City of New York Billiards</u>
    <u>Corp.</u>,
    331 F. Supp. 2d 129 (E.D.N.Y.2004),... vii., 24,25.

## TABLE OF EXHIBITS

EXHIBIT CITED:                                    PAGE NUMBER

01. EXHIBIT-001:
    Defendant Carney's false remark
    about plaintiff,..................... iii., Viii., 4, 9, 10, 11,
                                          13, 14, 15, 16, 18, 19, 20,
                                          21, 22, 23, 25, 27,
02. EXHIBIT-002:
    Plaintiff's violation of probation
    COM. V. SCHENKER, 95-1415, Spfld.
    Sup. Ct. Dept.,...................... iv, viii, 5, 13, 17, 19, 23, 27,


03. EXHIBIT-003:
    Plaintiff's Massachusetts Criminal
    record,.............................. iv, viii, 9, 11, 12, 16, 19, 22, 26, 7-8.

## STATEMENT OF THE FACTS

01. On, 1 December, 2004, Plaintiff Karl W. Schenker, filed this Civil Action Complaint with this Court against defendant(s) Paula Merra, & Michael Carney, under, <u>42 U.S.C. Section 1983</u>, with Demand for Trial by Court (FRCP39b), alleging libel. <u>SEE</u>: <u>APPENDIX-II(a)</u>, attached hereto.

02. On, <u>10</u>, December, 2004, this Court issued plaintiff: Consent to Proceed before U.S. Magistrate Judge, (2) summons, proof of process; and on, <u>13</u>, December, 2004, he returned same to this Court by regular First Class Postage.

03. On, <u>2</u>, March, 2005, U.S. Marshal, hand delivered copy of original summons & complaint on defendant(s) Merra, & Carney, at: Springfiled Police Department, 130 Pearl Street Springfield, MA 01104. <u>SEE</u>: <u>APPENDIX II(c)</u>, attached hereto.

04. On, <u>23</u>, March, 2005, plaintiff filed with this Court and defendant(s) Merra, and Carney, Request for Default, (FRCP55a). <u>SEE</u>: <u>APPENDIX II(d)</u>, attached hereto.

05. On, <u>31</u>, march, 2005, Counsel for Defendant(s) Merra, Carney, made response to plaintiff's civil complaint. <u>SEE</u>: <u>APPENDIX-II(b)</u>, attached hereto.

01.

## PLAINTIFF'S OPPOSITION TO DEFENSE
## RESPONSE TO PLAINTIFF'S CIVIL ACTION COMPLAINT

01.    The plaintiff Karl W. Schenker, makes
opposition to defense Counsel's response to his
Civil Action Complaint, with renewed demand for
Trial by Court, as follows:

### i. jurisdiction, plaintiff's
### civil - complaint

02.    The plaintiff reasserts and alleges
his statements  made in paragraph number (1) of
his civil complaint to be true and correctly
cited jurisdiction. SEE: Dever V. Hentzen
Coatings, Inc., 380 F.3d 1070 (8th Cir. 2004),

> to survive a motion to dismiss for
> lack of personal jurisdiction a
> plaintiff must state facts sufficient
> in the complaint to support reasonable
> inference that the defendants can be
> subjected to jurisdiction within the
> state, (i.e., defendant(s) Merra ,&
> Carney, are state actors, with residence
> and employment herein Mass.); SEE:
> Johnson V. Outboard Marine Corp., 172
> F.3d 532 (8th Cir. 1999).

02.

03.    Wherefore, the plaintiff opposes
defense counsel's response and kindly requests
this Court under, Fed.R.Civ.P. Rule 12(f), strike
defense pleading for failure to state claim under,
Fed.R.Civ.P. Rule 12 (b)(6).

## ii. COUNT NUMBER-ONE
### plaintiff's complaint

04.    The plaintiff reasserts and alleges his
statements made in paragraphs (2) through (6), in
Count Number-One, of his Civil Complaint, to be
true and correct. SEE: Yohe V. Nugent, 321 F.3d 35
(1st. Cir. 2003); Ball V. Wal-Mart,Inc., 102 F.Supp.
2d 44 (D.Mass. 2000); Sietins V. Joseph, 238 F.
Supp. 2d 366 (D.Mass. 2003),

        under Massachusetts law, relating to
        defamation, charges of crime are
        slanderous and actionable per se; with
        out proof of special damages.

05.    Wherefore, the plaintiff opposes defense
counsel's response, and kindly requests this Court

under, <u>Fed.R.Civ.P. Rule 12(f)</u>, strike defense

pleading for failure to state claim under,<u>Fed.R.</u>

<u>Civ.P. Rule 12(b)(6)</u>.

### iii. COUNT NUMBER-TWO
### plaintiff's complaint

06.    The plaintiff reasserts and alleges his

statements made in paragraphs (7) through (12), in

COUNT NUMBER-TWO, of his  Civil Complaint to be

true and correct. <u>SEE</u>: <u>Hemphill V. New York</u>, 380

F.3d 680 C.A.2 (N.Y.) 2004),

> when a plaintiff proceeds pro se, a
> Court is obliged to construe his
> pleading's liberally when they allege
> civil rights violations.

07.    The plaintiff asserts he was limited

purpose public figure, when defendant Carney, made

false remark, (EXHIBIT-001), against him. <u>SEE</u>:

<u>Lohrenz V. Donnelly</u>, 223 F. Supp. 2d 27 (D.D.C.

2002),

04.

> question of whether private individual
> has become limited purpose public figure,
> Court should examine nature and extent
> of individual's participation in
> particular controversy, giving rise to
> the alleged defamtion.

Where upon plaintiff demonstrate's herein on argument

that he was fugitive from justice in his violation

of probation, COM. V. Schenker, No. 95-1415, (EXHIBIT-

002), and also a fugitive from justice by South Hadley

Massachusetts Police Department on an unrelated

matter. All of which while being in state of fugitive

from justice, defendant Carney, in knowledge of this

communicated his false averrment to third party, in

public bar-room, in ear shot of bar patrons. Who

could then view commentary about plaintiff with

ridiculed scorn, contempt, and hate. SEE: Meany V.

Dever, 170 F. Supp. 2d 46 (D.Mass. 2001),


08.   Wherefore, the plaintiff opposes defense

counsel's response and kindly requests this Court

under, Fed.R.Civ.P. Rule 12(f), strike defense

pleading for failure to state claim under, Fed.R.

Civ. P. Rule 12 (b)(6).

### iv. COUNT NUMBER-THREE
### plaintiff's complaint

09.   The plaintiff reasserts and alleges his statements in paragraphs (13) through (18), in Count Number - Three, to be true and correct: <u>SEE:</u> <u>Allen V. College of William & Mary</u>, 245 F. Supp. 2d 777 (E.D.Va. 2003),

> evidentiary standard, for lack of
> subject matter depends upon
> whether the challenge is a factual
> attack on the sufficiency of the
> pleadings, or is an attack on the
> factual allegations that support
> the jurisdiction. If the defendant
> is attacking the sufficiency of the
> complaint. The Court must accept all
> of the complaints factual allegations
> as true.

10.   Wherefore, the plaintiff opposes defense Counsel's pleading, and kindly requests this Court under, <u>Fed.R.Civ.P. Rule 12(f)</u>, strike defense pleadings for failure to state claim under, <u>Fed.R. Civ. P. Rule 12 (b)(6).</u>

### v. CAUSE OF ACTION
### plaintiff's complaint

06.

11.    The plaintiff reasserts and alleges,
cause of action in his his Civil Action Complaint,
to be true and correct. SEE: Rotkiewicz V. Sadowsky,
730 N.E. 2d 283 (Mass. 2000),

> A police officer is a public official
> who may not recover in a defamation
> action based on statement related to
> his conduct, absent showing that
> statement was made with actaul malice;
> U.S.C.A. Const. Amend. 1.

12. Wherefore, the plaintiff opposes defense
Counsel's response and kindly requests this Court
Under, Fed.R.Civ.P. Rule 12(f), strike defense
pleadings for failure to state claim under, Fed. R.
Civ. P. Rule 12(b)(6).

## vi. RENEWED DEMAND FOR TRIAL BY COURT

13.    The plaintiff reasserts his Demand for
Trial By Court on all issues so Triable against
Defendant(s) Paula Merra, and Michael Carney pursuant,
Fed.R.Civ.P. Rule 39(b).

07.

## SUMMARY OF THE ARGUMENT

Defense acts in libeled written averrment which sdlander's the plaintiff in malicous prosecution as "limited purpose public figure". In false defamatory communication, communicated to a third party. Who could the construe plaintiff with, scorn, contempt, ridicule, and hate. In false imputation to commit a crime in nature of homicide while they slept at night. Without out any physical tangible proof to support this assertion by defense upon plaintiff. Which causes violation of plaintiff's U.S.C.A, Const,Amend. 1, rights.

I.    DEFENSE VIOLATES, U.S.C.A.CONST.
      AMEND. 1, IN COMMISSION OF LIBEL
      AGAINST PLAINTIFF.

01.    Under, Libra V. City of Litchfield, Ill., 893 F. Supp. 1370 (C.D.Ill. 1995),

> Family's conduct of posting sign in yard stating that store owner's son was gay was made with reckless disregard for the truth, and therefore did not enjoy, First Amendment Protection, Where there was no allegation in sign to support the evidence.

02.   The plaintiff asserts same context, against defendant Carney. Where plaintiff's past criminal record, (EXHIBIT-003), does not, nor has he ever acted in manner to commit homicide. As defendant Carney, does so otherwise assert, upon plaintiff, (EXHIBIT-001), in culpability of defamtory crime per se. SEE: Sietins V. Joseph, 238 F. Supp. 2d 366 (D.Mass.2003); Ball V. Wal-Mart,Inc., 102 F. Supp. 2d 44 (D.Mass. 2000). Further for defendant Carney to make such a false assertion upon plaintiff is fabrication of actual truth, sustained in plaintiff's past criminal record, (EXHIBIT-003), to never cite or assert defendant Carney's contended claims about plaintiff, SEE: Rotkiewcz V. Sadowsky, 730 N.E. 2d 283 (Mass. 2000),

> a police officer is a public official
> who may not recover in a defamation
> action, based on statement related
> to his official statement of conduct,
> absent showing that statement was
> made with actaul malice, I.d. at:
> U.S.C.A. Const.Amend. 1.

