UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30243-MAP

| | |
|---|---|
| KARL W. SCHENKER<br>　　　　Plaintiff<br><br>v.<br><br>PAULA MEARA and<br>MICHAEL CARNEY<br>　　　　Defendants | MEMORANDUM IN SUPPORT<br>OF MOTION OF<br>DEFENDANTS<br>PAULA MEARA and<br>MICHAEL CARNEY<br>TO DISMISS |

## INTRODUCTION

The plaintiff filed this complaint alleging defendants action toward him violate The First Amendment of the United States Constitution and M.G.L. c. 258. (See Complaint "Causes of Action" on p. 5). He requests "retraction" of defamatory remarks and monetary damages. The facts alleged appear to arise in the context of remarks alleged to have been made by a Springfield Police Officer to a another person named Mark Garapollo. Specifically, that defendant Carney said, "you need to get out of your apartment now" and that plaintiff was "perfectly capable of burning my house down while I slept". Plaintiff alleges that Carney's remarks were repeated at his violation of probation hearing in court. (See "Ground Number Two" in Complaint)There is no allegation that plaintiff is wrongfully incarcerated or convicted or arrested. In fact, the complaint alleges that he is a "lawfully committed prisoner" (complaint paragraph 2). Moreover, plaintiff does not dispute that he has committed arson as to two bars with a reputation for having gay patrons. (Complaint paragraph 14) What plaintiff is

47243

1

complaining about is that Carney's remarks were defamatory as they allege that plaintiff may commit a homicide as during the course of an arson, something which plaintiff says he would never do, and which holds him in a false light. Based on the applicable law, the complaint must be dismissed.

**Failure to state a claim**

*a. Federal claims*

Plaintiff does not make any factual allegation alleging wrongdoing by Chief Paula Meara. Carney's alleged statements cannot in any way be attributed to defendant Meara. As the Court of Appeals for the First Circuit has held, "[a] supervisor 'may be found liable [under § 1983] only on the basis of [his] own acts or omissions' [citation omitted].... [T]here must be 'an affirmative link' between the street-level misconduct and the action, or inaction, of supervisory officials [citation omitted]." *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 562 (1st Cir.1989). Plaintiff's complaint suggests only that Carney reported to Meara. There is no evidence in the record that Meara explicitly or implicitly authorized or approved the particular statements made by Carney. As such, any claim against Meara must be dismissed.

As to Carney, plaintiff only claims that the statement made by Carney constitutes a violation of First Amendment rights, presumably remediable under § 1983. Plaintiff appears to rely on a constitutional defamation theory. In response, Defendant states that no such cause of action is remediable and even if it did, they raises a qualified immunity defense.

In general, a person's charge of defamation, "standing alone and apart from any other governmental action with respect to him," does not state a claim for relief under §

47243

2

1983. *Paul v. Davis,* 424 U.S. 693, 694, 96 S.Ct. 1155, 1157, 47 L.Ed.2d 405 (1976). The Court of Appeals for the First Circuit has interpreted *Paul* to mean that, in order for a defamation claim to be actionable under § 1983, any "injury to reputation must be accompanied by a change in the injured person's status or rights (under state or federal law)." *Beitzell v. Jeffrey,* 643 F.2d 870, 878 (1st Cir.1981).

The question presented is whether there was any "defamation plus" involved here and if so, whether it was "clearly established" at the time of the statement that whatever would constitute the "plus" required under *Paul*'s "defamation-plus" standard so as to defeat the defense of qualified immunity.

The uncertainties on this question in both Supreme Court and First Circuit caselaw compel the conclusion that plaintiff has not proven defendants are entitled to dismissal, and that they are not entitled to qualified immunity.

The date of the incident is not clear from the complaint. It appears to be sometime between an Arson conviction in 1995 and a violation of probation hearing around July 7, 2004.

In *Duca v. Martins*, 941 F.Supp. 1281 (D. Mass. 1996) Judge Wolf stated: "[t]o date, the Court of Appeals for the First Circuit has not held that defamation accompanied by an arrest, illegal or otherwise, constitutes a violation remediable under § 1983. Nor has it signaled it would likely do so."

As previously noted, the plaintiff here does not allege that his arrest or incarceration is in any way connected to the remark. In *Paul v. Davis,* the Supreme Court in 1976 considered a § 1983 claim arising from allegedly defamatory statements made in a flyer distributed by the police to local merchants. Davis, who had been previously

3

47243

arrested and acquitted of shoplifting charges, was depicted on the flyer as an "Active Shoplifter". In rejecting his claim, the Court stated: "If respondent's view is to prevail, a person arrested by law enforcement officers who announce that they believe such person to be responsible for a particular crime in order to calm the fears of an aroused populace, presumably obtains a claim against such officers under § 1983.... It is hard to perceive any logical stopping place to such a line of reasoning."*Paul*, 424 U.S. at 698, 96 S.Ct. at 1159.

