IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN SECTION OF MASSACHUSETTS

Civil Action No. 3:04-CV-30243-KPN.

Karl W. Schenker,
Plaintiff,

V.

Paula Merra, et. al.,
Michael Carney,

V.

Mark Garappolo,
Defendants.

PETITION TO AMEND, WITH PERMISSIVE JOINDER OF PARTIES, MEMORANDUM OF LAW IN SUPPORT.

Now comes Karl W. Schenker, in above-captioned civil matter pursuant, Fed. R. Civ. P. Rule 15(d), petitions this Honorable Court allow him to Amend his civil action complaint, in addition add Mark Garappolo, pursuant, Fed. R. Civ. P. Rule 20(a), as permissive joinder, third party defendant to above-captioned civil matter, based on following grounds.

1. On, 1. December, 2004, he filed this civil action with this Court against defendants Paula Merra, and Michael Carney.

2. On, 2. March, 2005, U.S. Marshal served, hand delivered copy of original summons and civil complaint on defendant(s) Paula Merra, and Michael Carney.

01.

Plntf. Pet. Amnd. Civ. Compl.

3. <u>Fed. R. Civ. P. Rule 15(d)</u>, allows a petitioner to amend his civil complaint after service has been made in order to all new subsequent facts as they emerge to complaint; relevant to original claims presented in civil complaint.

4. <u>Fed. R. Civ. P. Rule 20(a)</u>, allows petitioner to enjoin permissive of parties who are pertinent to claims presented in civil complaint.

## PLAINTIFF'S AMENDED CIVIL COMPLAINT

### i. JURISDICTION

5. Wherefore, he kindly requests, <u>Title 28 USC § 1331</u>, be added to existing jurisdiction.

### ii. VENUE

6. Wherefore, he kindly request venue pursuant, <u>Title 28 USC §§ 1391 (a) (e), 1407</u>, be added to this civil actioned matter.

### iii. PERMISSIVE JOINDER - THIRD PARTY DEFENDANTS

7. The Defendant Mark Garappolo, ("herein after: defendant Garappolo"), is private actor, whom has address at: 2nd. Floor, 450 Belmont Ave., in City of, Springfield, County of, Hampden, State of, Massachusetts 01109. The defendant Garappolo, is hereby sued in his individual and official capacity.

Plntf. Pet. Amnd. Civ. Compl.

### iv. FACTS, INCORPORATING DEFENDANT GARAPPOLO

8. Defendant Garappolo, is gay man, and was bartender at gay bar, (i.e. Pub Lounge), at time of incident.

9. On, Sunday, 23, May, 2004, defendant Carney, at Pub Lounge verbally communicated too defendant Garappolo. That plaintiff, was perfectly capable of burning "Garappolo's", house down while he slept. SEE: EXHIBIT-001, attached hereto.

> EXHIBIT-001, Affidavit of: Mark Garappolo, Mass. State Police Report, No. 2004-109-0197, paragraph-3, page number 5 of 5.

10. Defendant Garappolo, did then verbally communicate defendant Carney's false remark about plaintiff to numerous individual(s), as a person who would not hesitate to burn their houses down while they slept.

11. As result of defendant Garappolo, having spread false remark, (SEE: Paragraph-9, herein). Plaintiff is now seen in false light as a person who would burn gay people's residence down while they slept.

Pltf. Pet. Amnd. Civ. Compl.

12. On, 25, May, 2004, defendant Garappolo, spoke with Massachusetts State Police Troopers, Michael C. Barrett, and Dacyczyn, about plaintiff. "EXHIBIT-001", to encourage malicous prosecution to have plaintiff seen as a person who would be able to commit homicide by arson.

13. On, 26, October, 2004, plaintiff sent defendant Garappolo, demand letter for retraction of his false remark. To this present day defendant Garappolo, has ignored this matter, SEE: EXHIBIT-004B, attached hereto.

