FILED

U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN SECTION OF MASSACHUSETTS

Civil No. 3:04-CV-30243-KPN

Karl W. Schenker,
Plaintiff,
v.
Paula Merra, et. al.,
Defendants.

PLAINTIFF'S SECOND OPPOSITION
TO DEFENSE MOTION TO DISMISS
WITH STATEMENT OF FACTS, AND
MEMORANDUM IN SUPPORT.

## PLAINTIFF'S SECOND OPPOSITION TO DEFENSE MOTION TO DISMISS

Now comes Karl W. Schenker, in above-captioned civil matter, in second opposition to defense motion to dismiss.

As grounds in support thereof he asserts his civil complaint states $1983. claim upon which relief can be granted; and in support he relies upon following statement of the facts and memorandum in support evidencing defendant Carney, to have caused defamatory remark upon him, violating his. U.S.C.A., U.S. Const. Amend. 1, rights.

## STATEMENT OF THE FACTS

01. On, 25, May, 2004, EXHIBIT-001, Affidavit: Mark Garappolo, in Mass. state Police Report, N0. 2004-109-0197, affirms defendant carney averred, "Karl, was perfectly capable of burning "Garappolo's", house down while he slept therein.'

01.

02.  In "answers of defendants Paula Merra and Michael Carney, Paragraph-5, page-1", defense admits, EXHIBIT-001, speaks for itself.

03.  Since defense, in "answers of defendants, paragraph-5, page-1" admit EXHIBIT-001, to be true, then defendant carney did impute Plaintiff in criminal action of arson by homicide.

04.  In, EXHIBIT-001, paragraph-4, affiant Garappelo, admits defendant carney was investigating plaintiff for uttering a check.

05.  Plaintiff's Mass. criminal Record, EXHIBIT-003, does cite numerous convictions for crime of arson.

06.  EXHIBIT-003, though at no time ever cites criminal offense for homicide and/or assault. To support defendant carney's explicit false comment in EXHIBIT-001.

07.  Defendant Paula Merra, may not be defendant carney's immediate Police supervisor to defendant Carney. Nonetheless defendant Merra, as chief of Police is responsible for all police officers including defendant Carney under her command.

08.  In, EXHIBIT-001, defendant carney, cleary asserts to third party "Garappolo", in public bar-room, plaintiff is capable and would commit homicide by arson.

09.  Defendant Carney, in, EXHIBIT-001, asserts to Garappolo Plaintiff would burn his house down while he slept therein, has a connection to non-violent offense of uttering a check.

10.   Defendant Carney's comments about plaintiff, in EXHIBIT-001 where made public to considerable and respectable class, judicial Spfld. Sup. Ct., during plaintiff's violation of probation hearing on, 7, July, 2004.

11.   In, "defense motion to dismiss, memorandum in support," makes another false assertion plaintiff is challenging his current lawful imprisonment.

12.   Plaintiff at no time in his civil complaint challenges the status of his imprisonment. which defense contends otherwise.


MEMORANDUM IN SUPPORT


I.   DEFENSE CAUSES DEFAMATORY REMARK UPON PLAINTIFF VIOLATING PLAINTIFF's, U.S.C.A. U.S. Const. Amend. I, RIGHTS, TO BE FREE FROM LIBEL.


01.   Under, Knievel v. ESPN. 393 F.3d 1068, 1069 (9th Cir. 2005), In a defamation action, when evaluating the threshold question whether a statement is reasonably capable of sustaining a defamatory meaning the court must interpret that the statement from the stand point of the average reader, juding the statement not in isolation, but with in the context which it was made; at: 1069. In a defamation action, when determining whether a statement can reasonably be interpreted as factual assertion, the court must

03.

examine the totality of the circumstance in which it was made.
The plaintiff contends defendant Carney's statement, in the
context which it was made, during an investigation of a
non-violent offense, "uttering", has nothing in common with
defendant Carney's remark to impute plaintiff in violent
criminal action to commit homicide by arson, in EXHIBIT-001,
Thus specific content and context of, EXHIBIT-001, in a
particular investigation of plaintiff for uttering does not
support defendant Carney's remark in, EXHIBIT-001. As
result the average reader could clearly see defendant
Carney's remark, in, EXHIBIT-001, "Karl, was perfectly
capable of burning Garappolo's house down while he slept
therein", would constitute, a defamatory remark holding
plaintiff to be viewed with scorn, contempt, ridicule.
Furthermore under, Knievel v. ESPN, 393 F.3d 1069 (9th
cir. 2005), "reference doctorine", permits a court to take into
account documents whose contents are alleged in a complaint
"EXHIBIT-001", ("speaks for itself; answers of defendants
paula merra and michael carney, paragraph-5, page-1"), and
whose authenticity no party questions, but which are not
physically attached to plaintiff's pleadings. The incorporation
by reference doctorine extends to situations in which the plaintiff
claim depends on the contents of a document, EXHIBIT-001, which

the parties in the civil action do not dispute the authenticity of the document.

