IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN SECTION OF MASSACHUSETTS

Civil No. 3:04-cv-30243-KPN

Karl W. Schenker,
Plaintiff,

v.

Paula Merra, et. al.,
Michael Carney,

v.

Mark Garappolo,
Defendants.

PETITION OF PLAINTIFF
REQUESTS, THIS COURT
COMPEL PRISON STAFF
AVAIL HIM PHOTOCOPIES.

Now comes Karl W. Schenker, in above-captioned civil matter petitions this Honorable court compel below named prison administrative staff at Old Colony Correctional Center, "O.C.C.C.", One Administration Road Bridgewater, MA 02324, provide him legal photocopies related to this civil actioned matter when requested, along with envelopes, pen, and paper.

<u>O.C.C.C. Administrative staff to be compelled</u>

i.   Librarian              - Ms. Ann Cowell
ii.  Director of Treatment  - Ms. Sherry Shay-Wassell
iii. Superintendent         - Mr. Bernard F. Brady

As grounds in support thereof, he affirms following statement of the facts in support.

1. Plaintiff Karl W. Schenker, is in lawful care and custody O.C.C.C., One Administration Road, Bridgewater, MA 02324.

2. Ms. Ann Cowell, is employed by Mass. Dept. of Corr., as librarian at O.C.C.C..

3. Ms. Sherry Shay-Wassell, is employed by Mass. Dept. of Corr., as Director of Treatment at O.C.C.C., who is overseer at inmate law library.

01.

Plntf. Pet.Ct. Cmpl.                                                      Page No. **Two**

4. Mr. Bernard F. Brady, is employed by Mass. Dept. of Corr., as superintendent at O.C.C.C., who is in charge of day to day operations at O.C.C.C..

5. Plaintiff has been at O.C.C.C., from 7. Apr., 2005, to this present day confined to segregation unit for non-disciplinary reasons.

6. On, 9, 10, 11, May, 2005, plaintiff asked Lt. Miranda, Segregation unit, "S.M.U.", to be availed legal photocopies through Librarian Ann Cowell, relevant to this civil action.

7. On, 12, may, 2005, plaintiff contacted grievance coordinator Amanda McKennzie, O.C.C.C. - correctional staff for assistance to obtain photocopies.

8. On, 13, May, 2005, plaintiff was finally provided photocopies through assistance Grievance coordinator, to which Librarian Ann Cowell made verbal protest to.

9. On, 13, may, 2005, plaintiff recieved from this Honorable Court

   a. "Notice of Lawsuit, and Request for waiver of Service of Summons"
   b. application to proceed without prepayment fees and costs.

10. The forms cited herein paragraph -9, above, where delivered to plaintiff in an envelope that was not openned in his presence.

11. On, 13, 14, 16, 17, day, May, 2005, plaintiff through S.M.U. staff made repeated requests to be provided with photocopies, of:

   a. "Notice of lawsuit, and request for waiver of service of summons"
   b. application to proceed without prepayment fees and costs.
   c. civil action complaint
   d. petition to Amend, with permissive joinder of parties
   e. cover letter(s) to This Court, Defense counsel Pikula, ESQ., and defendant Mark Garappelo.

Plntf. Pet. ct. Cmpl.                                              Page No. <u>THREE</u>

12. Ms. Sherry Shay Wassell, Dir. of Treatment, O.C.C.C., Stance on inmate photocopy needs:

> If you are reluctant to leave your personal legal material with the law clerk, you may request through the S.M.U. staff to have your materials delivered and copied during the librarian's regular working hours.

SEE: <u>EXHIBIT-A</u>, attached hereto.

13. On, 18, May, 2005, plaintiff handed over his legal documents cited in paragraph -11-, above to caseworker Donna Madda, to be delivered to librarian Cowell to be photocopied.

14. On, 19, May, 2005, plaintiff asked S.M.U. staff, if they would contact Librarian Cowell, about his photocopies. To which plaintiff was told Librarian Cowell, did recieve them, and now could not find them.

15. Director of Treatment Ms. Sherry Shay Wassell, and Librarian Ms. Ann Cowell's, verbal position on plaintiff's misplaced legal materials related to this civil matter: "The court should and needs to fit our scheduling needs. Once your legal materials are located you will recieve them, and at no other time".

16. Plaintiff was told by correctional staff, if he made complaint to the court "go ahead, write all you want, it will make no difference to finding your misplaced legal materials".

<u>RELIEF REQUESTED</u>

Wherefore plaintiff kindly prays this Honorable Court order following relief against named-above O.C.C.C., administrative prison staff.

Plntf. Pet. Ct. Cmpl.                                   Page No. __Four__

    i.   For, plaintiff to be provided return of his legal documents cited in paragraph-11, page No.-2 of this petition, and;

    ii.   For, plaintiff to be provided, photocopies of same legal documents, cited in paragraph-11, page No.-3, of this petition in following quantity:

        __38__ original pages (x) __4__-copies each page = __152__ copies.

    iii.   For, plaintiff to be provided with three manilla envelopes so that he can serve serve same documents, cited in this petition, on page No.-2, paragraph-11, too:

        a. This Honorable Court.
        b. Defense counsel Mr. Edward M. Pikula, ESQ. BBO# 399770.
        c. Defendant Mark Garappolo.

