FILED
IN CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN SECTION OF MASSACHUSETTS

05 MAY 25 A 10: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

Civil No. 3:04-cv-30243-KPN.

| Karl W. Schenker, Plaintiff. v. Paula Merra, et. al., Defendants. | PLAINTIFF'S OPPOSITION TO DEFENSE MOTION TO DISMISS, WITH MEMORANDUM IN SUPPORT. |

Now comes Karl W. Schenker, in above-captioned civil matter, in opposition to defense motion to dismiss.

As grounds in support thereof, he asserts his civil complaint states a claim under §1983, upon which relief can be granted, and in support he relies upon following memorandum in support of opposition to defense motion to dismiss.

MEMORANDUM IN SUPPORT

I. PLAINTIFF'S CIVIL COMPLAINT, STATES A CLAIM OF DEFAMATION BY DEFENSE AGAINST PLAINTIFF, IN, EXHIBIT-001.

PLNTF. OPP. DEF. MOT. DMS.                                    PAGE NO.: TWO

    A.  Under, Rotkiewicz v. Sadowsky, 730 N.E.2d 283 (Mass. 2000),

> a police officer is a public official who may not recover in a defamation action based on statement related to his official conduct, absent showing that statement was made with actual malice, U.S.C.A., U.S. Const. Amend. 1.

The plaintiff contends defendant Merra, defendant Carney's supervisor is and was ultimately responsible for defendant Carney's explicitive commentary about plaintiff, in such that defendant Merra, as chief law representative - City of Springfield Police Department, is responsible for conduct by law enforcement operatives under her command. Defendant Carney as a City of Springfield police officer falls under supervision of defendant Merra, and as result of defendant Carney's actions bears the responsibility of integrity on whom is under her command. SEE: Berod v. Town of Millville, 113 F.Supp.2d 197, 198 (D.Mass. 2000).

> Police chief's statement that dispatcher made mistake could be viewed as giving rise to actionable slander claim under Massachusetts law. Since statements could be interpreted to imply that dispatcher failed to follow proper procedure while in performance of his job.

Thus defendant Merra, under same context, could be held responsible for defendant Carney's actions in same context as, Berod. Where defendant Merra, as chief of police - responsible for police procedure in supervisory roll of defendant Carney, clearly implies defendant Merra, attributed to defendant Carney's actions. Further for defense to assert defendant Merra, not to be

PLNTF. OPP. DEF. MOT. D.MS.                          PAGE NO.: THREE

responsible for actions of defendant Carney leaves one to believe LEX NEMI FACIT INJURIAM.

Defense admits, EXHIBIT-001, speaks for itself, in, (answers of defendants Paula Merra and Michael Carney, paragraph-5, page-1). under, Knievel v. ESPN, 393 F.3d 1068, 1069 (9th Cir. 2005)

> In a defamation action, when evaluating the threshold question of whether a statement is reasonably capable of sustaining a defamatory meaning, the Court must interpret, that the statement from the standpoint of the average reader; judging the statement not in isolation, but within the context which it was made. In a defamation action, in determining whether a statement can reasonably be interpreted as factual assertion, the court must examine the totality of the circumstance in which it was made.

Since defense, already admits, EXHIBIT-001, speaks for itself. Then defense by its own admission impute's plaintiff's character, in false manner to be capable to commit homicide by arson. Thus, under, Milkovich v. Lorain Journal Co., 110 S.Ct. 2695, 2697 (1990),

> where statement of opinion on matter of public concern reasonably implies false and defamatory facts involving private figure plaintiff must show that the false implications where made with the same level of fault to support recovery, U.S.C.A., U.S.Const.Amend.1, at, 2697. The First Amendment does not require a seperate opinion privilige limiting application of state defamation laws, New York Times Co. v. Sullivan, 84 S.Ct. 710.

Thus defendant Carney's actions in, EXHIBIT-001, having made while plaintiff was private figure, and as result of defendant Carney's actions, supervised

PLNT. OPP. DEF. MOT. DMS.                                    PAGE NO.: FOUR

by defendant Merra, thrust plaintiff to become a limited purpose public figure. SEE: Carafano v. metrosplash.com, 207 F. Supp. 2d 1057 (C.D. Cal. 2002).

> a limited public figure, for purposes of defamation action to an individual who is drawn into a particular public controversy, and thereby becomes a public figure for a limited range of issues.

also See: Lohrenz v. Donnelly, 223 F. Supp. 2d 25, 27, 28, (D.D.C. 2003).

Thus defendant Carney, with defendant Merra's supervision, thrusting plaintiff's name into public spot light, in, EXHIBIT-001, through non-professional conduct to associate criminal charge of uttering, to be connected to charge of arson, caused an extreme departure from the truth. As such, EXHIBIT-001, was displayed in defamatory light before a considerable and respectable class of people, in plaintiff's violation of probation hearing, Springfield superior Court Room personnel, average readers, Knievel v. ESPN, 393 F.3d 1068, 1069 (9th Cir. 2005), would and did construe EXHIBIT-001, defendant Carney's, remarks therein, to hold plaintiff in view of scorn ridicule and contempt, SEE: Massachusetts School of Law at Andover Inc., v. American Bar Ass'n, 142 F.3d 26 C.A.1 (Mass.) 1998. "Citation omitted".

