UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KARL W. SCHENKER,            ) | | |
|            Plaintiff    ) | | |
| ) | | |
| v.            ) | | Civil Action No. 04-30243-KPN |
| ) | | |
| PAULA MEARA and            ) | | |
| MICHAEL CARNEY,            ) | | |
|            Defendants ) | | |

MEMORANDUM AND ORDER WITH REGARD TO
DEFENDANTS' MOTION TO DISMISS (Document No. 29)
June 3, 2005

NEIMAN, U.S.M.J.

Springfield Police Chief Paula Meara ("Chief Meara") and Detective Michael Carney ("Carney") (together "Defendants") have moved to dismiss Karl W. Schenker ("Plaintiff")'s *pro se* complaint for failing to state claims upon which relief can be granted. With the parties' consent, the matter has been assigned to the undersigned pursuant to 28 U.S.C. § 636(c). For the reasons described below, the court will allow Defendants' motion to dismiss.

I. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. Rule 12(b)(6), the court has considered the salient facts alleged in the complaint and the reasonable inferences drawn therefrom in a light most favorable to Plaintiff. *See Coyne v. City of Somerville,* 972 F.2d 440, 443 (1st Cir. 1992). As necessary, the court has also considered documents attached to or sufficiently referred to in the complaint. *See Alternative Energy, Inc. v. St. Paul Fire &*

*Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (indicating that such documents may be considered on a Rule 12(b)(6) motion without converting it into motion for summary judgment). The complaint may be dismissed pursuant to Rule 12(b)(6) "if no well-pleaded set of facts supports recovery." *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 29 (1st Cir. 2004) (citing, *inter alia*, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## II. BACKGROUND

The following facts come directly from Plaintiff's complaint and, along with any reasonable inferences drawn therefrom, are accepted as true for purposes of the present motion. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994). Plaintiff is a "lawfully committed prisoner" at the Old Colony Correctional Center in Bridgewater, Massachusetts. (Complaint ¶ 2; Letter Notifying Change of Address (Document No. 22).) He admits to two convictions of arson of gay night clubs. (Complaint ¶ 14.)[1]

On June 1, 2004, Carney, the Springfield Police Department's "gay-liaison" officer, told a third party, Mark Garapollo, that Plaintiff "was perfectly capable of burning [his] house down while [he] slept." (*Id.* ¶¶ 4-6 and Ex. 1.[2]) On July 7, 2004, this remark was "displayed orally" at Plaintiff's violation of probation hearing, allegedly causing Plaintiff to be "viewed in scorn, and ridiculed contempt." (*Id.* ¶¶ 8, 11-12 and Ex. 2.)

---

[1] Plaintiff has also attached to his complaint an abstract of his criminal record from an unknown date which indicates nine separate incidents of arson (or related crimes) and several others including larceny and burglary. (*Id.*, Ex. 3.)

[2] Exhibit 1 is an excerpt from a Massachusetts State Police Report, Case No. 2004-109-0197 at 8. Another version with the same text is listed as a statement given by Garoppolo on May 24, 2004 and attached to Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (Document No. 35).

Plaintiff posits that Carney is a "gay man" who views him with "ill will" because of the nature of his crimes. (*Id.* ¶ 15.) Plaintiff also argues that Carney's remark was slanderous because "at no time . . . has he made [an] attempt to commit homicide." (*Id.* ¶ 16.) Plaintiff does not, however, assert that Carney's remark had any bearing on the outcome of the violation hearing.

Plaintiff's complaint, filed on December 8, 2004, contains two causes of action. First, Plaintiff alleges that Carney's remark violated his First Amendment rights, enforceable under 42 U.S.C. § 1983 ("section 1983"). Second, Plaintiff alleges that the remark is actionable defamation under the Massachusetts Tort Claims Act ("MTCA"), Mass. Gen. L. ch. 258. Defendants answered the complaint on March 31, 2005, and filed the instant motion to dismiss on May 3, 2005.[3]

### III. DISCUSSION

The court has been careful in reviewing the allegations insofar as they are made by a *pro se* complainant. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nonetheless, the court believes the complaint states neither a section 1983 claim nor an MTCA claim

---

[3] Technically, it was improper for Defendants to first answer the complaint and then move to dismiss. Although Plaintiff has not argued the point, the court observes that Rule 12(b) motions should be filed "before pleading." Fed. R. Civ. P. 12(b) (second sentence). In other words, "[i]f the defendant decides to assert a Rule 12(b) defense by motion, then he must do so before filing the answer." Charles Alan Wright & Arthur R. Miller, 5C *Federal Practice & Procedure* § 1361 (2005) (citing, *inter alia*, *Gerakaris v. Champagne*, 913 F. Supp. 646, 650 (D. Mass. 1996)). Nevertheless, Defendants' error is immaterial given that their Rule 12(b)(6) defense was mentioned in their answer. *See id.* (noting that while "[a] strict interpretation of the timing provision's language leads to the conclusion that the district judge must deny any Rule 12(b) motion made after a responsive pleading is interposed as being too late . . . , federal courts have allowed untimely motions if the defense has been previously included in the answer") (citing cases). *Cf.* Fed. R. Civ. P. 12(c) (providing avenue for defendant to seek judgment on the pleadings "[a]fter the pleadings are closed").

upon which relief may be granted.