03.   The plaintiff further asserts rigorous showing that statements of past criminal convictions (EXHIBIT-003), are true to NEVER HAVE BEEN, for

09.

defendant Carney's remark  upon plaintiff, (EXHIBIT-001), SEE: Chapin V. Knight Rider, Inc., 993 F.2d 1087, 1088  C.A.4. (Va.) 1993, and therefore defendant Carney to have implied an assertion of false fact upon plaintiff in, (EXHIBIT-001), are violation contrived under, U.S.C.A. Const. Amend. 1.  Thus defendant Carney, as an employee of a municipal party, and in act of libel upon plaintiff to be free of libels under, U.S.C.A. Const. Amend. 1; Rotkiewcs V. Sadowsky, 730 N.E. 2d 283 (Mass. 2000). Upon which is further evidenced defendant Carney to have commissioned a libeled remark against plaintiff, in an act of a false crime per se, Sietins V. Joseph, 238 F. Supp. 2d 366 (D. Mass. 2003),  Even if same defendant made a mistake, while in act of being a police officer, Berad V. Town of Millville, 113 F. Supp. 2d 197, 198 (D.Mass. 2000), it was still defamatory which tended to harm plintiff in reputation of another to lower him in the  estimation of the community or to deter third persons from associating

10.

or dealing with him, is a defamatory statement,
defendant Carney, did assert against plaintiff with
out physical proof to back said averrment in,
(EXHIBIT-001), Libra V. City of Litchfield, Ill.,
893 F. Supp. 1370 (C.D.Ill. 1995), is explicit
and or illicit factual foundation that plaintiff's
past criminal record, (EXHIBIT-003), to never
cite assualtive, or  homicide criminal offense,
is contridiction to  plaintiff's past criminal
record, and demonstrates defendant Carney to have
no verifiable evidence to support his averrment
upon plaintiff in (EXHIBIT-001), SEE: Washington V.
Smith, 80 F. 3d 555 (D.D.C. 1996),

> statement of opinion is actionable
> only if it has eplicit or implicit
> factual foundation and is therefore
> objectively verifiable, U.S.C.A.
> Const. Amend. 1.

   04.   The plaintiff as matter of law asserts
he has standing in this  civil matter, causing
libel against plaintiff by defendant Carney, to
have violated plaintiff's rights under, First

11.

Amendment of the United States Constitution. Where

upon plaintiff has demonstrated burden of proof

herein and in post argument ahead, SEE: Haynes V.

Alfred Knopf, Inc., 8 F. 3d 1222 (7th Cir. 1993),

> even when plaintiff in defamation
> suit is not a public figure, unless
> author is deliberately lying or is
> recklessly indifferent to truth or
> falsity of what he says. Plaintiff
> must prove actual though not
> necessarily precuuliminary harm in
> order to recover damages. U.S.C.A.
> Const. Amend. 1.

that if defendant Carney had checked  and or made

either a rough and ready summary or thorough review

of plaintiff's past criminal record, (EXHIBIT-003).

Defendant Carney then would have not been able to

make his false assertion: ("plaintiiff is capable

of burning "Garapollo's" house down while he slept

at night"), is not  a set of factual  evidence that

if one  even if they take two quick minutes and

review plintiff's past criminal record, (EXHIBIT-003),

one will clearly note that defendant Carney, has

made false assertion about plaintiff in act of a

12.

criminal conduct is defamtory per se. Further,

and as result of same  defendant having made

his remark about plaintiff, (EXHIBIT-001), to third

party in public forum, (EXHIBIT-001), in a public

bar-room, in "ear shot of  bar patrons", (i.e.

third party), and in written format that was

communicated to numerous and respectable class of

people in plaintiff's  violation of probation,

(EXHIBIT-002), in, Com. V. Schenker, No. 95-1415,

Springfield, Massachusetts Superior Court Department

that could contstrude plaintiff  with scorn, ridicule

and contempt as result of defendant Carney's remark

upon plaintiff, (EXHIBIT-001). SEE: Meany V. Dever,

170 F. Supp. 2d 46 (D.Mass. 2001); Scott V. Sulzer

Carbomedics, Inc., 141 F. Supp. 2d 177 (D.Mass. 2001),

> to maintain an action for slander,
> one must prove that a false assertion
> of fact, specifically identifying him
> was thereby communicated to a third
> party.  I.d. at: EXHIBIT-001, Affidavit
> of Garapollo, in, Massachusetts State
> Police Case report No. 2004-109-0197.

13.

II.    DEFENSE LIBEL'S PLAINTIFF IN
       MALICOUS PROSECUTION.


05.    Under, <u>Arum V. Miller</u>, 273 F. Supp. 2d
230 (E.D.N.Y. 2003), a civilian may be liable for
malicous prosecution where plaintiff shows that the
civilian "iniated", or "instigated" the proceedings
against him, by contacting    the police, and then
encouraging their prosecution.


06.    Plaintiff avers, defendant Carney, as a
gay man and Police Officer, iniated, false misleading
averrment about plaintiff, (EXHIBIT-001), in imputation
of crime per se, <u>SEE</u>: <u>Ball V. Wal-Mart, Inc.</u>, 102
F. Supp. 2d 44 (D.Mass. 2000); <u>Sietins V. Joseph</u>, 238
F. Supp. 2d 366 (D.Mass. 2003),

             defamatory words must either impute to
             the plaintiff in the commission of a
             certian crime

Upon which defendant Carney, does in, (EXHIBIT-001),
that plaintiff could and would act in homicide on
"Mark Garapollo", while he slept in his home at
night, (EXHIBIT-001); without authoritive proof

14.

to back such assertion, is reckless disregard for
the truth. <u>SEE</u>: <u>Lohrenz V. Donnelly</u>, 223 F. Supp. 2d
28, 33 (D.D.C. 2002), causing a libel and violation
under, <u>U.S.C.A. Const. Amend.1</u>, against the plaintiff.

07.    Defendant Carney, having made his statement
about plaintiff, (EXHIBIT-001), in position as a public
official, <u>SEE</u>: <u>Rotkiewicz V. Sadowsky</u>, 730 N.E. 2d
283 (Mass. 2000); <u>Berad V. Town of Millville</u>, 113 F.
Supp. 2d 197, 198 (D.Mass. 2000), or in private
capacity, made with false knowledge that plaintiff
has and would act in crime of homicide on "Garapollo",
(EXHIBIT-001), is a defamatory statement that creates
a condition of libel that is not permitted under
protection of <u>United States Constitution</u>, <u>First Amendment</u>.
<u>SEE</u>: <u>Chapin V. Knight Rider, Inc.</u>, 993 F.2d 1087
C.A. 4 (Va. 1993).

08.    Under, <u>Time, Inc. V. Firestone</u>, 96 S. Ct.
958, 960 (1976),

the actual "malice test" of recovery in a
public figure defamation action requires

15.

> that the plaintiff prove that the defamatory
> statement was made with knowledge that it was
> false or not.  A rational interpretation of
> an ambiguous document does not necessarily
> insinuate a publisher from liability of
> defamation.

Where upon plaintiff does prove in his past criminal

record, (EXHIBIT-003), <u>at no time has he ever</u>, acted in

manner to attempt homicide, cause injury or assault

upon another human being. As defendant Carney, does

so otherwise allege in assertion upon plaintiff,

(EXHIBIT-001). As result of same defendant being a

ploice officer, detective, would have ability to

check all facts relevant, contact, Office of District

Attorney, including active thorough review of

plaintiff's past criminal record to make an eduacated

judgement. Which defendant Carney, did not do upon

plintiff before making his false defamatory assertion

about plaintiff. <u>SEE</u>: <u>Berad V. Town of Millville</u>,

113 F. Supp. 2d 197, 198 (D.Mass. 2000),

> police chief's statement that dispatcher
> made a "mistake" could be viewed as giving
> rise to acionable slander claim, under,
> Massachusetts Law. Since statements could
> be interpreted  to imply that dispatcher
> failed   to follow proper procedure while
> performing his job.

16.

Plaintiff contends, if defendant Carney, made
"mistake", did not properly investigate review of
plaintiff's past criminal record, on opinion which
is based is not a "pure" opinion, but instead a
"mixed" opinion which is actionable under, Massachusetts
law, <u>Scott V. Sulzer Carbo Medics, Inc.</u>, 141
F. Supp. 2d 159, 177 (D.Mass. 2001), for claims
of libel. It is reasonably understood that
defamatory statements communicated to a third
party of numerous and rescpectable class of people
("plaintiff's, violation of probation, "VOP"),
hearing, (EXHIBIT-002); could then view plaintiff
with, scorn, ridicule, contempt and hatetred,
<u>Landry V. Mier</u>, 931 F. Supp. 880 (D.Mass.1996),

> defamatory statements need only
> be heard by third party, showing
> that a third party or person other
> than person libeled, understood it
> refer to him.

09. Which shows libeled remark about plaintiff,
<u>I.D. at:</u> <u>Berad</u>, 113 F. Supp. 2d 197, 198 (D.Mass.
2000).

17.

10.   Under, <u>Lohrenz V. Donnelly</u>, 223 F.
Supp. 2d 25, 27, 28, (D.D.C. 2002),

> In determining whether private
> individual has become "limited
> purpose public figure", <u>New York
> Times Co. V. Sullivan</u>, 84 S.
> Ct. 710.  Court should examine
> nature and extent of individual's
> participation in particular
> controversy giving rise to
> defamation.
>   Person has become public
> figure for limited purposes if
> he is attempting to have major
> impacyt on resolution of
> specific public dispute that
> has foreseeable and substantial
> rammifications for persons
> beyond its immediate participants.
>   To detrmine whether individual
> may be catergorized as limited
> purpose public figure, COURT,
> must:(1) isolate public controversy
> which must be real dispute, out come
> of which affects general public
> or some segment of it an applicable
> way; (2) examine individual's
> role in controversy, which must
> be more than trivial, or
> tangible, and; (3) determine
> whether alleged defamation was
> germane to individual's
> participation, in controversy.