Under the circumstances here, no constitutional violation could ever be submitted to a jury, and even if it could, the defendants would be entitled to qualified immunity.

In *Celia v. O'Malley*, 918 F.2d 1017 (1st Cir.1990), plaintiff claimed that he was injured by defamatory remarks made by prosecutors and police officers during the course of a criminal investigation. The court denied his § 1983 claim with respect to these statements, explaining that: "Celia had not alleged facts sufficient to establish a connection between the *alleged constitutional violation* (viz., the right not to be tried without indictment) and the prosecutors' defamatory statements.... The complaint thus fails to establish the necessary nexus between the purported *independent constitutional violation* and the defamatory statements, and, therefore, does not state a claim under § 1983." *Celia*, 918 F.2d at 1021 (emphasis added).

In *Celia*, the First Circuit distinguished cases where the alleged defamatory remarks were closely connected, in timing and in substance, to the *independent constitutional violation*." *Id.* (emphasis added). The language in *Celia* leaves the clear impression that the "plus" required under the *Paul* "defamation-plus" framework (at least in the non-employment law context) must be an "independent constitutional violation".

47243

4

As discussed previously, the arrest or incarceration of plaintiff did not for present purposes constitute an "independent constitutional violation." As such, this case is distinguishable cases where "defamation plus" has been considered.

### b. State law claims

When a court dismisses a case in defendant's favor on all federal claims, it should simply dismiss any pendent state claims to allow the plaintiff to refile them in state court. *Rivera v. Murphy,* 979 F.2d 259, 264-65 (1st Cir.1992) (citing *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)); *see also United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

In this case, however, Defendants specifically request that the Court decide the state claims on the merits rather than dismissing them. *See Cusumano v. Microsoft Corp.,* 162 F.3d 708, 712 (1st Cir.1998)

Supplemental jurisdiction is limited to "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). The Court has the authority to address those claims that relate to the same "nucleus of operative fact" as the federal due process claim. *Gibbs,* 383 U.S. at 725, 86 S.Ct. 1130.

Plaintiff's federal claim is based on the identical facts surrounding his state claim of defamation and are therefore directly related to the federal due process claim. As such, it is appropriate here.

In addition, the statements are not compensable under The Tort Claims Act. G.L.

47243

5

c. 258, § 10(c), excludes from the act any claim arising out of an intentional tort. *Lafayette Place Assocs. v. Boston Redevelopment Authy.*, 427 Mass. 509, 528 (1998), cert. denied, 525 U.S. 1117 (1999). See *Tilton v. Franklin,* 24 Mass.App.Ct. 110, 113 (1987) (slander and libel among those intentional torts specifically enumerated in § 10[c] as excepted from the waiver of immunity effected by the Tort Claims Act).

At best, plaintiff has alleged a state common law claim for defamation. However, under the circumstances here, such a claim is not properly plead.

To state a cause of action for defamation, a plaintiff must show: (1) a false and defamatory communication, (2) of and concerning him, which is (3) published or shown to a third party. *Dorn v. Astra,* 975 F.Supp. 388, 396 (D.Mass.1997). The alleged defamatory statements must be factual assertions, beyond mere opinion. *Aldoupolis v. Globe Newspaper Co.,* 398 Mass. 731, 733-734, 500 N.E.2d 794 (Mass.1986).

Here, plaintiff does not contest that he has been properly convicted of arson, and it is a valid for one to have an opinion that a homicide could occur as a result of arson, even without the arsonist intending to cause physical harm to any person.

Since rhetorical hyperbole or pure opinion is not actionable in defamation. *Lyons v. Globe Newspaper Co.,* 415 Mass. 258, 266-67, 612 N.E.2d 1158 (Mass.1993) and because the alleged comment was clearly an opinion and not a factual assertion, the statement was not defamatory.

Accordingly, defendants are entitled to dismissal.

## CONCLUSION

Based on the foregoing, defendants respectfully request that this court deny that plaintiff is entitled to any award of damages, and request that the relief sought be denied and the Complaint be dismissed.

THE DEFENDANTS
PAULA MEARA and
MICHAEL CARNEY

By, _____
Edward M. Pikula, Esq.
Associate City Solicitor
BBO# 399770
Law Department
36 Court Street
Springfield, MA 01103
(413) 787-6085
Fax: (413) 787-6173

## CERTIFICATE OF SERVICE

Karl W. Schenker
#W-82912
Massachusetts Correctional Institution at Shirley, Medium
Harvard Road
P.B. Box 1218
Shirley, MA 01464

I, Edward M. Pikula, hereby certify that I caused a copy of the foregoing document to be delivered to the above named, this 2nd day of May, 2005.

_____
Edward M. Pikula, Esq.

47243