## V. PRAYERS FOR RELIEF, AGAINST DEFENDANT MARK GARAPPOLO

14. Wherefore he kindly prays this Court order relief against defendant Garappolo.

1. For, letter of retraction, having falsely accussed Plaintiff as a person capable to commit homicide by arson, and;

2. For, monetary award, $75,000.00, and;

3. For, costs, and interests related to this civil action, and;

4. For, any other relief this Court may deem just and proper.

## VI. JURY - DEMAND

15. The plaintiff demands Trial by Court on all issues so triable against Mark Garappolo, pursuant, Fed. R. Civ. P. Rule 39(b).

Plntf. Pet. Amnd. Civ. Compl.

### vii. MEMORANDUM OF LAW IN SUPPORT

#### I. ARGUMENT:

A. Defendant Garappolo falsely accuses plaintiff of criminal enterprise.

1. Under, Knievel v. ESPN, 393 F.3d 1068 (9th Cir. 2005), in a defamation action, when evaluating the threshold question of whether a statement is reasonably capable of sustaining a defamatory meaning the Court must interpret the statement from the stand point of the average reader, judging the statement not in isolation, but with in the context which it was made. SEE: EXHIBIT-001:

> "Karl, was perfectly capable of burning my house down while I slept." I.d. at: EXHIBIT-001, Affidavit of: Mark Garappolo; Mass. State Police Report, No. 2004-109-0197; paragraph-3, page 5 of 5.

For the average reader looking at context of this statement, would form, clear direct, unequivical view plaintiff to be a person capable to commit homicide to average person

05.

Plntf. Pet. Amnd. Civ. Compl.

by means of arson while they slept in their residence. SEE: <u>Sittins v. Joseph</u>, 238 F.Supp.2d 366 (D.mass. 2003).

> Under massachusetts law, relating to defamation, charges of crime are slanderous, and actionable per se without proof of special damages.

<u>also see</u>: <u>Moore v. Equifax Information Services LLC</u>, 333 F.Supp.2d 1361 (N.D. Ga. 2004); <u>Ball v. Wal-Mart, Inc.</u>, 102 F.Supp.2d 44 (D.mass. 2000). Thus defendant Garappolo, in '<u>EXHIBIT-001</u>', creates disparging remark to impute plaintiff in false criminal enterprise. SEE: <u>American Home Assur. Co. v. United Space Alliance</u>, 378 F.3d 482 (5th Cir. 2004).

> Plaintiff may recover for dispargement without ever proving that defendant had knowledge of falsity of publication.

 B. Defendant Garappolo, acts in manner of malicous prosecution of plaintiff.

<u>2</u>. As result of defendant Garappolo, acting upon defendant Carney's false remark, "<u>EXHIBIT-001</u>", and communicating it to Massachusetts State Police. Encouraged state police

Plntf. Pet. Amnd. Civ. Compl.

to view plaintiff with unbridaled contempt, scorn, ridicule, as a person capable to commit homicide by arson; resulting in malicous prosecution of plaintiff to be seen in a defamatory manner. SEE: Arum v. Miller, 273 F.Supp.2d 229, 234 (E.D.N.Y. 2003); Lawson v. New York City Billiards Corp., 333 F.Supp.2d 129 (E.D.N.Y. 2004). Thus, as defendant Garappolo, actions in knowledge defendant Carney's remark to be defamatory, as affirmed in, EXHIBIT-001:

> "I have no reason to mistrust Karl"
> I.d. at: EXHIBIT-001, paragraph-3
> Page No. 5 of 5.

Then for defendant Garappolo, in same paragraph, in, EXHIBIT-001 to assert defamatory remark;

> "Karl, was perfectly capable of burning my house down while I slept."

Creating an injury in fact standing of defendant Garappolo, imputing plaintiff in false criminal action. SEE: Wyble v. Gulf South Pipe Line Co. LP. 308 F.Supp.2d 733 (E.D.Tex. 2004)

C. Defendant Garappolo, JURISDICTION.

3. Under, Mitrano v. Howes, 377 F.3d 403 (4th Cir. 2004), a defendant should be able to anticipate being sued in a court that can exercise personal jurisdiction over him, "28 USC § 1331"

07.