02.    Under, Moore v. EQUI fax Information Services, LLC 333 F. supp. 2d 1361 (N.D. Ga. 2004), "Reckless Disregard", such as the party furnishing the information, "defendant Carney", requires evidence that party entertained actual doubt about the statement. To which defendant Carney as a police officer, in investigative conduct knew of plaintiff's past criminal record, EXHIBIT-003 to never cite offense for homicide or assault, therefore in EXHIBIT-001 defendant Carney, clearly asserts he knows exstensively of plaintiff by own admission, and evidence sustained in. EXHIBIT-003, defendant Carney, knew his statement about plaintiff in EXHIBIT-001, to be defamatory, causing violation of plaintiff's rights under, U.S.C.A. U.S. Const. Amend. I, to be free of libel.


### CONCLUSION

The defendants Paula Merra, and Michael Carney, clearly impute plaintiff in defamatory manner to the average reader in, EXHIBIT-001, in charges of false crime which is actionable and slanderous per se under, Massachusetts law, without proof of special damages, Sietins v. Joseph, 238 F. supp. 2d 366 (D. Mass. 2003), "citation omitted", therefore defendant Carney's actions have caused a disparging remark about plaintiff, American Home Assur. Co. v. United Space Alliance, 378 F. 3d 482 (5th Cir. 2004), "citation omitted", causing defamatory violation of plaintiff's U.S.C.A., U.S. Const. Amend. I, rights to be free from libel.


05.

Wherefore, he kindly prays this Honorable Court accept this petition under pains and penalties of perjury, this, 13, day, May, 2005.

Respectfully submitted by the Plaintiff:

Karl W. Schenker, Pro-Se
#W-83912
O.C.C.C.
One Administration Road
Bridgewater, MA 02324

## CERTIFICATE OF SERVICE

I, Karl W. Schenker, hereby certify on oath, this petition to be true and correct to best of my knowledge and belief, and has been served by regular First class Postage upon this Honorable court, and Edward M. Pikula ESQ., BBO#399770, Associate City solicitor, City of Springfield. Law Department, 36 Court Street, Springfield, MA 01103, under pains and penalties of perjury, this, 13, day, May, 2005.

Karl W. Schenker, Pro-Se

06.

EXHIBIT - 001

Statement of Mark J. GAROPPOLO DOB ████ 1958
May 24th, 2004

*EXHI BIT -- OO*

Statements as told to and typed by Tpr. Michael C. Barrett, and Tpr. Dacyczyn

I pushed the lock button and came upstairs. I debated if I should call the Springfield police or not. I was raised not to cry wolf unless your sure. I decided to let it be and didn't call. I ate, watched a little TV and went to bed. I was awake at 4:00 A.M. I looked out my window and the car was gone.

I know that the person was Karl's height, had Karl's walk, was wearing a red hat and mostly I recognized the duffle bag.

With the new Mayor in town they want to clear things up. There is a detective who is openly gay. He stopped in the Pub on Sunday and we were talking. He said you know...let me tell you something...what do you know about Karl. I told him that Karl was a relatively sober person who I have no reason to mistrust. This detective told me that you need to get out of your apartment and you need to get out of there now. He told me to believe him and that he knew extensively of Karl. He told me that Karl was using. He told me that Karl was perfectly capable of burning my house down while I slept.

On May 20th, Thursday, The detective who is in charge of the check thing

On May 20th Anthony called me between 11:00 and 12:00 noon. Apparently the previous night an officer Brooks from the NYC P.D. had called him and said that there was an Olan, Nolan, or Owen Mars who was injured while intoxicated and was in the St. Vincent Hospital. I bet Anthony that it was Karl.

The next day Anthony came into the Pub and I told him that there had been more than enough time for Karl to come back. I just had a premonition that it was going to get nasty.

I opened a brown folder that was Karl's. I found an electronic voucher or pay stub to someone who was named Sumner Stone who was apparently an employee or client of the Delaney House.

Karl never touched my second set of keys.

THIS PROBATION FILE INCLUDES PERSONAL &
CONFIDENTIAL MATTER WHICH IF DISCLOSED TO
UNAUTHORIZED PERSONNEL WILL VIOLATE DEFENDANT
PRIVACY RIGHTS AND THAT OF A THIRD PARTY.