Wherefore he kindly prays this Honorable Court accept this petition under pains and penalties of perjury, this, 19, day, May, 2005.

                                                Respectfully submitted by the Plaintiff,

                                                _____
                                                Karl W. Schenker, Pro-Se
                                                #W-83912
                                                O.C.C.C.
                                                One Administration Road
                                                Bridgewater, MA 02324


                                __CERTIFICATE OF SERVICE__

    I, Karl W. Schenker, hereby certify this petition to be true and correct to best of my knowledge and belief and has been served by regular First class Postage, to: Ms. Bethaney Healy, Ct. Rm. Clerk, U.S. Dist. Ct. W. Sect. Mass., Fdrl. Bldg. and Ct. Hse., 1550 Main St., Spfld. MA, 01101. Under pains and penalties of perjury, this 19, day, May, 2005.

_____
Karl W. Schenker, Pro-Se

 

*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*Old Colony Correctional Center*
*One Administration Road*
*Bridgewater, Massachusetts 02324*
www.mass.gov/doc

**Mitt Romney**
*Governor*

**Kerry Healey**
*Lieutenant Governor*

**Edward A. Flynn**
*Secretary*

**Kathleen M. Dennehy**
*Commissioner*

**James Bender**
*Acting Deputy Commissioner*

**Bernard Brady**
*Acting Superintendent*

April 20, 2005

Legal EXHIBIT - A

Karl Schenker W-83912
Segregation Unit

pg. # 1 of 2:
Schenker v. Merra, et. al.
#3:04-cv-30243-KPN

Dear Mr. Schenker:

Please be advised I received a copy of the recent correspondence addressed to Librarian Ann Cowell regarding Law Library access and supplies. Verification into this matter indicates the following:

According to 103 CMR 478.11(4) c
No photocopy request shall be processed unless the Department of Correction Legal Photocopying Request Form is complete and attached to the original legal document to be copied.

According to site specific procedures for 103 CMR 478

1.   **Special Management Unit Use of Library**

   D. All photocopies must be approved by the Librarian. Therefore S.M.U. inmates should fill out a request form and leave the material to be photocopied with the law clerk. On the next workday approved requests will be photocopied or an interlibrary loan will be issued to obtain a photocopy of the approved request. {If you are reluctant to leave your personal legal material with the law clerk, you may request through the S.M.U. staff to have your materials delivered and copied during the librarian's regular working hours.}

Segregation Law Library is scheduled for 9:00 PM when no other inmates are in the Library. One inmate law clerk is scheduled to work to provide legal assistance. When the librarian leaves at the end of the day, she secures the library, turns off the photocopying machine and locks up supplies.

You filled out a Law Library Services/Material Request on 4-13-05 at 9:30 am. which was received in the Library on 4-14-05. You were scheduled for law library access on 4-15-05. and you were given a photocopy request form and informed of the procedures listed above. You chose not to leave your materials to be photocopied.

On the next working day, 4-19-05, the librarian called Segregation and asked the officer to have you get your photocopy request together so that the librarian could pick up your materials and get them copied during normal working hours. On that same day, you were sent 1 pen, 3 certified/return receipts, 3 manila envelopes, 5 legal envelopes, 10 pieces of lined paper, and 10 pieces of typing paper.

(508) 279-6000

PRINTED ON RECYCLED PAPER

Legal EXHIBIT-A    pg. # 2 of 2    Schenker v. merra, et. al.,
                                   # 3:04-cv-30243-KPN

You filled out a Law Library Services/Material Request on 4-14-05 at 11:00 am. It was received in the library on 4-19-05. Since you were the most recent attendee for Segregation Law Library, you will be scheduled after other segregation inmates have had a chance to access the law library thus allowing every segregation inmate who requests access equal opportunity to law library.

Attached, please find copies of the two Law Library Services/Materials Requests submitted by you.

Sincerely,

*[signature]*
Sherry Shay-Wassell
Director of Treatment

Copies: Bernard Brady, Acting Superintendent
        Ann Cowell, Librarian
        Inmate 6-part

---

Respectfully, Ms. Wassell,                                    4/22/05

If I where to leave my photocopies as suggest on, 4-15-05, Friday. They would have sat on the photocopier, unattended, not in a secure position. Since the Librarian was not there on Sat. and Sun., Hence my legal work could have become lost.

Further, law library scheduled at 9:00 pm, for inmates in seg. unit clearly gives an inmate 45-50, minutes of access at best once each week.

Your letter is curt, in response. IF I go by your reasoning it would be safe to say (if you claimed to have a boat that floats. As soon as you put it in the ocean, it would sink like a rock.)
                Respectfully, *[signature]*