II. PLAINTIFF, STATES § 1983, CLAIM OF LIBEL, UNDER U.S.C.A., U.S. Const. Amend. 1, AGAINST DEFENSE.

Under, Montanye v. Wissahickon School District, 327 F. Supp. 2d 510 (E.D. Pa. 2004).

> to establish § 1983 liability against municipal party, the plaintiff must show that (1) the enforcement of a municipal party: (2) the moving force of violation of plaintiff's federally protected rights.

PLNTF. OPP. DEF. MOT. D.MS.                                    PAGE NO.: __FIVE__

The plaintiff contends defendants Merra, and Carney, state actors, as police officers for municipality - City of Springfield, acted under legal guise in operative enforcement of general laws of commonwealth of Mass., SEE: Johnson v. Outboard Marine Corp., 172 F.3d 532 (8th Cir. 1999), "citation ommitted", for city of Springfield. Thus plaintiff asserts part-one, in Montanye. above. As for part-two, in Montanye, the moving force of plaintiff's federally protected rights; to which plaintiff alleges defendant Carney under supervision defendant Merra, violates plaintiff's U.S.C.A., U.S. Const. Amend. 1, rights. By defendant Carney in defamatory manner imputes plaintiff in criminal conduct per se. SEE: Shafir v. Steele, 727 N.E.2d 1140, 431 Mass. 365 (Mass. 2000). To which defense does not contest, this imputation in "answers of defendants, Paula Merra and Michael Carney, paragraph-5, page No.-1". under, Allen v. College of William and Mary, 245 F.Supp.2d 777 (E.D.Va.2003)

> evidentiary standard on motion to dismiss for lack of subject matter depends upon whether the challenge is a facial attack on the sufficiency of the pleadings, or an attack on the factual allegations that support jurisdiction. If defense is attacking the sufficiency of the complaint, the Court must accept all of the complaints factual allegations as true.

As result of sufficiency of plaintiff's complaint he raises two valid questions that challenge defense response in motion to dismiss, under belief, QUOD INITIO VITIOSUM EST NON POTEST TRACTU TEMPORIS CONVALESCERE.

QUESTION - ONE:

Defense already admits, EXHIBIT-001, speaks for itself, "answers of defendants" So then how does defendant Carney, believe his conduct does not impute plaintiff in criminal activity? Without causing contradiction?

QUESTION - TWO:

Defense asserts in, "answers of defendants, affirmative defense number twenty six". How is it

PLNTF. OPP. DEF. MOT. DMS.                                    PAGE NO: SIX

that in, EXHIBIT-001, which defense admits speaks for itself, that plaintiff being investigated for criminal charge of uttering, has correlation to support defamatory claim. in EXHIBIT-001, "Karl, was perfectly capable of burning Garappolo's house down while he slept therein", I.d. EXHIBIT-001 Massachusetts State Police Report. No. 2004-109-0197. Affidavit of: Mark Garappolo, 25, may, 2004, paragraph-3, page No-5". where upon, EXHIBIT-001, contention of this civil action specifically asserted on 25, may, 2004, for some unfounded reason defense in "memorandum in support of motion to dismiss", asserts it has no clue of exact date of defendant carney's false remark upon plaintiff in imputation of crime. SEE: sietins v. Joseph, 238 F. Supp. 2d 366 (D. Mass, 2003), "citation ommitted". Thus defendant carney, under defendant merra's, supervision, acted in malicous conduct toward plaintiff to be viewed in unfavorable circumstance. SEE: Harte-Hanks Communications, Inc. v. Connaughton. 109 S.ct. 2679 (1989). Under. HTA LTD. Partnership V. Turnpike Auth., 747 N.E.2d 707 (Mass. App. ct. 2001),

> a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, at: 708, for purposes of motion to dismiss for failure to state a claim the allegations of the complaint, as well as such inferences may be drawn there from in plaintiff's favor, are to be taken as true.

also see: Manos V. Caira, 162 F.supp.2d 979 (N.D. ILL. 2001)

> Qualified immunity, is almost always a bad ground for dismissal for failure to state a claim of a §1983, suit, and is more appropriately addressed in a motion for summary judgement.

also see: Sax v. Sax, 762 N.E.2d 888, 53 mass. App. ct. 765 (Mass. App. ct. 2002)

PLNTF. OPP. DEF. MOT. DMS.                                          PAGE NO. SEVEN

    dismissal for failure to state a claim upon which relief can be granted is proper only when review of the complaint, leads to the creation. conclusion that the pleader is entitled to no relief under any combination of facts which would be proved in the claim.