First, however, the court observes that Plaintiff makes no viable allegations relating to Chief Meara.  According to the First Circuit, section 1983 claims against municipal supervisors must fail unless the plaintiff establishes "an affirmative link" between the supervisor and the action.  *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 562 (1st Cir. 1989).  *See also Armstrong v. Lamy*, 938 F. Supp. 1018, 1033 (D. Mass. 1996) (noting that supervisor may only be sued "on the basis of his or her own acts or omissions").  In addition, *respondeat superior* liability is not available against municipalities (assuming Chief Meara is being sued as the representative of Springfield), unless, of course, the employee's actions were "pursuant to official municipal policy."  *See Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992).  Since Plaintiff has alleged no affirmative link between Carney's statement and Chief Meara individually, *compare Berard v. Town of Millville*, 113 F. Supp.2d 197 (D. Mass. 2000) (police chief made allegedly defamatory comments himself), or claimed any official municipal policy, she will be dismissed.  Plaintiff's two claims, therefore, will be construed as targeting only Carney.

A.  Section 1983

Plaintiff's section 1983 claim is insufficient because it fails to allege an injury within the First Amendment or any other federal provision.[4]  The Supreme Court has held that mere defamation does not invoke the protections of section 1983.  *See Paul*

---

[4] Section 1983 establishes liability against "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.

4

*v. Davis*, 424 U.S. 693, 706 (1976). According to the Court, "interest in reputation is simply one . . . which the State may protect [though] . . . its tort law" but does not involve a constitutional right. *Id.* at 712 (upholding dismissal of defamation claim against police officials who included plaintiff on list of "active shoplifters" resulting in plaintiff receiving a verbal warning from his employer).

To be sure, a defamation plaintiff may recover under section 1983 if the injury to reputation is "accompanied by a change in the injured person's status or rights." *Beitzell v. Jeffrey*, 643 F.2d 870, 878 (1st Cir. 1981) (citing Paul, 424 U.S. at 706-10). But this is a difficult showing to make and often arises only where the defamation results in loss of employment. *See id.* (defamation resulting in unfavorable tenure recommendation not enough to invoke section 1983). *See also Von Stein v. Brescher*, 904 F.2d 572 (11th Cir. 1990) (publicized arrest of landlord for tenant's prostitution business insufficient); *Duca v. Martins*, 941 F. Supp. 1281 (D. Mass. 1996) (defamation coupled with illegal arrest insufficient).

Here, as indicated, Plaintiff has alleged no more than simple defamation, *i.e.*, that the remark caused him to be "viewed in scorn, and ridiculed contempt" at his parole violation hearing. He does not assert that Carney's remark changed his status or had any bearing on the outcome of the violation hearing. Even if it had, it appears it would make little difference for present purposes. *See Sorenson v. Zapien*, 455 F. Supp. 1207 (D. Colo. 1978) (dismissing section 1983 defamation claim which was based on parole board member's speculative accusations against plaintiff at parole hearing).

Accordingly, the court will dismiss Plaintiff's first cause of action.[5]

B. <u>MTCA</u>

Having disposed of Plaintiff's only federal claim, the court could decline to exercise supplemental jurisdiction over Plaintiff's remaining state-based cause of action. *See* 28 U.S.C. § 1367(a).  Nevertheless, the court finds Plaintiff's MTCA claim to be futile as a matter of law.  As Defendants observe, section 10(c) of the MTCA explicitly exempts from its coverage "any claim arising out of an intentional tort, including . . . libel [and] slander."  Mass. Gen. L. ch. 258, § 10(c).  *See Melendez v. City of Worcester*, 870 F. Supp. 11 (D. Mass. 1994); *Lafayette Place Assocs. v. Boston Redevelopment Auth.*, 694 N.E.2d 820 (Mass. 1998); *Molinaro v. Town of Northbridge*, 643 N.E.2d 1043 (Mass. 1995).

To the extent Plaintiff meant to sue Carney individually for common law defamation, that claim must fail as well.  For one thing, Carney's alleged remark appears to be "pure opinion" protected by the First Amendment.  *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974); *Aldoupolis v. Globe Newspaper Co.*, 500 N.E.2d 794, 797 (Mass. 1986); Restatement (Second) of Torts, § 566.  Plaintiff has also failed to allege facts suggesting Carney's "negligence or deliberate falsehood" in making the remark.  *See Andresen v. Diorio*, 349 F.3d 8 (1st Cir. 2003).  However construed,

---

[5] Carney also has a strong qualified immunity defense which Plaintiff has not challenged.  It is well established that qualified immunity protects "government officials performing discretionary functions," unless (1) "plaintiff has asserted a violation of a constitutional right" and (2) "the right was clearly established at the time of the relevant conduct."  *Duca*, 941 F. Supp. at 1287 (citing *Siegert v. Gilley*, 500 U.S. 226 (1991)).  In this case, Carney was arguably performing a discretionary function in warning Garapollo about Plaintiff.  Plaintiff, however, has neither properly asserted the violation of a constitutional right nor shown that the right was clearly established.

therefore, Plaintiff's MTCA claim must be dismissed.

## IV. CONCLUSION

For the reasons stated, Defendant's motion to dismiss is ALLOWED.

IT IS SO ORDERED.

DATED: June 3, 2005

                                         /s/ Kenneth P. Neiman
                                        KENNETH P. NEIMAN
                                        U.S. Magistrate Judge