The plaintiff asserts, following, THREE PRONGS,

that at time defendant Carney, made false remark

upon plaintiff, (EXHIBIT-001), he was in fact

a limited purpose public figure, libeled by defense.

18.

11.    i. PRONG NUMBER - ONE:

Under, <u>Lohrenz V. Donnelly</u>, 223 F. Supp.
2d 28 (D.D.C.2002),

> plaintiff asserts defamatory remark
> by defendant Carney, to be in real
> public dispute. Which affects general
> public or some segment of public
> in  an appreciable way.

At time when defendant Carney, made remark,

(EXHIBIT-001), about plaintiff, was fugitive from

justice, in vop, in, <u>Com. V. Schenker</u>,, No.951415,

Springfield Sup. Ct. Dept., (EXHIBIT's'-002,003),

and further wanted in an unrelated matter. As

fugitive from justice by South Hadley Police Dept.,

for criminal charge of uttering. Furthermore,

defendant Carney, having made his remark about

plaintiff, (EXHIBIT-001), to third party, <u>Meany V.</u>

<u>Dever</u>, 170 F. Supp. 2d 46 (D.Mass. 2001); <u>Scott V.</u>

<u>Sulzer Carbo Medics, Inc.</u>, 141 F. Supp. 2d 177

(D.Mass. 2001), communicated orally to "Mark

Garapollo", in published format, in, <u>Mass. State</u>

<u>Police case report</u>, number, 2004-109-0197, involving

plaintiff.  Defendant Carney as a  gay man and

liason and detective to Springfield Mass. Police

19.

Department, further communicated his remark,
(EXHIBIT-001), to third party when speaking
with "Garapollo" in public bar-room, of and
being a gay night club, with bar patrons
inside, in ear shot of defendant Carney's
remark about plaintiff, (EXHIBIT-001). Who
then would have reason to desire sediment of
ill will upon plaintiff being capable of an
act of homicide upon another human being
while they slept, with out physical proof, only
relying on the word of defendant Carney as a
police officer, who with acute knowledge knew
his remark was false, and would be viewed as
defamatory per se against the plaintiff, Harte
Hanks Communications, Inc. V. Connaughton, 109
S. Ct. 2679 (1989),

> if false statement is published
> with knowledge of falsity, or
> reckless disregard for truth,
> public figure may previal in
> defamation action, also see:
> Lohrenz V. Donnelly, 223 F. Supp.
> 2d 28, 33 (D.D.C.2002).

12.   Thus defendant Carney, fabriacted claim
about plaintiff in imputation of a crime,

20.

Sietins V. Joseph, 238 F. Supp. 2d 366 (D.Mass. 2003). Hurdling plaintiff's name into public spot light, to gay segment of the public, in western Massachusetts, causing plaintiff to then be viwed with contempt, ridiculed scorn, that plaintiff would go out of his way to physically harm people in thier sleep, by means of arson, simply by over hearing defendant Carney's remark about plaintiff, (EXHIBIT-001).

13.   ii. PRONG NUMBER - TWO,

Under, Lohrenz V. Donnelly, 223 F. Supp. 2d 28 (D.D.C. 2002),

> defendant Carney, placed plaintiff
> in controversy of libel, in
> slandered written averrment.

Plaintiff contends that he was mainstay of controversy under Defendant Carney's, remark, (EXHIBIT-001), SEE: Moore V. Equifax Information Services LCC, 333 F. Supp. 2d 1360, 1361 (N.D. Ga. 2004),

21.

> reckless disregard, such as
> evidence, as party furnishing
> information, requires that party
> entertained actual doubt about
> truth of statement.

14.  Where plaintiff reasserts defendant
Carney, having full knowledge that plaintiff
from his past criminal record, (EXHIBIT-003),
has never made attempt or acted in manner to
commit assault or homicide, upon another
human being. IF same defendant clearly checked
the facts in his rough and ready summary, which
defendant Carney did not do.  Demonstrate's
defendant Carney to have made a "mistake" and
or false opinion about plaintiff, Berad V.
Town of Millville, 133 F. Supp. 2d 197, 198
(D.Mass. 2000), then caused as result of defendant
Carney's remark about plaintiff, (EXHIBIT-001).
PLaintiff then is to be deemed as limited purpose
public figure, by numerous and respectable
class of people, (i.e., gay community, judicial

22.

officials, and relevant court room personnel),
in plaintiff's vop, (EXHIBIT-002), in pblic
forum, that was in a Court room and in public
bar room, defendant Carney's averrment about
plaintiff was made to third party.

    15.   iii. PRONG NUMBER - THREE:

       Under, Lohrenz V. Donnelly, 233 F. Supp.
2d 28, D.D.C.2002),

> defendant Carney's remark against
> plaintiff was germane to plaintiff's
> participation in controversy.

Plaintiff asserts defendant Carney's remark,
(EXHIBIT-001), made while plaintiff was fugitive
from justice in, Com. V. Schenker, (EXHIBIT-002),
was under public scrutiny of false allegation, by
defendant Carney in his remark about plaintiff,
(EXHIBIT-001), Lohrenz V. Donnelly, 223 F. Supp.
2d 33 (D.D.C. 2002), in application of unfounded
criminal activity, Ball V. Wal-Mart, Inc., 102
F.Supp. 2d 44 (D.Mass. 200); Sietins V. Joseph,
238 F. Supp. 2d 366 (D.Mass. 2003), verablly stated

23.

to third party, "Garapollo", <u>Meany V. Dever</u>,
170 F. Supp. 2d 46 (D.Mass. 2001). Generating
image of plaintiff in negative perception on
alleged opinion, <u>Berad</u>, 113 F. Supp. 2d 197, 198
(D.Mass. 2000), plaintiff would kill someone
while they slept at night, by arson. Then defendant
Carney in same hypothesis, to view plaintiff with
malice in mixed opinion, <u>Martin V. Roy</u>, 767 N.E. 2d
603, 54 Mass. App. Ct. 642 (Mass. App. Ct. 2002),
through instigated remark in criminal conduct,
on unsupported grounds aware as false, and treated
his averrment as mistake, <u>Berad V. Town of Millville</u>,
113 F. Supp. 2d 197, 198, (D.Mass. 2000), even though
defendant Carney's remark was displayed in public
forum, <u>SEE</u>: <u>Lawson V. New YOrk City Billiards Corp.</u>,
331 F. Supp. 2d 129 (E.D.N.Y. 2004),

> to prove that a defendant in a
> criminal proceeding for purposes
> of mailicous prosecution, the
> mere reporting of a crime to
> police, giving testimony are
> insufficient, IT MUST BE SHOWN
> THAT DEFENDANT PLAYED AN ACTIVE
> ROLL IN THE PARTICIPATION, AND
> THE PROSECUTION, SUCH AS GIVING
> ADVICE AND ENCOURAGEMENT.

24.

16.  Plaintiff asserts defendant Carney,
and his subsequent remark about plaintiff, (EXHIBIT
001), applied when averred as a civilian or as
a Springfield Massachusetts POlice representative,
was in position to dispense an assumed averrment
with out being questioned as such, in being
wrong or not, Berad, 113 F. Supp. 2d 197, 198,
(D.Mass. 2000); Lawson V. New York City Billiards
Corp. 331 F. Supp. 2d 197, 198 (D.Mass. 2000);
Rotkiewcz V. Sadowsky, 730 N. E. 2d 283 (Mass. 2000).
As result of defendant Carney, state actor, if
followed proper procedure in   investigation of
plaintiff would have deemed plaintiff not capable
of his remark, (EXHIBIT-001).

             III.  DEFENSE AS MATTER OF LAW, IS
                   NOT ENTITLED TO IMMUNITY UNDER
                   DEFAMTION CLAIM ACT, WITH FAIR
                   REPORT PRIVILIGE.


17.  Under, Yohe V. Nugent, 321 F. 3d 35
(1st. Cir. 2003),

25..

> The test for determining, if report
> of official action qualifies for
> fair report privilige from liability
> of defamation under Massachusetts
> law, is whether reporter's, rough
> & ready summary of official action
> is substantially correct, "accuracy"
> for purposes of fair report privilige
> from liability for defamation under
> Massachusetts law, refers only to
> factual allegations of correctness
> of events reported. TO DEFEAT, fair
> report privilige from liability for
> defamation under, Massachusetts law,
> plaintiff must either show that
> publisher did not give fair and
> accurate proof of report of official
> statement.

Which plaintiff demonstrate's under, <u>Moore V.</u>

<u>Equifax Information Services LLC</u>, 333 F. Supp. 2d

1361 (N.D.Ga. 2004), defendant Carney as a police

officer knew of plaintiff's past record, and did

only rely on partial fact, <u>I.D. at</u>: <u>Moore</u>, 333 F.

Supp. 2d 1361, that plaintiff yes, having had

convictions for arson, but also in full knowledge

that plaintiff's past criminal record to never

cite crime for assault, or attempt of homicide,

(EXHIBIT-003), evidenced same defendant had actual

doubt in validity of his his remark upon
plaintiff, resulting in reckless disregard for
the truth, Berad V. Town of Millville, 113
F. Supp. 2d 197, 198 (D.Mass. 2000); Scott V.
Sulzer Carbo Medics, Inc., 141 F. Supp. 2d 159,
177, 179 (D.Mass. 2001), in a published
communication, (EXHIBIT-001), to third party,
plaintiff was capable of crime per se, Ball V.
Walmart, Inc., 102 F. Supp. 2d 44 (D.Mass. 2000);
Sietins V. Joseph, 238 F. Supp. 2d 366 (D.Mass.
2003). Plaintiff contends, defendant Carney's
remark, (EXHIBIT-001), even if an assumed opinion
Berad V. Town of Millville, 113 F. Supp. 2d 197,
198, (D.Mass. 2000), in knowledge it was not
true, asserted in reckless disregard to third
party, Landry V. Mier, 921 F. Supp. 880 (D.Mass.
1996), in plaintiff's VOP, (EXHIBIT-002), with
out checking the facts in performace of defendant
Carney's position as a police officer, did not
properly review a rough and ready summary of

27.

accurate information, Yohe V. Nugent, 321
F. 3d 35 (1st. Cir. 2003), demonstrated through
plaintiff's past criminal record, (EXHIBIT-003).