Plntf. Pet. Amd. Civ. Compl.

thus to justify such an exercise of jurisdiction, a defendant's actions must have been directed at the form of State, in more than a random fortuitous, or attenuated way. Same equally applies to defendant Garappolo, whom recieved statement known to him to be false. Then to act in malicous endeavor against plaintiff to be engaged in unfounded criminal activity, creates an injury in fact standing to plaintiff, violating his, <u>U.S.C.A.1 First Amend. U.S. Const.</u>, right to be free from libel.

Wherefore he kindly prays this Honorable Court accept this petition under pains and penalties of perjury, this, 1, day, _May_, 2005.

Respectfully submitted by the Plaintiff,

_____
Karl W. Schenken, Pro-Se, #W-83912
O.C.C.C.
One Administration Road
Bridgewater, MA 02324

### CERTIFICATE OF SERVICE

I, Karl W. Schenken, hereby certify on oath, this petition to be true and correct to best of my knowledge and belief, and has been served by regular First Class U.S. Postage, upon Ct. Rm. Clerk- Healy, U.S. Dist. Ct. W. Sect. Mass., Fdrl. Bldg. Ct. Hse., 1550 Main St., Spfld., MA 01101; and upon- Mr. Edward M. Pikula, BBO#399770, Associate City Solicitor, City of Spfld. Law Dept., 36 Ct. St., Spfld., MA 01103. under pains and penalties of perjury, this, 1, day, _May_, 2005.

_____
Karl W. Schenken, Pro-Se.

EXHIBIT-001

Statement of Mark J. GAROPPOLO DOB 04-09-1958         EXHIBIT - 20
May 24th, 2004
Statements as told to and typed by Tpr. Michael C. Barrett, and Tpr. Dacyczyn

I pushed the lock button and came upstairs. I debated if I should call the Springfield police or not. I was raised not to cry wolf unless your sure. I decided to let it be and didn't call. I ate, watched a little TV and went to bed. I was awake at 4:00 A.M. I looked out my window and the car was gone.

I know that the person was Karl's height, had Karl's walk, was wearing a red hat and mostly I recognized the duffle bag.

With the new Mayor in town they want to clear things up. There is a detective who is openly gay. He stopped in the Pub on Sunday and we were talking. He said you know...let me tell you something...what do you know about Karl. I told him that Karl was a relatively sober person who I have no reason to mistrust. This detective told me that you need to get out of your apartment and you need to get out of there now. He told me to believe him and that he knew extensively of Karl. He told me that Karl was using. He told me that Karl was perfectly capable of burning my house down while I slept.

On May 20th, Thursday, The detective who is in charge of the check thing

On May 20th Anthony called me between 11:00 and 12:00 noon. Apparently the previous night an officer Brooks from the NYC P.D. had called him and said that there was an Olan, Nolan, or Owen Mars who was injured while intoxicated and was in the St. Vincent Hospital. I bet Anthony that it was Karl.

The next day Anthony came into the Pub and I told him that there had been more than enough time for Karl to come back. I just had a premonition that it was going to get nasty.

I opened a brown folder that was Karl's. I found an electronic voucher or pay stub to someone who was named Sumner Stone who was apparently an employee or client of the Delaney House.

Karl never touched my second set of keys.

PRIVACY RIGHTS AND THAT OF A THIRD PARTY. UNAUTHORIZED PERSONNEL WILL VIOLATE DEFENDANT CONFIDENTIAL MATTER WHICH IF DISCLOSED TO THIS PROBATION FILE INCLUDES PERSONAL &amp; PERSONAL FILES

_signature_                                         5/25/04

EXHIBIT- 004B

Karl W. Schenker, # W83912
Massachusetts Correctional Institution at Concord
965 Elm Street,    Concord, MA 01742

{ LEGAL EXHIBIT-004B }

26, October, 2004.