5/25/04

Page 5 of 5

EXHIBIT- 003

CRIMINAL RECORD INFORMATION AS OF 08/04/2004          PAGE   1 OF   2

PRIM NAME: SCHENKER, KARL WILLIAM

SEX: M  SS #: ████3432  MOTHER: DOROTHY SULLIVAN      DOB: ████1964  PCF#: 611921

                                    FATHER: WILLIAM                        DNA

HOME ADDR : 450 BELMONT AVENUE, SPFLD, MA

ZIP CODE : 01108-                                          POB: HOLYOKE

ETHNICITY: WHITE          HGT: 602  WGT: 180  HAIR: BROWN

                                                           EYES: BROWN

DT: 11/21/1995 SPR CRT:     HAMPDEN SUPERIOR( 79)

OFFENSE: ARSON(ARSON)                                  DKT#        951415

DISPOSITION: 4/30/96 PROB 8/31/06 DF WAR D/R 7/7/04 VOP 1-3YR

CMTD                                                       STATUS: CLOSED

DT: 10/13/1995 SOU CRT:    NORTHAMPTON DISTRICT( 45)

OFFENSE: LARCENY(LAR)                                  DKT#    9545CR1051A

DISPOSITION: C 11/7/95 G 2YR SPS 1YR CMTD BAL SS 11/3/98 TERM  FIREARM

                                                           STATUS: CLOSED

DT: 07/26/1995 SPR CRT:     HAMPDEN SUPERIOR( 79)

OFFENSE: ARSON(ARSON)                                  DKT#        951414

DISPOSITION: WAR 11/21/95 WAR REC 4/30/96 5YRS-5YRS 1DA CMTD  BLDG

                                                           STATUS: CLOSED

DT: 05/24/1994 SOU CRT:    NORTHAMPTON DISTRICT( 45)

OFFENSE: B&E DT W/I COM FEL(B&E DT W/I FEL)            DKT#    9445CR1822A

DISPOSITION: C 7/1/94 G 2YR SPS 1YR CMTD BAL SS 7/7/96 VWF

REMIT VOP DF 10/13/95 D/R C 11/7/95 FOUND 1YR CMTD        STATUS: CLOSED

DT: 05/24/1994 SOU CRT:    NORTHAMPTON DISTRICT( 45)

OFFENSE: LARCENY MORE(LAR MORE)                        DKT#    9445CR1822B

DISPOSITION: C 7/1/94 G 2YR SPS 1YR CMTD BAL SS 7/7/96 VWF

REMIT VOP DF 10/13/95 D/R C 11/7/95 FOUND 1YR CMTD        STATUS: CLOSED

DT: 03/02/1992 SOU CRT:    NORTHAMPTON DISTRICT( 45)

OFFENSE: LARCENY OF A MV(LAR MV)                       DKT#     9245CR941A

DISPOSITION: C 3/20/92 G 2 1/2YR CMTD

                                                           STATUS: CLOSED

DT: 03/02/1992 SOU CRT:    NORTHAMPTON DISTRICT( 45)

OFFENSE: BURNING(BRN)                                  DKT#     9245CR944B

DISPOSITION: C 3/20/92 G 1YR SS 3/17/98 VOP 7/1/94 FOUND 1YR  PERS PROP

CMTD                                                       STATUS: CLOSED

DT: 02/13/1992    CRT:    NORTHAMPTON DISTRICT( 45)

OFFENSE: OPER UND INFL OF LIQ(111A)                    DKT#     9245CR707A

DISPOSITION: C 3/20/92 G 90DA CMTD

                                                           STATUS: CLOSED

DT: 11/01/1988    CRT:    HAMPDEN SUPERIOR( 79)

OFFENSE: ARSON(ARSON)                                  DKT#        885594

DISPOSITION: 6/29/89 4-6 YRS CMTD

                                                           STATUS: CLOSED

DT: 09/23/1988    CRT:    CHICOPEE DISTRICT( 20)

OFFENSE: BURNING BUILDING(BRN BLDG)                    DKT#     8820CR1803A

DISPOSITION: C 11/4/88 DISM

                                                           STATUS: CLOSED

LEGAL EXHIBIT

003

ADULT    RECORD INFORMATION AS OF 08/04/2004

PRIM NAME: SCHENKER, KARL WILLIAM                          PAGE   2 OF   2

DOB: ████/1964 PCF#: 611921

DT: 02/06/1987    CRT:   NORTHAMPTON DISTRICT( 45)                         DNA
OFFENSE: BURNING DWELLING HOUSE(BRN DWL HO)
DISPOSITION: C 4/21/88 NP                                    DKT#      87CR328A
                                                          DWELL HOUSE
                                                              STATUS: CLOSED

DT: 02/06/1987    CRT:   NORTHAMPTON DISTRICT( 45)
OFFENSE: BURNING(BRN)
DISPOSITION: C 4/21/87 NP                                    DKT#      87CR328B
                                                          PERS PROP
                                                              STATUS: CLOSED

DT: 06/13/1986    CRT:   HAMPSHIRE SUPERIOR( 80)
OFFENSE: BURNING BUILDING(BRN BLDG)                         DKT#
DISPOSITION: 10/30/86 3-5 YRS SS PROB 5 YRS,6/21/89 VOP 3-5        86041
         YRS MCI CJ IMPOSED
                                                              STATUS: CLOSED

DT: 05/06/1986    CRT:   NORTHAMPTON DISTRICT( 45)
OFFENSE: BURNING BUILDING(BRN BLDG)
DISPOSITION: C 6/16/86 DISM INDICT                         DKT#      8645CR2616

                                                              STATUS: CLOSED