Thus plaintiff does state claim under, U.S.C.A., U.S. Const. Amend. 1, in, EXHIBIT-001, that defense through own admission speaks for itself "answers of defendants, page-1", to impute plaintiff in a criminal action, of homicide by arson against Garappolo, in EXHIBIT-001. Generally when the complaint fails to allege requisite amount in controversy, upon which to be base removal, it is appropriate to engage in discovery to demonstrate validity made in the complaint. SEE: Wood v. Malin Trucking, Inc., 937 F. Supp. 614 (E.D. KY. 1995); "citation omitted"; also see: Dever v. Hentzen Coating's, Inc., 380 F.3d 1070 (8th Cir. 2004)

    to survive a motion to dismiss for lack of personal jurisdiction a plaintiff must show sufficient facts in the complaint to support reasonable inference that defendants can be subjected to jurisdiction within the state. SEE: Johnson v. Outboard Marine Corp. 172 F.3d 532 (8th Cir. 1999), "citation omitted".

PLNTF. OPP. DEF. MOT. DMS.                                              PAGE NO. <u>EIGHT</u>

## AFFIDAVIT IN SUPPORT

1. I, Karl W. Schenker, am Affiant herein affirm to be true and correct.

2. Presently I am in lawful care and custody old Colony Correctional Center "O.C.C.C.", One Administration Road, Bridgewater, MA 02324.

3. On, 1, day, December, 2004, I filed this civil actioned matter with this Court, against defendants Merra and Carney.

4. On, 2, day, March, 2005, U.S. Marshal, hand delivered service copy of original summons and complaint on defendants Merra, Carney.

5. On, 23, day, March, 2005, I filed with this Court and same to defendants Merra, Carney, Request for Default. (FRCP55a).

6. On, 31, day, March, 2005, defense filed with this Court, "answers of defendants Paula Merra, and Michael Carney", to affiant's civil complaint. To which affiant, recieved, on, 10, day, April, 2005.

7. On, 23, day, April, 2005, affiant filed with this Court and defense his opposition and Reply Brief to defense response.

8. On, 3, day, May, 2005, defense filed with this Court motion to dismiss, with Memorandum in Support. Which affiant recieved on, 11, day, May, 2005.

9. On, 12, day, May, 2005, affiant filed with this Court and defense his opposition to defense motion to dismiss with Memorandum in support.

---

Wherefore, he kindly prays this Honorable Court dismiss defense motion to dismiss, and accept this petition under pains and penalties of perjury this 12, day, May, 2005.

**CERTIFICATE OF SERVICE**

I, Karl W. Schenker, hereby certify on oath, this petition to be true and correct to best of my knowledge and belief, and has been served by regular First Class postage upon this Court, and Edward M. Pikula, Esq., BBO# 399770, Associate City Solicitor, City of Spfld. Law Dept., 36 Ct. St., Spfld., MA 01103, under penalties of perjury this 12, day, May, 2005.

_Karl W. Schenker_, Pro-Se

Respectfully submitted by the Plaintiff,

_Karl W. Schenker_, Pro-Se, #W-83912
O.C.C.C.
One Administration Road
Bridgewater, MA 02324

Statement of Mark J. GAROPPOLO DOB 04-09-1958   EXHIBIT-001
May 24th, 2004
Statements as told to and typed by Tpr. Michael C. Barrett, and Tpr. Dacyczyn

I pushed the lock button and came upstairs. I debated if I should call the Springfield police or not. I was raised not to cry wolf unless your sure. I decided to let it be and didn't call. I ate, watched a little TV and went to bed. I was awake at 4:00 A.M. I looked out my window and the car was gone.

I know that the person was Karl's height, had Karl's walk, was wearing a red hat and mostly I recognized the duffle bag.

With the new Mayor in town they want to clear things up. There is a detective who is openly gay. He stopped in the Pub on Sunday and we were talking. He said you know...let me tell you something...what do you know about Karl. I told him that Karl was a relatively sober person who I have no reason to mistrust. This detective told me that you need to get out of your apartment and you need to get out of there now. He told me to believe him and that he knew extensively of Karl. He told me that Karl was using. He told me that Karl was perfectly capable of burning my house down while I slept.

On May 20th, Thursday, The detective who is in charge of the check thing

On May 20th Anthony called me between 11:00 and 12:00 noon. Apparently the previous night an officer Brooks from the NYC P.D. had called him and said that there was an Olan, Nolan, or Owen Mars who was injured while intoxicated and was in the St. Vincent Hospital. I bet Anthony that it was Karl.

The next day Anthony came into the Pub and I told him that there had been more than enough time for Karl to come back. I just had a premonition that it was going to get nasty.

I opened a brown folder that was Karl's. I found an electronic voucher or pay stub to someone who was named Sumner Stone who was apparently an employee or client of the Delaney House.

Karl never touched my second set of keys.

PRIVACY RIGHTS AND THAT OF A THIRD PARTY. UNAUTHORIZED PERSONNEL WILL VIOLATE DEFENDANT CONFIDENTIAL MATTER WHICH IF DISCLOSED TO THIS PROBATION FILE INCLUDES PERSONAL & PERSONNEL

_signature_   5/25/04