## CONCLUSION


Plaintiff has demonstrated herein defendant
Carney and Paula Merra in this Civil Action
Complaint, with Demand for Trial by Court, have
libeled plaintiff in written slandered averrment,
in imputation of a crime, Sietins V. Joseph,
238 F. Supp. 2d 366 (D.Mass.2003), that plaintiff
has never acted to do nor has he ever committed.
Therefore, as matter of law defendant(s) named
herein are not entitled to immunity under,
DEFAMATION CLAIM ACT, or FAIR REPORT PRIVILIGE,
causing violation of plaintiff's United States
First Amendment right of Constitution, U.S.C.A.
Const. Amend. 1..


28.

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF HIS COMPLAINT.

01.  I, Karl W. Schenker, am Affiant, hereof do affirm to be true and correct.

02.  On, 1, day, December, 2004, I filed this Civil matter with this Honorable Court.

03.  On, 02, day, March, 2005, this civil matter was served on defendants Merra, and Carney, by U.S. Marshal.

04.  On, 31, day, March, 2005, defense Counsel for defendants Merra, and Carney, made response to affiant's civil complaint.

## VERIFICATION & SIGNATURE

I, Karl W. Schenker, hereby verify on oath, statements made herein to be true and correct to best of my knowledge and belief and any false statement of material fact herein shall be subjected to pains and penalties of perjury, this, 23, day, April, 2005.

Respectfully submitted by the Plaintiff,

Karl W. Schenker, Pro-Se
W-83912
O.C.C.C.
1 Administration Road
Bridgewater, MA 02324

29.

&

APPENDIX - I(a)

EXHIBIT -001

Affidavit of Mark Garappolo, 25, May, 2004,
Mass. State Police Report, No. 2004-109-0197,
Paragraph-3, Page number 5 of 5.

Defendant Carney's False Remark, about plaintiff.

ix.

Statement of Mark J. GAROPPOLO DOB ~~xxxx~~-1958   *EXHIBIT -00 1*
May 24th, 2004
Statements as told to and typed by Tpr. Michael C. Barrett, and Tpr. Dacyczyn

I pushed the lock button and came upstairs. I debated if I should call the Springfield police or not. I was raised not to cry wolf unless your sure. I decided to let it be and didn't call. I ate, watched a little TV and went to bed. I was awake at 4:00 A.M. I looked out my window and the car was gone.

I know that the person was Karl's height, had Karl's walk, was wearing a red hat and mostly I recognized the duffle bag.

With the new Mayor in town they want to clear things up. There is a detective who is openly gay. He stopped in the Pub on Sunday and we were talking. He said you know…let me tell you something…what do you know about Karl. I told him that Karl was a relatively sober person who I have no reason to mistrust. This detective told me that you need to get out of your apartment and you need to get out of there now. He told me to believe him and that he knew extensively of Karl. He told me that Karl was using. He told me that Karl was perfectly capable of burning my house down while I slept.

On May 20th, Thursday, The detective who is in charge of the check thing

On May 20th Anthony called me between 11:00 and 12:00 noon. Apparently the previous night an officer Brooks from the NYC P.D. had called him and said that there was an Olan, Nolan, or Owen Mars who was injured while intoxicated and was in the St. Vincent Hospital. I bet Anthony that it was Karl.

The next day Anthony came into the Pub and I told him that there had been more than enough time for Karl to come back. I just had a premonition that it was going to get nasty.

I opened a brown folder that was Karl's. I found an electronic voucher or pay stub to someone who was named Sumner Stone who was apparently an employee or client of the Delaney House.

Karl never touched my second set of keys.

THIS PROBATION FILE INCLUDES PERSONAL &
CONFIDENTIAL MATTER WHICH IF DISCLOSED TO
UNAUTHORIZED PERSONNEL WILL VIOLATE DEFENDANT
PRIVACY RIGHTS AND THAT OF A THIRD PARTY.

5/25/04

APPENDIX - I (b)

EXHIBIT - 002

Plaintiff's, violation Probation hearing notice,
7, July, 2004,
Commonwealth v. Schenker, No. 95-1415,
Springfield Superior Court Department,
County of Hampden, ss.

X.

Probation Office
Hampden Superior Court
50 State Street
Springfield, MA 01103

Hampshire House of Correction
PO Box 7000, Northampton, MA 01061

NOTICE OF SURRENDER AND HEARING(S) FOR ALLEGED VIOLATION(S) OF PROBATION

You are hereby notified to appear in this Court at  9:30  A.M. on  July 7, 2004  for a hearing on a charge that you have violated the terms and conditions of your probation, imposed by this Court on  April 30, 1996  on the following complaints (Docket Number(s) and Brief Description:

  #95-1415 Arson

(Strike out (1) or (2) below, whichever is inapplicable).

~~(1)   This hearing will be to determine whether there is probable cause to believe you have committed a violation of your probation. If the Court so finds, there will be a subsequent hearing on the issue of revocation and imposition of additional sanctions. If you wish, both hearings may be held at the same time. The same judge may not sit on both hearings unless you expressly agree thereto. In this particular case, you have a right to both hearings, but may waive the preliminary hearing, if you wish.~~

(2)   This hearing will be a **final hearing** on the issue of whether your probation shall be revoked and additional sanctions imposed.

You have the following rights:

(1)   A right to legal counsel, and if you are unable to afford counsel, the Court will appoint counsel for you.

(2)   A right to be confronted by the person alleging you have violated the terms of your probation and to cross-examine that person as well as any other persons who testify against you.

(3)   A right to insist that all testimony be under oath .

(4)   A right to remain silent and not to be prejudiced thereby.

(5)   A right to testify on your own behalf, to produce witnesses and other evidence to support your denial of the alleged violation(s), or in a final revocation hearing to support the explanation or mitigation of any violation.

The notice of the alleged violation(s) of probation is as follows:

| Alleged Violation(s) | Date | Place |
|---|---|---|
| 1. Failure to report as directed | | Hampden Superior Court Probation |
| 2. Leaving the Commonwealth of Massachusetts without the express permission of the Probation Department | | |
| 3. Whereabouts unknown | | |

Do not fail to appear in Court at the time and place ordered above. You may then request a continuance if additional time is required to protect your rights.

Date  July 2, 2004

Signature  _Laura Pereira_
Laura E. Pereira, Probation Officer

Assent to Immediate Hearing

I, _____, having received the foregoing notice, hereby assent to an immediate hearing,
this _____ day of _____ .

LEGAL EXHIBIT-002

Offender

cc: Atty. James Hammerschmith
    ADA Brett Vottero

r12-7A

<u>APPENDIX - I (c)</u>

<u>EXHIBIT -003</u>

Plaintiff's, Massachusetts criminal Record,
(2), pages.

<u>Xi.</u>

## APPENDIX – II (a)

Plaintiff's Civil Action Complaint,

Schenker v. Merra, et. al,

Civil No. 3:04-CV-30243-KPN.

## XII.

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30243-KNP

```
*******************************
*                             *
* Karl W. Schenker,           *
* Plaintiff,                  *
*           Vs.               *        CIVIL ACTION COMPLAINT,
*                             *        WITH DEMAND FOR TRIAL
* Paula Merra, et. al.,       *        BY COURT.
* Michael Carney,             *
* Defendants.                 *
*******************************
```

## JURISDICTION

01.   Wherefore, this Honorable Court does have
jurisdiction over this Civil matter, Pursuant
TITLE 42 U.S.C.  Section 1983.


## PARTIES

02.   The Plaintiff Karl W. Schenker, ("herein after:
plaintiff"), is lawfully committed prisoner of  Mass. Dept.
of Corr., in lawful care and custody of Massachusetts
Correctional Institution at Shirley, Medium. Located at
Harvard Road, P.O. Box 1218, in Town of Shirley, County of
Middlesex, Commonwealth of Massachusetts 01464.

01.

03.   The Defendant Paula Merra, ("herein after: defendant Merra"), et. al., os state actor as Chief law officer at Springfield, Massachusetts Police Department. Who does have an office located at 130 Pearl Street, in City ofSpringfield, County of Hampden, Commonwealth of Massachusetts 01104. The defendant Merra, is hereby sued in her individual and official capacity.

04.   The Defendant Michael Carney, ("herein after: defendant Carney"), is state actor, as gay-liason/ Detective at Springfield, Massachusetts Police Department. Who does have an office located at 130   Pearl Street, in City of Springfield, County of Hampden, Commonwealth of Massachusetts 01104.

## CIVIL ACTION COMPLAINT

GROUND NUMBER - ONE:

05.   On, 1, June, 2004, defendant Carney, in Mass. State Police Case/ Report, Number: 2004-109-0197, in Affidavit of Mark Garapollo, avers "Garapollo", about plaintiff:

> This detective told me that you need to get out of your apartment now. He told me that Karl, was perfectly capable of burning my house down while I slept. SEE: EXHIBIT-001, attached hereto and incorporated as reference as such herein.

02.

06.   Defendant Carney, impute's plaintiff to third party, "Garapollo", in public forum, of public bar. That plaintiff would act to commit hommicide upon Garapollo, while he slept.

GROUND NUMBER - TWO:

07.   The plaintiff reasserts and alleges paragraphs (1) through (6), above, herein Count Number One, to be true and correct, and are considered to be as set in full herein this Count.

08.   On, 7, July, 2004, in, Springfield, Superior Court Department, in, COM. Vs. Schenker, #: 95-1415. Plaintiff had violation of probation, "VOP" hearing. SEE: EXHIBIT-002, attached hereto and incorporated as reference as such herein.

09.   Plaintiff asserts his VOP hearing was for failure to report as directed and where abouts unknown.

10.   Plaintiff alleges, prior to his VOP hearing he was "limited purpose public figure". Due to criminal warrant for his arresst, was sought in County of Hampshire by South  Hadley Mass., Police Department for crime of uttering, (M.G.L.A.c.267 ss.5).