Mr. Mark Garappolo
382 Dwight Street
Springfield, MA 01103

re: Mass. State Police Report, Case No. 2004-109-0197.

Dear Mr. Garappolo,

Your attention is demanded, concerning averrment by you in above-entitled matter. Where upon on page number 5 of 5, paragraph number-3. You affirm in your signed affidavit, of 25, May, 2004, as follows:

"This detective told me that you need to get out of your apartment and you need to get out of there now. He told me to believe him and that he knew extensively of Karl. He told me that Karl is using. He told me that Karl was perfectly capable of burning my house down while I slept." I.d. at: EXHIBIT-001, attached hereto.

Retraction of your statement is hereby demanded. Your statement asserts I am capable of criminal act to commit homicide while you slept. This is a false defamatory remark.

Failure to retract your false statement in letter of apology. Shall result in civil litigation against you, in western section, U.S. District Court for Massachusetts. You have sixty days to comply with this demand letter.

The following grounds, represent my claims of libel/slander, asserted by you, and defendant Michael Carney.

1.  Under, Flotech, Inc. V. E.I. Du Ponte de Nemours & Co., 814 F.2d 775, C.A.1 (Mass.) 1987; affirms, Massachusetts law- Publisher of statement may be liable for opinion based on unstated or assumed facts, if these facts are defamatory; audience can only presume that the facts are defamatory; and facts supported opinion as well. Upon where fact is demonstrated you made defamatory remark against me in your signed affidavit, and as such being publisher is guilty of libel, Appleby V. Daily Hampshire Gazett, 478 N.E.2d 721, 395 Mass. 32 (Mass. 1985). Furthermore to assert "Karl would not hesitate to burn you out" "While I slept." implies imputation of a crime per se, Shafir V. Steele, 727 N.E.2d 1140, 431 Mass. 365 (Mass. 2000); also see: Phelan V. May Dept. Stores Co., 806 N.E.2d 939, 991, 60 Mass. App. Ct. 843, review granted 809 N.E.2d 1060, 442 Mass. 1101, a defamatory statement must be communicated to at least one other person, other than plaintiff to satisfy the defamatory publication requirement. Upon which was achieved when Mr. Carney spoke to you at Pub Lounge in a public forum, (i.e. bar), in earshot of bar patrons; also see: Sietins V. Joseph, 238 F.Supp.2d 366 (D. Mass. 2003), under, Massachusetts law, relating to defamation, charges of crime are slanderous and actionable per se without proof of special damage.

Affirmative written acknowledgement is demanded hereto.
If I can be of further assistance please do not hesitate to contact me.
Thank you for your time and attention in this very important matter.

Yours very respectfully,

[signature]

EXHIBIT - 004 (c)

LEGAL
EXHIBIT
004(c)

Karl W. Schenker, Pro-Se, #W-83912
Old Colony Correctional Center
One Administration Road, Bridgewater, MA 02324

28, March, 2005.

Mr. Mark Garappolo,

It is hereby demanded at once you avail me letter of retraction. For your defamatory remark imputing me capable to commit homicide by arson. In Mass. State Police Report, No. 2004-109-0197, page 5 of 5, paragraph 3, your affirmed signed affidavit, 25, May, 2004, aver:

"Karl was perfectly capable of burning my house down while I slept"
SEE: EXHIBIT-001

You assert this remark to have been made by Springfield Police officer, Michael Carney. You only refer to Mr. Carney as "He", and "openly gay detective", and in no other fashion.

Please note this is your final notice. If I do not recieve written letter of retraction. I will amend my civil action complaint, Schenker v. Merra, et. al., No. 3:04-cv-30243-KPN, U.S. Dist. Ct. W. Sect. Mass., To include you as third party defendant, Fed. R. Civ. P. Rule 20(a).

Similar letter of demand was sent to you on, 26, October, 2004, which has gone unaddressed to this present day.

If I can be of any further assistance please do not hesitate to contact me.

Thank you for your time and attention in this very important matter.

Respectfully,
[signature]