11.    Plaintiff asserts, defendant Carney's remark, (exhibit-001), paragrapgh (5) herein. Was displayed orally in public forum in written averment, during his VOP , to numerous and respectable judicial officials, Probation personnel, and defense counsel.

12.    Plaintiff alleges, that as result of defendant Carney's remark, made public in VOP, he was then viewed in scorn, and ridiculed contempt.

GROUND NUMBER - THREE:

13.    The plaintiff reasserts and alleges  paragraphs (1) through (12), in Count Number, One, & Two, are true and correct, and are considered to be as set forth as full herein this Count.

14.    Plaintiff alleges, defendant Carney's remark, (exhibit-001). Was based on plaintiff's previous two criminal convictions in Springfield, Mass., for arson of two gay night clubs. SEE: EXHIBIT-003, attached hereto and incorporated as reference as such herein.

15.    Defendant Carney, is a police officer and a gay man who does have residence in same city plaintiff committed arson to two gay night clubs, causing defendant Carney, to then possibily view plaintiff with ill will, scorn and contempt, hatred.

04.

16. Plaintiff at no time during any and all times cited in his criminal record has he made attempt to commit homicide to another person as defendant Carney, otherwise slanders plaintiff with this remark.

17. Plaintiff asserts, on 15, October, 2004, via First Class U.S. Mail, he served defendant(s) Merra, and Carney with demand letter, requesting retraction of defendant Carney's averrment upon plaintiff. <u>SEE</u>: <u>EXHIBIT</u> <u>004</u>, attached hereto and incorporated as reference as such herein.

18. Plaintiff asserts, as result of defendant Carney having made his remark about plaintiff in a gay bar room to Garapollo, and with other customer(s) around. He is then as also a gay man, perceived in loathment, ridiculed scorn. Causing plaintiff emotional duress.

<u>CAUSE OF ACTION</u>

The plaintiff reasserts and alleges paragraphs (1) through (18) herein to be true and correct; and actions of named defendants herein violate, <u>U.S. Const. Amend.</u> <u>1</u>,; <u>Mass.Gen.L. Ch. 258 Section(s) 3,4,10</u>.

## PRAYERS FOR RELIEF

Wherefore, plaintiff kindly prays this Honorable Court order relief against Defendants Merra, and Carney.

1. For, retraction of their defamatory remark upon plaintiff, and;

2. For, $75,000.00, each, for having caused emotional duress against plaintiff, since he will now be viewd with scorn, ridicule, hatred, and;

3. For, costs and fees of this Civil Action, and;

4. For any and all further relief this Court may deem just and proper.

## DEMAND FOR TRIAL BY COURT

The Plaintiff kindly demand Trial by Court against Defendants Merra, and Carney, on all issues so triable, pursuant, Fed. R. Civ. P. Rule 39(b).

## VERIFICATION

I, Karl W. Schenker, hereby verify statements made herein to be true and correct to best of my knowledge and belief, and any and all false statements of material fact shall be subjected to pains and penalties of perjury, this, I ,day, December, 2004.

Respectfully submitted by the Plaintiff,

Karl W. Schenker, Pro-Se
#W-83912
MCI-Shirley, Medium
Harvard Road
P.O. Box1218
Shirley, MA 01464

06.

EXHIBIT -00!

| Massachusetts State Police | | Franklin/Hampshire Detective Unit |
|---|---|---|
| Report of Investigation | UN | Case Number: 2004-109-0197 |
| (continuation) | | Page 8 of 10 |

**Subject: Alleged Kidnapping**

I backed into my driveway like I always do. I remember thinking that the garage door doesn't lock and that if Karl was going to take my car, he was going to take my car. I also hoped that the car from CT next to mine might deter him.

I pushed the lock button and came upstairs. I debated if I should call the Springfield police or not. I was raised not to cry wolf unless your sure. I decided to let it be and didn't call. I ate, watched a little TV and went to bed. I was awake at 4:00 A.M. I looked out my window and the car was gone.

I know that the person was Karl's height, had Karl's walk, was wearing a red hat and mostly I recognized the duffle bag.

With the new Mayor in town they want to clear things up. There is a detective who is openly gay. He stopped in the Pub on Sunday and we were talking. He said you know...let me tell you something...what do you know about Karl. I told him that Karl was a relatively sober person who I have no reason to mistrust. This detective told me that you need to get out of your apartment and you need to get out of there now. He told me to believe him and that he knew extensively of Karl. He told me that Karl was using. He told me that Karl was perfectly capable of burning my house down while I slept.

On May 20th, Thursday, The detective who is in charge of the check thing

On May 20th Anthony called me between 11:00 and 12:00 noon. Apparently the previous night an officer Brooks from the NYC P.D. had called him and said that there was an Olan, Nolan, or Owen Mars who was injured while intoxicated and was in the St. Vincent Hospital. I bet Anthony that it was Karl.

The next day Anthony came into the Pub and I told him that there had been more than enough time for Karl to come back. I just had a premonition that it was going to get nasty.

I opened a brown folder that was Karl's. I found an electronic voucher or pay stub to someone who was named Sumner Stone who was apparently an employee or client of the Delaney House.

**Karl never touched my second set of keys.**

Before leaving Mr. Garoppolo's residence I asked Mr. Garoppolo if he had ever seen Mr. Schenker with a blue/black type of mat. Mr. Garoppolo informed me that he knew what I was talking about. Mr. Garoppolo stated that he bought two blue/black mats recently for sunning himself. He had placed them in the trunk of his car. The description of the mats matched the one found where Mr. Schenker was allegedly tied up. Mr. Garoppolo stated that the only way Mr. Schenker could have gotten the mat was by going into his car trunk.

---

This Report is the Property of the Massachusetts State Police.
No part of this report may be distributed outside the agency to which it was provided.

EXHIBIT · 002

Probation Service of Karl Baker 02/03/64

| Hampden Superior Court | Hampshire House of Correction |
|---|---|
| 50 State Street | PO Box 7000, Northampton, MA 01061 |
| Springfield, MA 01103 | |

### NOTICE OF SURRENDER AND HEARING(S) FOR ALLEGED VIOLATION(S) OF PROBATION

You are hereby notified to appear in this Court at  9:30   A.M. on   July 7, 2004     for a hearing on a charge that you have violated the terms and conditions of your probation, imposed by this Court on  April 30, 1996      on the following complaints (Docket Number(s) and Brief Description:

    #95-1415 Arson

(Strike out (1) or (2) below, whichever is inapplicable).

~~(1)   This hearing will be to determine whether there is probable cause to believe you have committed a violation of your probation. If the Court so finds, there will be a subsequent hearing on the issue of revocation and imposition of additional sanctions. If you wish, both hearings may be held at the same time. The same judge may not sit on both hearings unless you expressly agree thereto. In this particular case, you have a right to both hearings, but may waive the preliminary hearing if you wish.~~

(2)   This hearing will be a **final hearing** on the issue of whether your probation shall be revoked and additional sanctions imposed.

You have the following rights:

(1)   A right to legal counsel, and if you are unable to afford counsel, the Court will appoint counsel for you.

(2)   A right to be confronted by the person alleging you have violated the terms of your probation and to cross-examine that person as well as any other persons who testify against you.

(3)   A right to insist that all testimony be under oath .

(4)   A right to remain silent and not to be prejudiced thereby.

(5)   A right to testify on your own behalf, to produce witnesses and other evidence to support your denial of the alleged violation(s), or in a final revocation hearing to support the explanation or mitigation of any violation.

The notice of the alleged violation(s) of probation is as follows:

| Alleged Violation(s) | Date | Place |
|---|---|---|
| 1. Failure to report as directed | | Hampden Superior Court Probation |
| 2. Leaving the Commonwealth of Massachusetts without the express permission of the Probation Department | | |
| 3. Whereabouts unknown | | |

Do not fail to appear in Court at the time and place ordered above. You may then request a continuance if additional time is required to protect your rights.

Date  July 2, 2004

Signature   Laura Pereira

Laura E. Pereira, Probation Officer

---

### Assent to Immediate Hearing

I, _____, having received the foregoing notice, hereby assent to an immediate hearing,

this _____ day of _____.

_____
Offender

cc: Atty. James Hammerschmith
    ADA Brett Vottero

FT2-7A

EXHIBIT-003

PCF  ADULT  RECORD  INFORMATION  AS OF 08/04/2004     PAGE   1 OF    2

PRIM NAME: SCHENKER, KARL WILLIAM       DOB: ##/##/1964 PCF#: 611921

                                                                    DNA
SEX: M   SS #: ###-##-3432 MOTHER: DOROTHY SULLIVAN
                          FATHER: WILLIAM
HOME ADDR :450 BELMONT AVENUE, SPFLD, MA          POB: HOLYOKE
ZIP CODE : 01108-

ETHNICITY: WHITE          HGT: 602  WGT: 180  HAIR: BROWN       EYES: BROWN

DT: 11/21/1995 SPR CRT:    HAMPDEN SUPERIOR( 79)          DKT#       951415
OFFENSE: ARSON(ARSON)
DISPOSITION: 4/30/96 PROB 8/31/06 DF WAR D/R 7/7/04 VOP 1-3YR   STATUS: CLOSED
             CMTD

DT: 10/13/1995 SOU CRT:    NORTHAMPTON DISTRICT( 45)      DKT#    9545CR1051A
OFFENSE: LARCENY(LAR)                                     FIREARM
DISPOSITION: C 11/7/95 G 2YR SPS 1YR CMTD BAL SS 11/3/98 TERM   STATUS: CLOSED

DT: 07/26/1995 SPR CRT:    HAMPDEN SUPERIOR( 79)          DKT#       951414
OFFENSE: ARSON(ARSON)                                    BLDG
DISPOSITION: WAR 11/21/95 WAR REC 4/30/96 5YRS-5YRS 1DA CMTD   STATUS: CLOSED

DT: 05/24/1994 SOU CRT:    NORTHAMPTON DISTRICT( 45)      DKT#    9445CR1822A
OFFENSE: B&E DT W/I COM FEL(B&E DT W/I FEL)
DISPOSITION: C 7/1/94 G 2YR SPS 1YR CMTD BAL SS 7/7/96 VWF     STATUS: CLOSED
             REMIT VOP DF 10/13/95 D/R C 11/7/95 FOUND 1YR CMTD

DT: 05/24/1994 SOU CRT:    NORTHAMPTON DISTRICT( 45)      DKT#    9445CR1822B
OFFENSE: LARCENY MORE(LAR MORE)
DISPOSITION: C 7/1/94 G 2YR SPS 1YR CMTD BAL SS 7/7/96 VWF     STATUS: CLOSED
             REMIT VOP DF 10/13/95 D/R C 11/7/95 FOUND 1YR CMTD

DT: 03/02/1992 SOU CRT:    NORTHAMPTON DISTRICT( 45)      DKT#     9245CR944A
OFFENSE: LARCENY OF A MV(LAR MV)
DISPOSITION: C 3/20/92 G 2 1/2YR CMTD                          STATUS: CLOSED

DT: 03/02/1992 SOU CRT:    NORTHAMPTON DISTRICT( 45)      DKT#     9245CR944B
OFFENSE: BURNING(BRN)                                     PERS PROP
DISPOSITION: C 3/20/92 G 1YR SS 3/17/98 VOP 7/1/94 FOUND 1YR   STATUS: CLOSED
             CMTD

DT: 02/13/1992    CRT:    NORTHAMPTON DISTRICT( 45)       DKT#     9245CR707A
OFFENSE: OPER UND INFL OF LIQ(111A)
DISPOSITION: C 3/20/92 G 90DA CMTD
                                                              STATUS: CLOSED

DT: 11/01/1988    CRT:    HAMPDEN SUPERIOR( 79)           DKT#        885594
OFFENSE: ARSON(ARSON)
DISPOSITION: 6/29/89 4-6 YRS CMTD
                                                              STATUS: CLOSED

DT: 09/23/1988    CRT:    CHICOPEE DISTRICT( 20)          DKT#     8820CR1803A
OFFENSE: BURNING BUILDING(BRN BLDG)
DISPOSITION: C 11/4/88 DISM
                                                              STATUS: CLOSED

                      LEGAL EXHIBIT
                         003

PCF  ADULT  RECORD INFORMATION AS OF 08/04/2004      PAGE   2 OF   2

PRIM NAME: SCHENKER, KARL WILLIAM          DOB: ░░/░░/1964 PCF#: 611921

                                                              DNA

DT: 02/06/1987    CRT:   NORTHAMPTON DISTRICT( 45)          DKT#       87CR323A
OFFENSE: BURNING DWELLING HOUSE(BRN DWL HO)              DWELL HOUSE
DISPOSITION: C 4/21/88 NP                                   STATUS: CLOSED


DT: 02/06/1987    CRT:   NORTHAMPTON DISTRICT( 45)          DKT#       87CR323B
OFFENSE: BURNING(BRN)                                    PERS PROP
DISPOSITION: C 4/21/87 NP                                   STATUS: CLOSED


DT: 06/13/1986    CRT:   HAMPSHIRE SUPERIOR( 80)           DKT#          86041
OFFENSE: BURNING BUILDING(BRN BLDG)
DISPOSITION: 10/30/86 3-5 YRS SS PROB 5 YRS,6/21/89 VOP 3-5    STATUS: CLOSED
             YRS MCI CJ IMPOSED


DT: 05/06/1986    CRT:   NORTHAMPTON DISTRICT( 45)         DKT#     8645CR2616
OFFENSE: BURNING BUILDING(BRN BLDG)
DISPOSITION: C 6/16/86 DISM INDICT                          STATUS: CLOSED

EXHIBIT -004

Karl W. Schenker, #W83912
Massachusetts Correctional Institution at Concord
965 Elm Street, Concord, MA 01742

15, October, 2004.

Ms. Paula Merra,
Chief of Police
Springfield Police Department
Pearl Street
Springfield
MA
01104

LEGAL EXHIBIT

004A

re: GAY LIASON, OFFICER- Michael Karney,
MASS. STATE POLICE REPORT No. 2004-109-0197

Dear Chief Merra,

Your attention is kindly demanded, concerning biased/slanderous remark, by Mr. Karney. In above-entitled case number:

ON PAGE #8, of Case Number: 2004-109-0197, Officer Karney, affirms:

"Karl, would not hesitate to burn the apartment down while you slept. You need to get out of that apartment tonight."

One, month ago I made written querry to Officer Karney, in this matter to no avail.

At any and all times, past and present, I have never acted in manner too commit act of homicide. As Officer Karney does so allege. His remarks are unfounded, and of unsupported fact.

Ms. Merra, all I am seeking is letter of apology in this matter, within sixty days from above-date of mailing. Failure to aver such letter, shall result in, formal complaint filed in United States District Court for western District of Massachusetts, under, TITLE 42 U.S.C.A. ss. 1983; against city of Springfield, Springfield Police Report, and Officer Karney.

I look forward to your rebutal, it is greatly welcomed. Thank you for your time.

Respectfully,

APPENDIX- II (b)

Counsel for defendant (s) Merra, Carney,
Response to plaintiff's civil complaint.

xiii.

# CITY OF SPRINGFIELD
## LAW DEPARTMENT
36 Court Street
Springfield, Massachusetts 01103
413-787-6085
FAX: 413-787-6173
TTY: 413-787-6643

Patrick J. Markey, City Solicitor
Harry P. Carroll, Deputy City Solicitor
Chief of Litigation
Edward M. Pikula
Chief Legal Services
Wayman Lee
Associate City Solicitors
Kathleen T. Breck
Melvyn W. Altman
Peter M. Murphy
Robert J. Warren

Assistant City Solicitors
John T. Liebel
Alesia H. Days
Michael E. Mulcahy
Laura M. Marino
John P. McKenna
Maria T. Puppolo
Lisa C. deSousa
Collective Bargaining Agent
Clement P. Chelli

April 5, 2005

Mr. Karl W. Schenker
~~W-82912~~ — *wrong, prisoner number, thus delayed service of your response to be placed in my receipt ~~Karl W. Schenker~~, —April, 2005*
Massachusetts Correctional Institution at
Shirley, Medium
Harvard Road
P.B. Box 1218
Shirely, MA  01464

Re:  ***Karl W. Schenker vs. Paula Meara and Michael Carney***
     **US District Court Civil Action Number 04-03243-KPN**

Dear Mr. Schenker:

I am in receipt of your letter to Mayor Ryan, dated April 1, 2005.

I will be representing the defendants in this matter.  Our Answer along with my Appearance was filed in US District Court on March 31, 2005.

I assume that your letter along with the copies of our filings crossed in the mail.  However, incase you have not already received our filings, I am enclosing another copy of each document.

Please feel free to address any correspondence you may have regarding this case directly to my attention.

Very truly yours,

Edward M. Pikula, Esq.

EMP:sal

46872

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30243-KPN

|  |  |
|---|---|
| KARL W. SCHENKER<br>    Plaintiff<br><br>v.<br><br>PAULA MEARA and<br>MICHAEL CARNEY<br>    Defendants | **ANSWER OF<br>DEFENDANTS<br>PAULA MEARA and<br>MICHAEL CARNEY** |

Now come the Defendants **PAULA MEARA and MICHAEL CARNEY** and answer each and every allegation contained in the Plaintiff's Complaint as follows:

### JURISDICTION

1.  The Defendants deny the allegations contained in paragraph 1 of the Complaint.

### PARTIES

2.  The Defendants have insufficient information to either admit or deny the allegations contained in paragraph 2 of the Complaint.

3.  The Defendants admit the allegations that allege Defednat Meara is a "state actor" as "Chief" but have insufficient knowledge to either admit or deny the balance of the allegations contained in paragraph 3 of the Complaint.

4.  The Defendants admit the allegations contained in paragraph 4 of the Complaint.

### Civil Action Complaint – Ground Number – One:

5.  The Defendants states that the document referred to speaks for itself and no further answer is required.

6.  The Defendants deny the allegations contained in paragraph 6 of the Complaint.

### Gound Number - Two

7.  The defendants repeat, reallege and incorporate by reference their answers as set forth in paragraphs 1 through 6 above.

46517

8. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph 8 of the Complaint and state that the document referred to speaks for itself.

9. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph 9 of the Complaint and state that the document referred to speaks for itself.

10. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph 10 of the Complaint.

11. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph 11 of the Complaint.

12. The Defendants deny the allegations contained in paragraph 12 of the Complaint.

### **Ground Number - Three**

13. The defendants repeat, reallege and incorporate by reference their answers as set forth in paragraphs 1 through 12 above.

14. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph 14 of the Complaint and state that the document referred to speaks for itself.

15. The Defendants admit that Defendant Carney is a police officer and a gay man who has a residence in Springfield, but deny the balance of the allegation contained in paragraph 15.

16. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph 16 of the Complaint.

17. The Defendants have insufficient information to either admit or deny the allegations contained in paragraph 14 of the Complaint and state that the document referred to speaks for itself.

18. The Defendants deny the allegations contained in paragraph 18 of the Complaint.

### **CAUSE OF ACTION**

19. The defendants repeat, reallege and incorporate by reference their answers as set forth in paragraphs 1 through 18 above.

46517

**WHEREFORE, Defendants respectfully:**

Deny that Plaintiff is entitled to any award of damages, and request that the relief sought

be denied and the Complaint be dismissed.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of the Complaint.

### SECOND DEFENSE

The Plaintiff failed to comply with statutory requirements contained in G.L. c. 258.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief requested can be granted.

### FOURTH DEFENSE

The Defendants reserve the right to recover costs and attorneys fees in the event that the

above action is found frivolous or in bad faith.

### FIFTH DEFENSE

The alleged actions of the Defendants were neither the proximate nor the actual cause of

any damages suffered by the Plaintiff.

### SIXTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the

Defendants as no custom or official policy of the municipality caused a violation of the

Plaintiff's civil rights.

### SEVENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the

Defendants, as the conduct did not amount to a reckless disregard or deliberate

46517

indifference to the civil rights of inhabitants within the City.

**EIGHTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against the Defendants, as liability cannot be imposed on the grounds of *respondeat superior*.

**NINTH DEFENSE**

The Plaintiff cannot recover against the municipality, as the alleged actions of the public employees are exempt from the provisions of the Tort Claims Act under chapter 258 10.

**TENTH DEFENSE**

The Defendants answer that at all times they acted reasonably, within the scope of official discretion and with a good faith belief that the actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Complaint which bear on state or federal law question.

**ELEVENTH DEFENSE**

The Plaintiff is barred from recovery because this action has not been brought within the time specified by law.

**TWELVTH DEFENSE**

The Plaintiff is collaterally estopped from recovery.

**THIRTEENTH DEFENSE**

The Plaintiff is barred from recovery by *res judicata*.

**FOURTEENTH DEFENSE**

Based on information and belief, the Defendants' actions were objectively reasonable in light of the facts and circumstances and existing law without regard to underlying intent

46517

or motivation.

**FIFTEENTH DEFENSE**

The actions alleged in the Complaint, if found to be violative of any laws, were not taken pursuant to any policy or custom promulgated by the final policy making authority of the City of Springfield.

**SIXTEENTH DEFENSE**

The plaintiff has failed to exhaust administrative remedies.

**SEVENTEENTH DEFENSE**

The injury to plaintiff, if any, was caused by an act or omission of a third party other than a person for whom the Defendants are responsible.

**EIGHTEENTH DEFENSE**

The defendants were justified in their conduct and acts, and therefore not liable to the plaintiff as alleged in the complaint.

**NINETEENTH DEFENSE**

The claims are barred due to qualified, absolute, and or legislative or other immunity or privilege.

**TWENTIETH DEFENSE**

Any claim is based upon an act or omission for which liability does not attach under the provisions of G.L. c. 258, section 10 (a) through (j).

**TWENTY-FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. 1983 against the Defendant as the conduct alleged in the Complaint does not involve any particular right arising under the United States Constitution but merely seeks vindication

46517

for alleged violations of state law.

**TWENTY-SECOND DEFENSE**

The Complaint should be dismissed due to insufficiency of process and/or insufficiency

of service of process.

**TWENTY-THIRD DEFENSE**

Any publication was fair comment, criticisms and discussions, made in good faith and

without malice, upon matters of public interest and general concern, upon public

officials, and upon the public and other conduct and acts of public officials in which the

public had an interest, and, as such, said words were privileged.

**TWENTY-FOURTH DEFENSE**

Any statements made by the defendant were made by in furtherance of official duties and

within the scope of authority, and said statements were made in good faith, without

malice, and while the defendant was under a duty to make them.

**TWENTY-FIFTH DEFENSE**

Any written or spoken words were contained in a private correspondence or conversation,

and the defendant denies that it in any way published the words, or any part thereof and if

the words were published at all, such words were published by or through the plaintiff

and not otherwise.

**TWENTY-SIXTH DEFENSE**

If any words were spoken or written and published as alleged, said words were true, and,

therefore, justified, and were said in the bona fide performance of a duty owed to the

person to whom they were spoken or written, and to a person having a proper interest in

the subject matter thereof and in response to inquiries therefore, and as to the subject

46517

thereof by such person, and were privileged and constituted a privileged communication

without malice.

## THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

THE DEFENDANTS
PAULA MEARA and
MICHAEL CARNEY

By, _____

Edward M. Pikula, Esq.
Associate City Solicitor
BBO# 399770
Law Department
36 Court Street
Springfield, MA 01103
(413) 787-6085
Fax: (413) 787-6173

### CERTIFICATE OF SERVICE

Karl W. Schenker
#W-82912
Massachusetts Correctional Institution at Shirley, Medium
Harvard Road
P.B. Box 1218
Shirley, MA  01464

I, Edward M. Pikula, hereby certify that I caused a copy of the foregoing document to be delivered to the above named, this 31st day of March, 2005.

_____

Edward M. Pikula, Esq.

46517

## APPENDIX - II (c)

Proof of Process, of Plaintiff's civil complaint, on defendant(s)

1. Paula Merra, 2, March, 2005.
2. Michael Carney, 2, March, 2005.

## XIV.

**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
*See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Karl W. Schenker | CA04-30243-KPN |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Michael Carney | /C |

**SERVE** ➡ NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Mr. Michael Carney, Prison Liason

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

**AT** Springfield Police Dept, 130 Pearl St, Spfld MA 01104

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Karl W. Schenker Pro Se #W55412
Mass. Corr. Inst at Shirley Medium
Harvard Road, P.O. Box 1218
Shirley, Mass 01464

Number of process to be served with this Form - 285

Number of parties to be served in this case: 2

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Go to front door, proceed on front counter, ask police officer on duty for officer/Detective Michael Carney

Signature of Attorney or other Originator requesting service on behalf of: PLAINTIFF / DEFENDANT

TELEPHONE NUMBER: —    DATE: 20 Dec, 2004

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

Total Process No. 30  District of Origin No. 30  District to Serve No. 30

Date 12/22/04

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Date of Service | Time | am/pm |
|---|---|---|
| 3-2-05 | 1:00 | pm |

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|

REMARKS: Served office of the Chief.

**NOTE**

PRIOR EDITIONS MAY BE USED    **3. NOTICE OF SERVICE**    FORM USM-285 (Rev. 12/15/80)

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Karl W. Schenker | CA 04-30243-KPN |
| DEFENDANT | TYPE OF PROCESS |
| Paula Merra | S/C |

**SERVE** → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Ms. Paula Merra  Springfield Police Department

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

130 Pearl Street, Springfield Ohio MA

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Karl G. Schenker, P.O.B 8300
M.C.I. -Shirley, Med.
Harvard Rd., Box 1218
Shirley, MA

| Number of process to be served with this Form - 285 | 1 |
|---|---|
| Number of parties to be served in this case | 2 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Go to front desk and ask police officer on duty for
Chief Paula Merra

Signature of Attorney or other Originator requesting service on behalf of:  ☒ PLAINTIFF  ☐ DEFENDANT   TELEPHONE NUMBER   DATE  10 Dec, 2001

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. 30 | District to Serve No. 30 | Signature of Authorized USMS Deputy or Clerk | Date 12/3/04 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☒ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) | Date of Service 3/2/05   Time 1:00   pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|

REMARKS: Served Office of the Clerk.

NOTE

PRIOR EDITIONS
MAY BE USED

**3. NOTICE OF SERVICE**

FORM USM-285 (Rev. 12/15/80)

# APPENDIX - II (d)

Plaintiff's Request for Default
against Defendant(s):

1. Paula Merra,   23, March, 2005.
2. Michael Carney,  23, March, 2005.

## XV.

Karl W. Schenker, Pro-Se, #W-83912
Massachusetts Correctional Institution at Shirley, Medium
Harvard Road, P.O. Box 1218
Shirley, MA 01464

Date: 3/23/05

MS. Bethaney Healy,
Court Room Clerk,
United States District Court For
Western Section of Massachusetts
Federal Building and Court House
1550 Main Street
Springfield, Mass. 01103

re: Schenker v. Merra    Civil No. 3:04-cv-30243-KPN

Dear MS. Healy,

Enclosed please find for filing in above-entitled civil matter, cited below.
Also will you kindly notify Honorable Magistrate Judge Kenneth P. Neiman.

1. Cover letter to Court Room Clerk.
2. Cover letter to Defendant Paula Merra.
3. Clerk's Notice.
4. Request For Default.
5. Affidavit in Support.
6. Certificate of Service.

Will you kindly bring my request for default to attention of this Honorable Court, and notify me of decision and/or hearing date.

Thank you for your time and attention in this very important matter.

Yours very respectfully,

Karl W. Schenker, Pro-Se, #W-83912
Massachusetts Correctional Institution at Shirley, Medium
Harvard Road,  P.O. Box 1218
Shirley,  Mass,  01464

Date: 3/23/05

Ms. Paula Merra,
defendant.
Chief of Police
Springfield Police Department
130 Pearl Street
Springfield, MA 01104

RE: _Schenker v. Merra_    Civil No. _3:04-CV-30243-KPN._

Dear Ms. Merra,

Enclosed please find cited below having been filed in above-entitled civil matter, with United States District Court For Western Section of Massachusetts.

1. Cover letter to Court Room Clerk.
2. Cover letter to Defendant Merra.
3. Request for Default.
4. Affidavit in support.
5. Clerk's Notice.
6. Certificate of Service.

If you have any questions please do not hesitate to contact me.

Thank you for your time and attention in this very important matter.

Yours very respectfully,

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN SECTION OF MASSACHUSETTS

Civil Action No. 3:04-CV-30243-KPN.

Karl W. Schenker,
Plaintiff,

V.

Paula Merra,
Defendant.

CLERK'S NOTICE.

TO:    Court Room Clerk,
       U.S. Dist. Ct. for
       West. Sect. Mass.

Dear Ms. Healy,

      Will you kindly enter default against defendant Paula Merra,
for her failure to make or plead affirmative response to plaintiff's
civil complaint with in specified time limit of twenty days.

                            Respectfully submitted by the Plaintiff,

Date:  3/23/05

                            Karl W. Schenker, Pro-Se
                            #W-83912
                            M.C.I. at Shirley, Medium
                            Harvard Road
                            P.O. Box 1218
                            Shirley, MA 01464

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN SECTION OF MASSACHUSETTS

Civil Action No. 3:04-CV-30243-KPN.

Karl W. Schenker,
Plaintiff,
        V.
Paula Merra,
Defendant.

PLAINTIFF'S REQUEST FOR
DEFAULT.

Now comes Karl W. Schenker, in above-captioned civil matter pursuant, Fed. R. Civ. P. Rule 55(a), kindly requests this Honorable Court default the defendant Paula Merra, for her failure to make affirmative response or otherwise defend against plaintiff's civil action complaint within specified time limit of 20, days, based on following grounds.

01. On, 1, day, December, 2004, Plaintiff filed this Civil Actioned matter with this Honorable Court

02. On, 2, day, march, 2005, U.S. marshal served defendant Paula Merra, with copy of his civil complaint, and summons.

03. On, 23, day, march, 2005, the twenty days upon which defendant Paula Merra, has had to plead affirmative response or otherwise make affirmative response under, Fed. R. Civ. P. Rule 12, to his civil complaint has now expired.

Wherefore, he kindly prays this Honorable Court accept this Request under pains and penalties of perjury, this, —, day, 2005.

Respectfully submitted by the Plaintiff,

Karl W. Schenker, Pro-Se, #w-83912
M.C.I. - Shirley, medium
Harvard Road
P.O. BOX 1218
Shirley, Mass. 01464

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN SECTION OF MASSACHUSETTS

Civil Action No. 3:04-CV-30243-KPN.

Karl W. Schenker,
Plaintiff,
        V.
Paula Merra,
Defendant.

PLAINTIFF'S AFFIDAVIT
IN SUPPORT.

1.  I, Karl W. Schenker, am Affiant herein do affirm to be true and correct.

2.  Presently I am in lawful care and custody of Massachusetts Correctional Institution at Shirley, Medium, Harvard Road, P.O. Box 1218, Shirley, Mass. 01464.

3.  The defendant Paula Merra, is state actor, as Chief of Police, for Springfield Police Department, at 130 Pearl Street, Springfield, Mass, 01104.

4.  On, 1, day, December, 2004, I filed this civil actioned matter against defendant Paula Merra, with this Honorable Court.

5.  On, 2, day, March, 2005, U.S. Marshal served defendant Paula Merra, with copy of Summons, and my civil action complaint.

6.  On, 23, day, March, 2005, the twenty days upon which the defendant Paula Merra, under, Fed. R. Civ. P. Rule 12, has had to make affirmative response or otherwise defend against my civil complaint has now expired.

7.  This affidavit is made in support of my request for default against the defendant Paula Merra, under, Fed. R. Civ. P. Rule 55 (a).

8.  The defendant Paula Merra, is NOT, an infant person, incompetent, in penal institution, or military service.

Made and signed under pains and penalties of perjury, this, ____, day, 2005.

Respectfully submitted by the Affiant,

Karl W. Schenker, Pro-Se
#W-83912
M.C.I. - Shirley, Medium
Harvard Road
P.O. Box 1218
Shirley, MA 01464

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN SECTION OF MASSACHUSETTS

Civil Action No. 3:04-30243-KWP.

Karl W. Schenker,
Plaintiff,
           V.
Paula Merra,
Defendant.

CERTIFICATE OF SERVICE.

    I, Karl W. Schenker, hereby certify on oath, my request and
affidavit in support for default against defendant Paula Merra,
is true and correct to best of my knowledge and belief, and has
been served on below cited, by Regular First Class U.S. Postage
under pains and penalties of perjury, this, 33 day, march, 2005.

1.    MS. Bethaney Healy,
      Court Room Clerk,
      United States District Court For
      Western Section of Massachusetts
      Federal Building and Court House
      1550 Main Street
      Springfield, MA 01103

2.    MS. Paula Merra, defendant,
      Chief of Police,
      Springfield Police Department
      130 Pearl Street
      Springfield, MA 01104

              Respectfully submitted by the Plaintiff,

              _Karl W. Schenker_ (signature)
              Karl W. Schenker, Pro-Se
              #W-83912
              M.C.I. - Shirley, medium
              Harvard Road
              P.O. BOX 1218
              Shirley, Mass. 01464

Karl W. Schenker, Pro-Se, #W-83912
Massachusetts Correctional Institution at Shirley, Medium
Harvard Road, P.O. BOX1218
Shirley, MA 01464

Date: 3/23/05

Ms. Bethaney Healy,
Court Room Clerk,
United States District Court For
Western Section of Massachusetts
Federal Building and Court House
1550 Main Street
Springfield, MA 01103

re: Schenker V. Carney          Civil No. 3:04-CV-30243-KPM

Dear Ms. Healy,

Enclosed please find for filing cited below in above-entitled civil matter. Also
will you notify Honorable Magistrate Judge Kenneth P. Neiman.

1. Cover letter to Court Room Clerk.
2. Cover letter to defendant Michael Carney
3. Clerk's Notice,
4. Request for Default.
5. Affidavit in Support.
6. Certificate of Service.

Will you kindly bring my request for default to attention of this Honorable
court, and kindly notify me of decision and/or hearing date.

Thank you for your time and attention in this very important matter.

Yours very respectfully,

Karl W. Schenker, Pro-Se, #w-83912
Massachusetts Correctional Institution at Shirley, Medium
Harvard Road,    P.O. Box 1218
Shirley, MA 014646

Date: 3/23/05

Mr. Michael Carney,
defendant,
Detective,
Gayl Liason,
Springfield Police Department
130 Pearl Street
Springfield, MA 01104

re: Schenker v. Carney,    Civil No. 3:04-CV-30243-KPN.

Dear Mr. Carney,

Enclosed please find cited below having been filed in above-entitled civil matter with United States District Court For Western Section of Massachusetts.

1. Cover letter to Court Room Clerk.
2. Cover letter to Defendant Carney.
3. Clerk's Notice.
4. Request For Default.
5. Affidavit in support.
6. Certificate of Service.

If you have any questions please do not hesitate to contact me.

Thank you for your time and attention in this very important matter.

Yours very respectfuily,

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN SECTION OF MASSACHUSETTS

Civil Action No. 3:04-CV-30243-KNP.

Karl W. Schenker,
Plaintiff,
v.
Michael Carney,
Defendant.

CLERK'S NOTICE.

TO: Court Room Clerk
U.S. Dist. Ct. for
W. Sect. Mass.

Dear Ms. Healy,

will you kindly enter default of the defendant Michael Carney, for his failure to make or plead affirmative response to plaintiff's civil complaint within specified time limit of twenty days.

Respectfully submitted by the Plaintiff

Date: 3/23/05

Karl W. Schenker, Pro-Se
#W-83912
MCI-Shirley, Medium
Harvard Road
P.O. Box 1218
Shirley, MA 01464

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN SECTION OF MASSACHUSETTS

Civil Action No. 3:04-CV-30243-KPN.

Karl W. Schenker,
Plaintiff,
        V.
Michael Carney,
Defendant.

PLAINTIFF'S REQUEST FOR
DEFAULT.

Now comes Karl W. Schenker, in above-captioned civil matter pursuant, Fed. R. Civ. P. Rule 55(a), kindly requests this Honorable court default the defendant Michael Carney, for his failure to make affirmative response or otherwise defend against plaintiff's civil action complaint with in the specified time limit of, 20, days, based on following grounds.

01.    On, 1, day, December, 2004, he filed this civil Action complaint with this Honorable court.

02.    On, 2, day, march, 2005, U.S. marshal served defendant michael carney, with copy of summons and his civil complaint.

03.    On, 23, day, march, 2005, the twenty days upon which defendant michael carney, has had to plead affirmative response or otherwise defend under, Fed. R. Civ. P. Rule 12, against plaintiff's civil complaint has now expired.

Wherefore, he kindly prays this Honorable court accept this Request under pains and penalties of perjury, this, 23, day, march, 2005.

Respectfully submitted by the Plaintiff,

Karl W. Schenker, Pro-se
#W-83912
M.C.I. at Shirley, medium
Harvard Road
P.O. Box 1218
Shirley, MA 01464

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN SECTION OF MASSACHUSETTS

Civil Action No. 3:04-cv-30243-KPN.

Karl W. Schenker,
Plaintiff,
            V.
Michael Carney,
Defendant.

PLAINTIFF's AFFIDAVIT IN
SUPPORT.

1.   I, Karl W. Schenker, am affiant herein do affirm to be true and correct.

2.   Presently, I am in lawful care and custody of Massachusetts Correctional Institution at Shirley, Medium at Shirley, Medium, Harvard Road. P.O. BOX 1218, Shirley, MA 01464.

3.   The defendant  Michael Carney, is state actor, as detective, Gay/ Liason, at Springfield Police Department, 130 Pearl Street, Springfield, MA 01104.

4.   On, 1, day, December, 2004, I filed this Civil Actioned matter against defendant Michael Carney, with this Honorable Court.

5.   On, 2, day, March,    2005, U.S. Marshal served defendant Michael Carney, with copy of summons and my civil action complaint.

6.   On, 23 day, March,    2005, the twenty days upon which the defendant Michael Carney, under, Fed. R. Civ. P. 12, has had to make affirmative response or otherwise against my civil complaint has now expired.

7.   This  affidavit  is  made in support of my request for default against defendant Michael Carney, under, Fed. R. Civ. P. Rule 55 (a).

8.   The  defendant Michael Carney, is NOT, an infant person, incompetent, in penal institution or military service.

made and signed under pains and penalties of perjury, this, 23, day, March, 2005:

Respectfully submitted by the Affiant.

Karl W. Schenker, Pro-Se, #W-88912
MCI-Shirley, Medium
Harvard Road
P.O. BOX 1218
Shirley, MA 01464

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN SECTION OF MASSACHUSETTS

Civil Action No. 3:04-cv-30243-KNP.

Karl W. Schenker,
Plaintiff,
        v.
Michael Carney,
Defendant.

CERTIFICATE OF SERVICE.

I, Karl W. Schenker, hereby certify on oath, my request, and affidavit in support, for default against defendant Michael Carney. is true and correct to best of my knowledge and belief, and has been served on below cited. by regular First Class Postage. under the pains and penalties of perjury, this, 23, day, march, 2005.

1.   Ms. Bethaney Healy, Court Room Clerk, United States District Court For western section of Massachusetts, Federal Building and court House, 1550 main Street, Springfield, MA 01103.

2.   Mr. Michael Carney, defendant, Detective, Gay/Liason, Springfield Police Department, 130 Pearl Street, Springfield, Mass. 01104.

Respectfully submitted by the Plaintiff,

Karl W. Schenker, Pro-se
#W-83912
mCI - Shirley, medium
Harvard Road
P.O. BOX 1218
Shirley, MA 01464